## IN THE UNTED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

MAY 27 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**JOSEPH L. WORRELL,**
**And Military Dependents.**
**Jointly and Severally,**
      **PLAINTIFFS,**      **CIVIL ACTION**
**VS.**      **CASE # 2016 - _____**

## 16-CV-80870 ZLOCH/HUNT

**EMIGRANT MORTGAGE COMPANY, INC.,**
**BECKER & POLIAKOFF, P.A.,**
**ROBIN R. WIENER, ESQ.**
**ALAN J. FISHER, PA**
      **DEFENDANTS.**

---

### *** JURY TRIAL DEMANDED ***

---

## COMPLAINT FOR DAMAGES FROM WRONGFUL FORECLOSURE, FOR VIOLATION OF THE SERVICEMEMBER CIVIL RELIEF ACT, AND FOR VIOLATION OF OTHER FEDERALLY PROTECTED RIGHTS

    Plaintiffs, Joseph L. Worrell and military dependents, bring this action against the named Defendants for violation of the Servicemembers Civil Relief Act; 50 U.S.C. § 501 et. seq., ("SCRA") as authorized at § 597(a) and elsewhere, and for violating protected rights as provided by law. Plaintiffs state as follows in support of these claims:

### I.
### INTRODUCTION

    1)    This is a story all too familiar - A Servicemember is deployed, but a bill collector at home chooses to disregard the law in black and white, enacted to protect the military. The alleged creditor illegally seizes and sells their home while they are fighting overseas… the military member returns home, homeless.

    2)    Joseph Worrell (hereafter Petty Officer WORRELL) is a reservist with over fifteen years of honorable service in the United States Naval Forces.  He

enlisted after the terrorist attacks on September 11, 2001 and is a decorated combat Navy Seabee. When WORRELL enlisted, he was building a two story 5500 square-foot home on about 5 acres of land in Palm Beach Gardens Florida. In 2008, WORRELL and his former wife divorced, he lost his business, filed bankruptcy, and was called up and sent to the Middle East in support of the global war on terror [See Composite Exhibit – A].

3) Emigrant Mortgage Company (hereafter EMIGRANT) alleges it is a *creditor*, not just a *debt servicing* entity. It contends that in June 2005, (on either June 23rd or 29th) it obtained a legitimate interest in Petty Officer WORRELL's home in exchange for a $550, 000 *residential mortgage* recorded on July 18, 2005. It furthermore claims the underlying *note* in realty was executed on June 29, 2005 – about a week *after* the *mortgage* was executed, on June 23rd.

4) Normally it is legally impossible everywhere in the United States for a *legitimate mortgage lien* to exist *before* an underlying valid promissory *note instrument*. So these admissions are sufficient, legally, to know EMIGRANT its agents and attorneys, at least in this case, are up to no good. Interestingly, these discrepancies were not adequately disclosed, nor otherwise addressed at any time *before or after recording* its defective lien, and the concealed motive for this soon becomes much clearer; *Id at* Book 18922, Page 0662, Palm Beach County Official Records.[See page 4 of alleged promissory notes].

5) Before shipping out from Florida after the divorce, Petty Officer WORRELL filed Chapter 13 bankruptcy, providing copies of his military mobilization orders, and a letter invoking his rights under the SCRA. EMIGRANT had also previously refused to reduce interest charges to 6% in accordance with federal law and, in the middle of the divorce, sought to foreclose without producing any adequate accounting or payment histories.

6) WORRELL filed bankruptcy on March 26, 2009. However EMIGRANT continued undeterred and sold the home on March 30, 2009, deliberately violating the bankruptcy stay under 11 U.S.C. §362. In fact Petty Officer WORRELL tried unsuccessfully to have that first [illegal] sale set aside, before shipping out from Florida in 2009 on Memorial Day.

7) The very next month, in June 2009, during the first month of WORRELL's one year deployment, EMIGRANT got Defendant trustee WEINER to have his bankruptcy case wrongfully dismissed in spite of receiving his payments and notice of his deployment overseas.

8) On August 31, 2009 Emigrant orchestrated a second [unlawful] foreclosure sale on WORRELL's home.

9)      And even after the bankruptcy court eventually reinstated the case due to WORRELL's deployment, Defendant Emigrant refused to cancel its unapproved *foreclosure* sales.

10)    Emigrant subsequently seized the home [*twice*], and evicted Petty Officer WORRELL and his family on Memorial Day 2013, since it was not easy to eventually find a judge willing to issue title based its post-petition bankruptcy sale from August 31, 2009 nearly 5 years later.

11)    On September 11, 2015 Emigrant then laundered title to the property through its alter ego entity called Retained Realty Inc. And while WORRELL again was away serving on active duty or otherwise protected by federal law, Emigrant obtained a $749,518.64 retaliatory "deficiency" judgment [time barred] against Petty Officer WORRELL in retaliation for him trying to invoke his SCRA rights during its prolong attempt to seize his home.

12)    EMIGRANT claims it has sold WORRELL's nearly 5500 square-foot home as a 2300 square-foot property for $419,000[1] in a "arms-length" *transaction* with a bona fide third party buyer who had no knowledge of its unresolved dispute with WORRELL over the home.

13)    These actions and pattern of conduct, demonstrates willful disregard of the SCRA and other laws intended to protect the rights of members of the U.S. Military, including their constitutional right to self-defense, even while serving on active duty protecting the country.

14)    Plaintiff Petty Officer WORRELL contends that EMIGRANT's adverse default summary judgments - based on fraud and acquired as described herein, are inherently legally invalid and VOID ab initio (not voidable), for violating federal law and lacking constitutional due process.

## II
## PARTIES, JURISDICTION AND VENUE

15)    Plaintiff Petty Officer Worrell (WORRELL) is a Seabee in the United States Naval Reserve Force, a citizen and resident of Southern Florida, which is within the regional jurisdictional boundaries of this District Court. At all times pertinent to the adverse actions and issues alleged in this Complaint, Petty Officer WORRELL was engage in military service in the United States Armed Forces, or

---

[1] This inadequate "Selling Price" comes from a 2008 Broker Price Opinion (BPO) based on 40% of the home's square footage (2300 SF) requested for Emigrant's [false] proof of claim on 12/19/08 - at the bottom of Florida's real estate "bubble". The figure is unrealistic and unrelated to the actual "Fair Market Value" of the property. It is however more evidence of a pattern of fraud and bad faith in this case.

otherwise entitled to the protections of the SCRA according to federal law, and amendments thereto.

16)    Defendants Emigrant Mortgage Company Inc. (EMIGRANT), is a corporation organized under and governed by the laws of the State of New York, and is headquartered in New York, New York.

17)    Defendants Becker & Poliakoff, P.A, (hereafter B&P) is a legal services firm with offices in Coral Gables, Florida.

18)    Defendants Robin R. Wiener, Esq., (TRUSTEE) is the federal standing Chapter 13 trustee for the Southern District of Florida, with offices in Fort Lauderdale, Florida.

19)    Defendants Alan J. Fisher, PA, (FISHER) is a legal services firm with offices in Boca Raton, Florida.

20)    This District Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the claims arise for damages, under the SCRA. The court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) since some claims herein for violation of protected rights, arise under federal statutes.

21)    Venue is proper in this district also pursuant to 28 U.S.C. § 1391(b) because Petty Officer WORRELL and his card carrying military dependents pursuant to 38 U.S.C. § 101(4), reside in this federal district, and because many of the acts and transactions forming the basis of the claims in this action occurred in this district.

## III.
## THE LAW OPERATES TO PROTECT PERSONS PERFORMING MILITARY SERVICE AGAINST ADVERSE DEFAULT JUDGMENTS

21)    In 2003 the Congress, with bipartisan support, enacted the SCRA "to provide for, strengthen, and expedite the national defense through [the] protection... of Servicemembers... [so as] to enable such persons to devote their entire energy to the defense need of the Nation... " 50 USC App. §502(1).  This goal and intended purpose of the SCRA is accomplished by providing for "suspension of judicial and administrative proceedings and transactions that may adversely affect the civil right of Servicemembers during their military service." *Id at* §502(2). The protections of the SCRA extend to, *inter alia*, members of the Army, Navy, Air Force, Marine Corps and Coast Guard while on active duty. The SCRA also protects members of the Reserves, about half our military forces, who are called to active duty under title 10; 10 U.S.C. §101(d)(6) and §12302.

22)   It cannot be overstated that in the United States, someone performing active duty service is *NOT* required to notify all their creditors that they are on active duty. Rather, the party seeking to foreclose on the property in which it *claims* an interest is charged with determining whether the defendants in its action are protected by the SCRA by virtue of any title 10 military service. *Id at* §521(b).

23)   Among the protections afforded active duty Servicemembers, the SCRA limits a lender's ability to foreclose on an active duty Servicemember's property.  For instance, "[a] sale, foreclosure, or seizure of property for a breach of an obligation" secured by a mortgage, deed of trust or other security in the nature of a mortgage "**shall not be valid** if made during, or within one year after, the period of the Servicemember's military service except "upon a court order granted *before* such sale, foreclosure, or seizure with a return made approved by the court." *Id at* §533(c)*(Emphasis added)*.

24)   In short, when it comes to active duty military personnel, the courts must be involved <u>and the judge must substantially follow the requirements of federal law for the results to stand</u>.

25)   The SCRA also provides that "any person" aggrieved by a violation of the SCRA may recover in a civil action "appropriate equitable or declaratory relief," "all other appropriate relief, including monetary damages," and the "costs of the action, including a reasonable attorney fee." *Id at* §597(a).

**IV**

**<u>FACTUAL ALLEGATIONS</u>**

**A.   EMIGRANT'S ALLEGED LIEN IS ITSELF IRREFUTABLE EVIDENCE OF FRAUD FROM INCEPTION AND THUS VOID AB INITIO BECAUSE IT IS A VIOLATION OF THE TRUTH IN LENDING ACT (TILA), AND THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

26)   Defendants EMIGRANT and its agents, needlessly instigated this fiasco, by unfairly targeting WORRELL's high equity property with predatory high costs toxic financing, to illegally strip away his available equity.

27)   The mortgage instrument and underlying note at issue in this dispute is falsely purported to be a standard *federal Uniform Residential Mortgage Instruments* with limited variations, in the form of "Riders to the Instrument". That assertion is extremely important, because the inconsistencies and admissions of the false creditor EMIGRANT are sufficient to see that they are proceeding fraudulently without clean hands; a motive which drives their *[mis]*conduct.

28)     Normally, by law it is **impossible** in the United States for a legitimate mortgage lien to *predate* or somehow come into existence *before* an underlying promissory note instrument.  Standard *federal Uniform Residential Mortgage Instruments* MUST, therefore have the same date.

29)     To be legally valid, a promissory note first, then a mortgage lien must be sequentially and simultaneously executed, witnessed and notarized at the **same point** of "Closing" to form the basis of a lawful residential mortgage contract.

30)     In this case however, Defendant EMIGRANT cannot decide precisely when a "meeting of the minds" occurred at *closing*, and if or when a binding contract ever existed between the parties; whether on June 23 or a week later, on June 29, 2005.

31)     Thus, under both state law and federal law, this constitutes an fraudulent residential mortgage claim, void ab initio, which both EMIGRANT and its agents knew, or should have known is illegal, and a criminal violation of federal law.

32)     Even so, EMIGRANT still claims it acquired a ***superior*** stake in WORRELL's property because of an [illegal] lien, purportedly *executed on June 23, 2005* by Petty Officer Worrell *AND Marcella Worrell,* his former spouse.

33)     EMIGRANT then alleges that about a week later, on June 29, 2005 WORRELL and ex-spouse Marcella Worrell, subsequently executed a Promissory Note in Emigrant's favor, but both "Borrowers" failed to sign the Note.

34)     That a *valid* mortgage *lien* **cannot** *pre-date* a promissory **note** is an indisputable fact of law. Therefore, based on Emigrant's own evidence and testimony, a valid contract never **existed** between the parties.

35)     EMIGRANT furthermore falsely alleges it is the *"owner and holder"* of the note, which is now *"lost or stolen".*

36)     EMIGRANT claims, again without any proof, that Petty Office WORRELL failed to make a $5,185.90 monthly payment in August 2007 and that a 30 day notice of default (NoD), and all other notices required by law, were mailed, delivered, received, and prosecuted, before it foreclosed about 1 month later, in October 2007.

37)     However EMIGRANT, by its affidavits and sworn statements agree and does not deny, that its charges violate the 6% interest rate cap required by the SCRA.

38)     Defendants EMIGRANT did not respond to repeated requests for a payment ledger or any adequate accounting. Instead, EMIGRANT obtained a judgment in ***summary*** state proceedings on October 20, 2008 to sell WORRELL's

home for $623,955.05 on 12/20/08 when Petty Officer WORRELL was protected by the SCRA after leaving active duty in August 2008[2].

39)    Where there is an issue of material fact, or genuine questions in dispute - as obviously exists in this case which lacks a valid contract – a judgment in summary proceedings denies the basic right to discovery and trial, which is a serious failure of constitutional due process. Any judgment which denies due process, is inherently VOID, not voidable.

40)    Plaintiff believes and contends the default summary judgments predicated on fraud acquired as described herein, are VOID ab initio, as a matter of law - for disregarding federal statutes and for lacking constitutional due process.

## B.    ROBIN WIENER AS CHAPTER 13 TRUSTEE IS DUTY BOUND AND LEGALLY REQUIRED TO VERIFY OR OPPOSE CLAIMS FILED AGAINST THE ESTATE

41)    On March 26, 2009, due to EMIGRANT's disregarded for Petty Officer WORRELL's protected rights, including those under the SCRA, WORRELL was forced to file Chapter 13 bankruptcy.

42)    At the time of filing the bankruptcy Petition WORRELL owned Real Property which was property of the bankruptcy estate, located at:

13993 Caloosa Blvd., Palm Beach Gardens, Florida 33418, and more specifically described as:

Lot 62, SECTION THREE CALOOSA 1st ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

(The "Real Property").

43)    As of the Petition Date, Petty Officer WORRELL had legal and equitable rights to the Real Property.  The Real Property was therefore property of the bankruptcy estate. Id at 11 U.S.C. § 541(a).

44)    Defendant WIENER on March 26, 2009 was *appointed* as standing Chapter 13 US trustee responsible for Petty Officer WORRELL's estate in case # 09-15332-EPK, including his home.

45)    By law a Debtor has no say or influence on who is appointed trustee. The trustee has special fiduciary duties to competently administer the estate entrusted to them, and to exercise "good business judgment" and professionalism in managing all estate property [See federal bankruptcy code].

---

[2] In August 2008 Congress increased the SCRA federally protected period after release from Military Active Duty (SCRA hiatus) from 90 days to 9 months. A year later it was increased to 12 months where it has remained since 2009 pending annual revision back to the 90 days, but it has remained 12 months.

46)     Thus, on **March 30, 2009** when Defendant Emigrant first illegally *"sold"* WORRELL's home in violation of title 11 and § 362, it is the standing trustee Defendant Wiener who truly bore legal responsibility and authority - to compel EMIGRANT to cancel its illegal sale against the estate.

47)     The bankruptcy docket shows that trustee WIENER instead had WORRELL's case wrongfully dismissed on July 1, 2009 by misrepresenting under oath that he had failed to make payment - in purposeful violation of WORRELL's rights, and despite having notice of his military deployment overseas and posting payments to the account in June 2009 [See DE # 27; Case # 09-15332].

48)     The record suggests that Defendants trustee WIENER may have lied under oath and committed perjury, in order to get the case dismissed, to permit Defendants EMIGRANT to illegally sell the home, and to avoid bankruptcy law while WORRELL was deployed overseas in August 2009. If that turns out to be the case, it should be fully investigated for fraud, conspiracy, and corruption involving a federal trustee [See evidence appendix - B].

49)     Moreover, after the case was reinstated, Defendants EMIGRANT and Defendants B&P were permitted to file false claims on 10/30/09; 11/03/09; 05/11/10; and 08/17/10. See case # 09-15332-EPK, ECF 37, 38, 39, 49, and 93.

50)     These Defendants deliberately filed false proofs of claim on BK form 10 designed to defeat the bankruptcy code by purposefully concealing important information and defects and by filing false claims on 12/19/08, 10/30/09, 05/11/10, and on 08/17/10, thereby blatantly violating 18 U.S.C. §152 & §3571.

51)     On 10/30/09 and 08/17/10, Defendants EMIGRANT and Defendants B&P filed false claims by deceptively stating under oath subject to penalty of perjury that they had attached the Note and Mortgage as evidence of a "perfected" secured interest in WORRELL's estate as required by bankruptcy Rule 3001. These fraudulent claims were filed after March 30, and **August 31, 2009** when these Defendants also contend that EMIGRANT had already repossessed WORRELL's home.

52)     On each occasion, contrary to their sworn statements, these Defendants purposefully and deceptively failed to attach and concealed defective Note and Mortgage Instruments with their executed claims, and thereby may have deliberately committed perjury and fraud; violations and criminal acts each punishable under federal law by 5 years in prison, and or $500,000 (18 U.S.C. §152 and §3571).

53)     Defendants WIENER was *appointed* Chapter 13 trustee and was duty bound to VERIFY claims presented against the estate. Instead however, under

trustee WIENER's watch Emigrant and B&P were permitted, encouraged, and aided in their fraudulent behavior described herein, and repeatedly permitted to file false claims against Petty Officer WORRELL's bankruptcy estate.

54) By failing to reasonably verify or oppose EMIGRANT's defective claims the Defendants trustee WEINER failed to perform vital duties legally required to competently manage the estate. This failure severely and adversely affected the case' final disposition, ultimately resulting in Petty Officer WORRELL losing his home.

55) Therefore, trustee WEINER's failure to perform important legally mandated duties, including an adequate review and objections to defective liens filed against Petty Officer WORRELL's bankruptcy estate in case # 09-15332, proximately contributed to, or caused, needless loss of his home based on EMIGRANT's false claims.

56) Additionally, Defendants EMIGRANT admits in federal bankruptcy claims on 12/19/08, 10/30/09, and within its state foreclosure complaint that its alleged "secured" perfective interests in Petty Officer WORRELL's home stems from mortgage dated June 23, 2005, and a note executed a week later - on June 29, 2005. (See evidence appendix).

57) That important fact by itself, is legally sufficient for a competent trustee to reject EMIGRANT's claims for fraud, even without any more investigation into the fake notes fraudulently concealed by Emigrant (Composite Exhibit - A).

58) The federal trustee is presumed to be competent. Thus trustee WIENER is presumed sufficiently competent and knowledgeable to detect an obvious fraud if EMIGRANT, or anyone else, presents evidence which admits their claims may be predicated on a mortgage and note executed a full week apart, with phony endorsements.

59) Therefore, a competent trustee would know that EMIGRANT was proceeding fraudulently against WORRELL's estate with a defective lien which should be opposed or avoided under federal bankruptcy law.

60) Defendants trustee WIENER is reasonably imputed knowledge of Defendants EMIGRANT's fraud and unperfected lien which must be avoided in Chapter 13 proceedings.

61) Defendants WIENER's failure to avoid Defendants Emigrant's fraudulent claims is evidence of incompetence, conspiracy, and failure to perform the normal legal duties of an honest trustee.

62)    Therefore, failure of Defendants trustee WIENER to fulfil ordinary duties of the standing federal trustee, directly adversely affected the outcome of his case, and reasonably contributed to, or caused, the needless loss of Petty Officer WORRELL's home; Albeit to Defendants Emigrant's fraud, together with WEINER's incompetence.

63)    According to the docket and records of case 09-15332, more than once while Petty Officer WORRELL was deployed, trustee WIENER testified under oath absent any proof, that payments were missing and requested immediate dismissal of his case, despite his SCRA protections.

64)    The sworn testimony of Defendants trustee WEINER, under penalty of perjury, occurred and precipitated the wrongful dismissal of WORRELL's case on July 1, 2009 and once again on November 19, 2010; while Petty Officer Worrell was deployed and protected by federal statute.

65)    The trustee's book-keeping evidence suggests the unsubstantiated sworn testimony of Defendant WIENER was false and grossly inaccurate, because WORRELL's payments were posted without objections by the trustee in June 2009, in the very month of WIENER's testimony and dismissals.

66)    Defendants trustee WIENER also testified, more than once, that roughly $21,900 was received in payments from WORRELL. But the objective evidence including the post dismissal trustee checks refunded to WORRELL suggests that the $21,900 figure trustee WIENER testified to, might be grossly inaccurate and less than half the actual payment amounts received and refunded.

67)    If it determined after discovery and trial, that trustee WIENER deliberately or negligently misrepresented WORRELL's payment figures and fraudulently had his case dismissed wrongfully in order to help Defendants Emigrant avoid the bankruptcy code, that issue should be fully investigated for corruption and conspiracy of a federal trustee.

68)    In November 2010 when Petty Officer WORRELL redeployed Alan J. Fisher P.A., (Defendants FISHER) conspired with Defendants WIENER to get the bankruptcy case dismissed based on misrepresented information and claiming falsely that Defendants FISHER would represent WORRELL's interests when he redeployed.  However, Defendants FISHER failed to represent the case, except to promptly facilitate WIENER's second dismissal scheme, predicated on false testimony.

69)    Defendants FISHER therefore acted negligently, complicit, and likely conspired in other respects with Defendants WIENER and is similarly accountable

in most claims on other counts related to WIENER, resulting in damages to WORRELL, although he was deployed serving on active duty protected by SCRA.

70)   Therefore, Petty Officer WORRELL is entitled to equitable relief, if it is determined after discovery and trial that the Defendants engaged in fraud like conduct, negligence, and or conspiracy as alleged in this complaint.

71)   The allegations herein, if proved true, would entitle Plaintiffs to equitable relief in this Court, and should not be defeated by a request for summary dismissal prior to discovery and trial under Rule 12(b)(6).

72)   Furthermore, if these claims are proven credible, it also reasonably raises the critically important issue of whether the law was disregarded, or if constitutional due process is lacking, and if the underlying judgement is in any way legally void, as Plaintiffs now contend.

# V

## COUNT I: VIOLATION OF SCRA, AND OTHER FEDERAL STATUTES INCLUDING 50 USC APP § 533(c), AND 11 USC § 362 AND §349

### C.   EMIGRANT AND ITS ACCOMPLICES RELIED ON DECEPTION AND FRAUD TO ILLEGALLY FORECLOSE, AND REFUSES TO OBEY THE LAW

71)   The procedural protections available to members of the Armed Forces serving on Active Duty come at a great cost - measured in American blood and lives lost since the civil war. In December 2003 former president George W. Bush signed the SCRA into law, as a wholesale revision of the Soldier and Sailor Civil Relief Act (SSCRA, 1940) - the primarily means to protect the rights of the brave men and women defending this nation.  There are several cases on the books showing how the predecessor Act (the SSCRA) accomplished (or failed to accomplish) what Congress intended. However, today's Act (the SCRA) stands as amended since the 9-11 attacks and it is fairly black and white, based on several decades of judicial interpretations.

72)   The U.S. Supreme Court has also spoken, holding consistently that the law must be read with an eye friendly to those who dropped their affairs to answer the country's call. (See Re: Le Maistre v. Leffers, 333 U.S. 1, 6 (1948)); and that the law "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." (Also see Re: Boone v. Lightner, 319 U.S. 561, 575, 63 S. Ct. 1223, 1231 (1943)).

73)    Under the law in the United States EMIGRANT – not the
Servicemember, carries the legal burden to show that a party is not entitled to
SCRA protections, before attempting to deprive them of ownership. Composite
exhibit - A is a copy of the certificate of military status required by law, evidencing
that this legal requirement was never satisfied by EMIGRANT.

74)    The evidence clearly shows that Petty Officer WORRELL was on
full-time Active Duty and federally protected from Emigrant's collections action
on August 31, 2009 when Emigrant sold his home.

75)    In the United States Federal law furthermore mandates that
EMIGRANT must provide to the court an affidavit and statement, sworn under
penalty of perjury, as evidence showing that Petty Officer WORRELL was not on
Active Duty or protected by the SCRA *before proceeding with it foreclosure sale*.

76)    However, clearly WORRELL was protected by the SCRA on August
31, 2009 when EMIGRANT wrongfully unlawfully foreclosed and sold his home
in Palm Beach Gardens, Florida; thereby violating federal law.

77)    It is undisputed in this case, therefore that on August 31, 2009, a time
when Petty Officer WORRELL was on Active Duty fighting overseas,
EMIGRANT purposefully disregarded federal law to illegally foreclose his home.

78)    Defendant EMIGRANT, its agents B&P, and the standing trustee
furthermore were on notice of Petty Officer WORRELL's Active Duty military
status and SCRA rights. However, these Defendants despite having that
knowledge, preceded purposefully, deliberately and illegally, resulting in the loss
of his home, on or about May 26, 2013.

79)    While Petty Officer WORRELL was protected under the SCRA
through his military service, and further protected under bankruptcy statute 11
U.S.C. § 362 on August 31, 2009 Defendants EMIGRANT wrongfully foreclosed
and sold his home. EMIGRANT and its agents B&P fraudulently orchestrated a
foreclosure sale, resulting in the illegal seizure, and eviction of WORRELL and his
family on or about Memorial Day 2013.  Emigrant failed to satisfy the legal
requirements of the SCRA before depriving WORRELL of his home by failing to
show that WORRELL's military status ***did not*** provide him SCRA protections, as
federal law requires.

80)    The actions of EMIGRANT, its agents, and the trustee WIENER
show intentional disregard for the law and repeated wanton violation of
WORRELL's civil protections, including title 32 U.S.C. section 505, 11 U.S.C. §
362 and § 349, as applicable which furthermore on November 19, 2010 operated as

a valid bankruptcy court order returning the bankruptcy estate to the prepetition status quo ante, which <u>must</u> effectively <u>cancel</u> EMIGRANT's ***unapproved sales.***

81)     On August 31, 2009 when the foreclosure sale occurred, Petty Officer WORRELL was deployed overseas entitled to combat duty pay, was consider to be on active duty in the United States Military and was protected under the SCRA, including 50 U.S.C. § 533(c), which renders the adverse actions inherently *void*.

82)     Because WORRELL was deployed, federal law furthermore requires pursuant to 11 U.S.C. § 362 that any adverse collection actions taken against him – such as EMIGRANT's foreclosure sale, is legally VOID and of no effect.

83)     Defendant's actions described herein, violated the SCRA and contravened the protected rights of Petty Officer WORRELL and his military dependents, which renders such adverse actions null and *void*.

84)     Petty Officer WORRELL's home and military service are protected from these adverse actions in accordance with the SCRA. *Id at* 50 U.S.C. § 516; 11 U.S.C. § 362; 15 U.S.C. §1692; 32 U.S.C. § 505b; 50 U.S.C. § 533(c) and § 303.

85)     Additionally, on March 30, 2009 Defendants EMIGRANT and its agent B&P deliberately caused the unlawful sale of Petty Officer WORRELL's, then refused to take reasonable steps to prevent additional losses to him after illegally selling his home in violation of federal bankruptcy law; *Id* 11 U.S.C. § 362.

86)     Petty Officer WORRELL was called up and received involuntary deployment orders in March 2009 pursuant to title 10 U.S.C. §101(d)(6) and §12302, hence his home was protected from foreclosure in accordance with federal law. Upon notice that Petty Officer WORRELL had received military deployment orders Defendants EMIGRANT and its agents B&P were required to immediately desist any collection actions pursuant to federal and state law;  11 U.S.C. § 362; 32 U.S.C. § 505b; 50 U.S.C. § 533(c) and § 303; 50 U.S.C. § 516.

87)     By failing to halt its collection actions pursuant to federal statue, and by actively advertising the property for sale in August 2009, after Petty Officer WORRELL was deployed, Defendant EMIGRANT and its agents B&P deliberately and willfully violated federal law and contravened WORRELL's federally protected rights; 11 U.S.C. § 362; 32 U.S.C. § 505b; 50 U.S.C. § 533(c) and § 303; 50 U.S.C. § 516.

88)     And because WORRELL in March 2009 received military deployment orders under title 10 U.S.C §12302, and provided timely notice of same to Defendants EMIGRANT and trustee WIENER, the defendants therefore were required to obey the law and respect WORRELL's federally afforded rights

and protections. However, instead these Defendants took deliberate actions to actively violate WORRELL's rights including getting his bankruptcy case wrongfully dismissed once he was deployed from Florida and unable to adequately defend himself.

89)    On August 31, 2009 while Petty Officer WORRELL was on Active Duty serving overseas Defendant EMIGRANT with its agents B&P, repeatedly illegally engaged in and continued federally prohibited debt collection actions against him in willful violation of federal law, including but not limited to 11 U.S.C. § 362 & § 349; 32 U.S.C. § 505b; 50 U.S.C. § 301 and § 202; 50 U.S.C. § 533(c) and § 303; 50 U.S.C. § 516.

90)    Defendants deliberately and purposefully violated the SCRA through their actions to foreclose on Petty Officer WORRELL's property and wrongfully sold his home by proceeding without observing the law in accordance with WORRELL's known Active Duty status, in willful violation of his protected rights. The Defendants do not dispute that they were fully aware of, but disregarded WORRELL's Active Duty military status even after being given timely notice about his military deployment.

91)    The Defendants do not dispute receiving adequate notice of Petty Officer WORRELL's 2009 deployment and his SCRA protections prior to orchestrating and conducting unlawful foreclosure sales when WORRELL was deployed, or otherwise legally protected from their debt collection actions.

92)    The sequence of events and adverse actions described herein, occurred while Petty Officer WORRELL was militarily deployed and or otherwise afforded protections under federal law, causing numerous willful violations of his federally protected rights and subjecting the defendants to punitive damages in accordance with federal and state statutes.

93)    Defendants EMIGRANT and it's attorneys have offered several frivolous baseless arguments to excuse their unlawful conduct, including false arguments claiming:

a.    That Florida courts do not have legal jurisdiction to enforce federal statutes like the SCRA.

b.    That the SCRA provides no protections for Reservist, only "full time" active duty military.

c.    That the SCRA does not apply in civil proceedings after a final judgment is entered.

d.    That the court must enter an order saying when someone on active duty is entitled to SCRA protection, before a violation can occur.

94)   By making those frivolous arguments which these Defendants knew, or should have known, are false, the Defendants further violated WORRELL's federally protected rights, and refused to reasonably prevent additional unnecessary losses to Petty Officer WORRELL.

95)   Petty Officer WORRELL never agree to relinquish his rights or interest in his home, nor did the Defendants ever seek such waiver from him pursuant to any applicable statute, including 50 U.S.C. § 517.

96)   Defendants EMIGRANT admit in its affidavit evidence that it failed to observe 50 U.S.C. § 527 requirements regarding statutory unauthorized fees and interests charges above 6% charged to WORRELL, after having notice and knowledge of his active duty service.

97)   The Defendants received adequate notice concerning their violation of federal law including SCRA before, during, and after their illegal eviction proceeding. Nonetheless, they choose to take no actions to prevent losses to Petty Officer WORRELL, resulting from their wanton and continuing violation of the law.

98)   Defendants EMIGRANT and its agents B&P deliberately acted with knowledge, forethought and malice to illegally deprive Petty Officer WORRELL of his property, his rights, and the protections provided under state and federal law. Although these Defendants knew, or should have known, no legal basis existed for their actions, they willfully and repeatedly abused the legal process and Courts in Palm Beach County to illegally deprive WORRELL of his property, his rights, and even his basic protections (See evidence of fraud exhibits).

99)   As direct and proximate result of the violations and misconduct described herein, Petty Officer WORRELL suffered damages including, but not limited to the following:

- Severe emotional and mental distress while deployed and serving overseas and coping with the unjust loss of his home;
- Unlawful invasion of privacy and malicious destruction of personal property and personal effects valued over $65, 000.
- Unlawful access and illegal possession and malicious destruction of sensitive medical and other official records.
- Uncontainable, wanton, continuing, and ongoing abuse of the Courts and legal process, to maliciously and illegally inflict harm upon Petty Officer WORRELL and his military dependents.
- Illegally targeting and victimization, and malicious retaliation, against military members during and following honorable military service.

- Loss of home and treats of homelessness, while performing military service.
- Loss of equity in excess of $850,000.
- Anxiety and severe emotional distress requiring medical treatment and hospitalization after release from military service.
- Unfair unlawful imposition of homeless upon member of US Military and dependents within 90 days or mandatory protected periods after military service.
- Unlawful displacement, and vindictive destruction of property.
- Severely adverse effects on credit, security clearances, and assignments.
- Damage to military career.
- Continuing emotional and mental distress.

## VI
## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 99 above as though fully restated herein.

101)   That as a direct and proximate result of the Defendants' fraud and wrongful acts, the Plaintiffs Petty Officer WORRELL and dependents, has sustained physical injuries and damages which include, but are not limited to:

A.   Sleeplessness.

B.   Embarrassment, mortification and humiliation, past, present and future.

C.   Hypertension.

D.   Emotional distress, mental anxiety and depression.

E.   Attorney fees and costs.

F.   Such other injuries, physical manifestation, and damages as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiffs pray for Judgment against the Defendants for whatever amount this Honorable Court deems fair and just, including consequential damages, interests, costs, actual attorney fees, and punitive damages as permitted by applicable law including the SCRA § 533(c) & §597(a); 11 USC §

362 & § 349 (c)(3); Federal Reg Z; RESPA; TILA; Fair Debt Collection Practices Act (FDCPA); 15 U.S.C. § 1692.

## VII
## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 101 above as though fully restated herein.

103)   Defendants' conduct as outlined above, was intentional, extreme, vindictive, outrageous, and evidence of anti-military animus.

104)   Defendants' conduct resulted in severe and serious emotional distress to Plaintiff and dependents, which manifested itself in symptoms, and damages, including, but not limited to:

A.   Sleeplessness.

B.   Embarrassment, mortification and humiliation, past, present and future.

C.   Hypertension.

D.   Emotional distress, mental anxiety and depression.

E.   Attorney fees and costs.

F.   Such other injuries, physical manifestation, and damages as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff prays for Judgment against the defendants for whatever amount this Honorable Court deems fair and just, including consequential damages, interests, costs, actual attorney fees and punitive damages as permitted by applicable law including the SCRA § 533(c) & §597(a); 11 USC § 362 & § 349 (c)(3); Federal Reg Z; RESPA; TILA; Fair Debt Collection Practices Act (FDCPA); 15 U.S.C. § 1692.

## VIII
## COUNT IV: FRAUD

105)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 104 above as though fully restated herein.

106)   That Defendants EMIGRANT used false, deceptive, illegal business tactics and unfairly induce Petty Officer WORRELL, as its unwitting victim to peddle EMIGRANT's unlawful predatory high cost financial products and fraudulent schemes, with purposefully built-in pitfalls.

107)   The Defendants EMIGRANT acting with forethought and malice targeted Plaintiff while engaging in unlawful business practices and toxic financial products intended to rip-off, steal, and strip equity from other unsophisticated consumers, in violation of state and federal laws.

108)   Defendants EMIGRANT engaged in strong-arm, unfair, deceptive, and illegal Interstate business tactics and practices to target and induce Petty Officer WORRELL into its unlawful "Uniform Residential loan" scheme that purposefully violates numerous state and federal laws including, TILA, RESPA, Regulation Z, and others.  The deliberate violations of federal and state laws being sufficient to render the interstate transaction Null and VOID ab initio.

109)   Defendants EMIGRANT fraudulently recorded defective claims against WORRELL's home that it knew, or should have known, failed to convey the rights deceptively claimed and purported as being conveyed.

110)   Defendants EMIGRANT fraudulently overcharged several unauthorized and illegal fees and charges including excessive interest, unfair late charges, and several others as will be disclosed during discovery and trial in this case. Defendant's actions were willful, deliberately deceptive, and illegal and violated multiple state and federal mandatory requirements, including 50 U.S.C. § 527. It is a criminal offence punishable by up to 1 years in prison and or $110, 000 for violating this section of the SCRA. *Id at* 18 USC §152 and §1519.

111)   Defendants EMIGRANT, and its agents B&P purposefully relied on fraud, deception, and abuse of the Courts and legal process, to unlawfully, egregiously and wrongfully foreclose in violation of SCRA and other important laws to unjustly deprive Petty Officer WORRELL of his property.

112)   After WORRELL filed for bankruptcy EMIGRANT and its agents B& purposefully engaged in deception and bankruptcy fraud by repeatedly filing false claims under Rule 3001.

113)   Defendants EMIGRANT and its agents B&P in 2009 and 2010 falsely claimed it is the holder and owner of a superior secured and perfected interest in WORRELL's home. These Parties knew, or should have known, the claims are false, and were also false at the time they were filed. It is a criminal offence punishable by up to 5 years in prison and or $500, 000 for each false claim filed during bankruptcy. *Id at* 18 USC §152 and §1519.

WHEREFORE, Plaintiff prays for Judgment against the defendants for whatever amount this Honorable Court deems fair and just, including consequential damages, interests, costs, actual attorney fees and punitive damages as permitted by applicable law including the SCRA SCRA § 533(c) & §597(a); 11

USC § 362 & § 349 (c)(3); Federal Reg Z; RESPA; TILA Fair Debt Collection Practices Act (FDCPA); 15 U.S.C. § 1692.

# VIIII
## COUNT V: WILLFUL VIOLATION AND DISREGARD OF US BANKRUPTCY LAWS; 11 USC APP 349(b)(3)

114)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 113 above as though fully restated herein.

115)   There is no dispute about the operation of section 349 of the bankruptcy code. This important piece of federal law describes "The effect of a dismissal" upon the estate of anyone proceeding under chapter 13 within title 11.

116)   Section 349(b)(3) of title 11 operates naturally (like a court order) to "undo" all unapproved post-petition acts, and to return all the parties to the pre-petition status quo ante.  In other words, the debtor and creditors are put exactly back to their positions at the moment the debtor filed for bankruptcy, except for where the bankruptcy court, for good cause, said otherwise. There is simply no arguing with this self-effective section of the code which operate seamlessly whenever a case is dismissed.

117)   Defendants EMIGRANT willfully disregarded federal bankruptcy law and the effect of a dismissal, in order to breathe life into its invalid and void post-petition unapproved bankruptcy sale entirely to conceal fatal defects in its claims, committing bankruptcy fraud thereby.

118)   Void means void. Therefore, genuine creditors simply do NOT waste 5 years trying to proceed fanatically on a void post-petition sale, which ultimately cannot be validated, and MUST be reset. Normally a state court has no jurisdiction to grant retroactive release from § 362 of title 11 of the federal bankruptcy code.

119)   EMIGRANT's actions are fatally flawed, void from the outset, and based on deliberately disregards and disrespect of § 349 of the bankruptcy code.

120)   Ordinarily, if there is not a phony creditor with fraudulent claims, a post-bankruptcy sale may be quickly rescheduled within about 30 days. What reasonable motive would a legitimate creditor have to refuse, for 5 years, to reset a void sale… none! Here again its pattern of bad faith is self-evident.

121)   No genuine creditor would fight for half a decade to validate a void bankruptcy sale from 5 years prior, rather than simply reschedule a new sale, within 30 days. This fact alone rightly should raise eye brows and the key question WHY?  The answer is found in EMIGRANT's fraudulent paperwork and the likelihood a military member will return home to defend against its false claims.

No genuine creditor would insist, for nearly 5 years, on relying on a clearly void post-petition unapproved bankruptcy sale.

122)   During bankruptcy, sometimes for one reason or another, a bona fide creditor could end up committing an un approved sale in violation of a section 362 stay if they had no idea a party to the lawsuit had sought bankruptcy protection. When that happens, as a sign that the violation was unintentional the creditor must without delay take every step to unwind or set aside the void sale. If the bankruptcy is later dismissed or a legitimate creditor shows sufficient documentation to obtain a relief from stay, they simply reschedule.

123)   However, a false creditor like EMIGRANT often cannot meet simple tests due to its fraudulent paperwork, limited options, and preference for an unopposed sale while a military member is deployed. Genuine creditors do not face these hurdles.

Therefore, Defendants EMIGRANT and its agents B&P purposefully and repeatedly disregards the bankruptcy laws of the United States, including 11 U.S.C.  § 349 in order to continue perpetrating and perfecting fraud and deception upon the courts, unjustly causing severe losses and damages on Petty Officer WORRELL and his dependents.

# X

# COUNT VI: BREAKING & ENTERING, ILLEGAL SEIZURE, INVASION OF PRIVACY, AND WILLFUL VIOLATION OF CONSTITUTIONAL RIGHTS

124)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 123 above as though fully restated herein.

125)   Defendants EMIGRANT and its agents B&P refused to obey a court order instructing them to NOT seize Petty Officer WORRELL's property while he was still away on active duty. Undeterred, these defendants without lawful authority on March 8, 2013 blatantly violated the court's order, illegally seizing WORRELL's property, unlawfully broke in, changed locks, and vindictively violated his and his family's privacy and constitutional rights.

126)   Under federal law these acts constitute a crime punishable by 1 year imprisonment and or a fine of $110,000 for each SCRA violation.

WHEREFORE, by committing these vindictive and blatantly illegal criminal acts against Petty Officer WORRELL and his dependents while he was away performing active duty military service and legally protected from such unlawful action. Defendants EMIGRANT and B&P therefore violated federal law,

subjecting themselves to the penalties contained therein for committing such constitutional and criminal violations against Plaintiffs.

## XI

## COUNT VII: WILLFUL VIOLATION AND DISREGARD OF RESPA AND TILA AND ACTION TO ENFORCE RESCISSION NOTICE; 15 U.S.C. §1635 & § 1641, and Reg. Z §§ 226

127)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 126 above as though fully restated herein.

128)   In the United States legitimate mortgage lenders recognize the importance of obeying laws and regulation governing their industry for the overall good and stability of their business.

129)   Clearly that is NOT the case with Defendant Emigrant and its decisions from the outset not to obey state and federal laws requiring the true identity of the real lender and the name of the end source of the funding chain that must be identified in each valid transaction. Under TILA the homeowner has a fundamental legal right to know exactly with whom they are dealing, especially when any form of renegotiation or transfer of rights may affect their property.

130)   When thing go awry and someone believes they were deceived, TILA is clear that a rescission notice **mailed** to the mortgagor shall effectively rescind and cancel any agreement(s) there had, requiring within 20 days the full refund of ALL monies paid by the homeowner, and evidence of the canceled agreements.

131)   Defendants EMIGRANT acknowledged receiving WORRELL's rescission notice, but have refused to comply with the requirements of TILA, or acknowledge cancellation of all agreements.

132)   Therefore, this lawsuit furthermore seeks to compel EMIGRANT to immediately comply with TILA and federal law governing rescission of legitimate mortgage agreements, pursuant to 15 U.S.C. §1635 & § 1641, and Reg. Z § 226.

WHEREFORE this complaint also seeks enforcement of WORRELL's rescission notice to EMIGRANT cancelling all legal and illegal contracts that may or may not have arisen between them, obtain documented proof of the rescinded transactions, and prompt return of all funds involved. There was no delay in exercising the rescission notice which was sent as soon as knowledge of the misconduct, fraud, and deception became known or was uncovered, and when these rescission rights became known.

## XII

## COUNT VIII: CONVERSION

137)   Plaintiff adopts and incorporates herein by reference paragraphs 1 through 136 above as though fully restated herein.

138)   At the time Defendants Wrongfully foreclosed on Petty Officer WORRELL's home, illegally seized his property, and evicted him and his family from the residence and converted Plaintiff's residence for their own benefit, there was significant equity in the residence which rightly belonged to Plaintiff Petty Officer WORRELL.

139)   Plaintiff, Petty Officer WORRELL, has repeatedly demanded and sought that Defendants correct the wrongful foreclosure and eviction proceedings.

140)   The Defendants, have both expressly, and by their active resistance, refused to correct their misdeeds or to compensate Plaintiffs, in any fashion for the value thereof. Rather, they have fraudulently pursued and obtained other bogus "deficiency" judgments exceeding $749, 518.64 in retaliation for Petty Officer WORRELL seeking to invoke his SCRA rights, and to inflict additional damages to punish WORRELL's opposition to the fraud.

141)   It is estimated that the value of the equity at the time of the wrongful foreclosure and eviction proceedings was in excess of $850, 000. Plaintiff's loss of enjoyment due to Defendants conversion is immeasurable.

142)   Defendant's actions describe herein constitute an unlawful conversion of Plaintiff's property, resulting in damages to Plaintiff.

143)   It is a criminal offence punishable by up to 2 years in prison and or $00, 000 for violating this section of the SCRA. *Id at* 18 U.S.C. §152 and §1519.

144)   Pursuant to Florida civil theft statute *Id at* F.S. §772.11, and pertinent state laws, Plaintiff is entitled to treble damages, costs, and attorney fees from Defendants.

WHEREFORE, Plaintiff prays for Judgments against the defendants including –

1.   A declarative judgment finding that Defendants, jointly and separately, failed to obey applicable law, and wrongfully foreclosed on Plaintiff's home.

2.   A declarative judgment finding that Defendants EMIGRANT its agents and attorneys acted fraudulently and perpetrated fraud upon the Court, and wantonly abused legal process to unjustly, deliberately, vindictively, and maliciously deprive Petty Officer WORRELL of his property, and needlessly inflict severe injury upon him and his family.

3.    A judgment declaring that Defendants are liable to Plaintiff for damages caused by their actions, or failure to act, including consequential, actual, and punitive damaged, and for all interest, costs and fees incurred because of their actions as permitted by the SCRA and other applicable laws.

# XIII
# DEMAND FOR JURY TRIAL

Petty Officer WORRELL demands a Jury Trial on all issues triable of right by a jury.

# XIV
# RELIEF SOUGHT

WHEREFORE, Petty Officer WORRELL request the court grant the following relief:

1.    That this Court enter a judgment finding this action for damages and for wrongful foreclosure is authorized under SCRA § 597a & 533c, and other federal statutes.

2.    That it grant judgment on all Counts herein in favor of Plaintiff, and declaring that Defendants EMIGRANT's alleged residential instruments against WORRELL's home fails to establish a valid note and mortgage contract which grossly violates TILA, RESPA, and pertinent laws. That it grant judgment declaring the mortgage instruments unlawful, false, and void as to establishing a legal interest or valid lien as claimed.

3.    That it grant judgment declaring that Defendants EMIGRANT and its agents B&P willfully and wrongfully foreclosed on the home of Plaintiff in violation of the SCRA and other laws including related sections of US bankruptcy code, and that the resulting sales are void.

4.    That it grant judgment in favor of Plaintiff against the trustee WIENER and Defendants FISHER for failure to fairly, competently, or professionally perform duties to Plaintiff and to the estate related to his chapter 13 case, proximately or directly causing unnecessary failure of the chapter 13 case and loss of his home, albeit to EMIGRANT's fraudulent acts.  That it grant judgment in Plaintiff's favor that these Defendants are appropriately liable jointly and severally for resulting losses and damages caused by the Defendants

upon Plaintiff, including damages from violations or disregard for Plaintiff's protected rights pursuant to SCRA.

5.    That it award Plaintiff's costs and damages including actual, compensatory, and punitive damages suffered as direct result of Defendants' actions.

6.    That it grant such other relief as the court deems proper under the circumstances.

Respectfully submitted:

Joseph L. Worrell
P O Box 30071
West Palm Beach, FL 33420
Email: joworr@yahoo.com

Dated:  May 25, 2016.

# CERTIFICATE AND AFFIDAVIT

I, JOSEPH LLEWELLYN WORRELL, **CERTIFY** and declare under penalty of perjury, that the foregoing is true and correct, and that a good faith belief exist that denial of fairness, denial of fundamental due process, and denial of federal rights also protected under title 18 USC § 242; § 245; and title 42 U.S.C. § 1983, may have occurred as direct result of the foregoing. Federal law further provides that I am allowed to file a lawsuit, to enforce my rights.

Sworn to and submitted by:

Joseph L. Worrell
P O Box 30071
West Palm Beach, FL 33420

## SWORN / WITNESSED / NOTARIZED

**STATE OF FLORIDA** )
COUNTY OF PALM BEACH ) : SS
)

Before me, the undersigned authority, personally appeared *JOSEPH L. WORRELL*, who under penalty of perjury, being duly sworn deposes and says that the foregoing affidavit is true and correct.

Sworn and subscribed to in my presence, this ***27th day of May, 2016***, by **JOSEPH LLEWELLYN WORRELL**, who took an oath administered by me, and is _____ personally known to me; or who produced a current Florida driver's license as valid identification: FL · DC _____ .

## (NOTARY SEAL)

(Notary Signature)      My commission expires _____ .

Kirron Atkinson
(Type Name of Notary)

KIRRON P. ATKINSON
NOTARY
My Comm. Expires
February 05, 2019
No. FF 196713
STATE OF FLORIDA
PUBLIC

## SERVICE LIST:

1.

Becker & Poliakoff, P.A,

121 Alhambra Plaza Suite 1000

Coral Gables, Florida 33134

2.

Robin R. Wiener, Esq.

Southern District of Florida

Post Office Box 559007

Fort Lauderdale, Florida 33355-9007

Website: www.ch13weiner.com

Standing Chapter 13 US Trustee

3.

Alan J. Fisher, PA,

7200 W. Camino Real

Suite 102

Boca Raton, FL 33433

JS 44 (Rev. 11/15) FLSD
3/16

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** JOSEPH L. WORRELL, And Military Depedents

**DEFENDANTS** EMIGRANT MORTGAGE COMPANY INC.

**(b)** County of Residence of First Listed Plaintiff PALM BEACH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*
BECKER & POLIAKOFF, P.A.

FILED BY _____ D.C.
MAY 27 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA.

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | **LABOR** | ☑ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☑ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☑ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☑ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☑ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
*(See instructions):*
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____