CASE NO: 9:16-CV-80870-WJZ

FILED BY _____ D.C.

JUN 20 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOSEPH L. WORRELL, Et. Al.
-VS-
EMIGRANT MORTGAGE COMPANY, INC.,
BECKER & POLIAKOFF, P.A.,
ROBIN R. WIENER, ESQ.,
ALAN J. FISHER, P.A.

FEDERAL CIVIL ACTION PURSUANT TO 50 USC § 597(a)
FOR CONTINUED VIOLATION OF THE SERVICE-
MEMBER CIVIL RELIEF ACT (SCRA), AND FOR
VIOLATION OF OTHER PROTECTED RIGHTS

# APPENDIX

APPENDIX TO THE COMPLAINT



### CASE NO: 9:16-CV-80870-WJZ

**JOSEPH L. WORRELL, Et. Al.**
-VS-
**EMIGRANT MORTGAGE COMPANY, INC., Et. Al.**

# <u>INDEX TO APPENDIX</u>

- ✓ Fraudulent MORTGAGE of **06/23/05**, and **false NOTES of 06/29/05 with bogus signatures on page 4; fraud on the court; Appendix-I & Exhibit-A**
- ✓ Evidence of refusal to obey SCRA and federal bankruptcy law; **Appendix-II**
- ✓ Timely Served Notice of **Military Orders** and **Certificates of Active Duty Service** filed, **and faxed** to Defendants, but IGNORED; **Appendix-III**
- ✓ Deliberate violation of federal **bankruptcy law; Rule 3001 fraud**, and **false claims filed** by Defendants; **Appendix-IV**
- ✓ JAG / ABA official statement of **SCRA violations; Appendix-V**
- ✓ SUMMARY JUDGMENTS **absent constitutional DUE PROCESS to avoid proper scrutiny of false evidence**, and **refusal to observe the law**; **Appendix-VI**
- ✓ Continued use of fraudulent recordings, and **falsely sworn land instruments** to steal real property; **Appendix-VII**

# APPENDIX - I

# Exhibit – A

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

CM/ECF LIVE - U.S. Bankru( )Court:flsb                    Page 1 of 1

*2007CH019174 XXXXMBAW*

United States Bankruptcy Court
Southern District of Florida

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 03/26/2009 at
2:00 PM and filed on 03/26/2009.

**Joseph L Lewellyn Worrell**
13993 Caloosa Blvd
Palm Beach Gardens, FL 33418
SSN / ITIN: xxx-xx-1975
*aka*
**Joey Worrell**



The bankruptcy trustee is:

**Robin R Weiner**
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355

954-382-2001

The case was assigned case number 09-15332-EPK to Judge Erik P. Kimball.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.flsb.uscourts.gov or at the Clerk's Office, , .

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Katherine Gould Feldman**
**Clerk, U.S. Bankruptcy**
**Court**

Worrell v. Emigrant Mortgage Co., Inc.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,            CASE NO.: 502007CA019114XXXXMBAW
a Florida not-for-profit corporation,

Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

Defendants.
_____/

## CERTIFICATE OF SALE

The undersigned, SHARON R. BOCK, Clerk of the Court certifies that notice of public sale of the property described in the order or final judgment was published in the DAILY BUSINESS REVIEW, a newspaper circulated in PALM BEACH COUNTY, Florida, in the Manner shown by the proof of publication ~~attached~~ and on MARCH 30, 2009 the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by EMIGRANT MORTGAGE COMPANY, INC. , to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment. SALE PRICE $100.00

WITNESS my hand and the seal of this court on MARCH 30 , 2009 .

SHARON R. BOCK, as Clerk

By _____

Deputy Clerk
MASSOMEH DANESHMAYEH

MIA_DB: 1070235_1



IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO. 07-502007CA019114XXXXMBAW

GENERAL JURISDICTION DIVISION

EMIGRANT MORTGAGE COMPANY, a Foreign for-profit corporation,

      Plaintiff,

v.

JOSEPH L. WORRELL, ET AL.,

      Defendants.

_____

## NOTICE OF FILING

Plaintiff, Emigrant Mortgage Company, by and through its undersigned counsel and files this Notice of Filing original loan documents in the above styled cause.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Regular to all parties on the attached service list this 31 day of March, 2009.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
305/262-4433 (Dade)
954/463-7920 (Broward)
305/442-2232 (Facsimile)

By _____
Steven M. Davis
Florida Bar No. 894249

644587

MIA_DB: E09475/116345:1091766_1
3/27/09 10:53 AM

LAW OFFICES
BECKER & POLIAKOFF, P.A. • Alhambra Towers • 121 Alhambra Plaza • 10th Floor • Coral Gables, FL 33134
TELEPHONE (305) 262-4433

Scanned: ☐



\* N E W   D O C \*



\* N / A \*



\* 4 8 1 6 1 7 0 \*



\* 0 0 0 8 \*



\* 2 0 0 5 0 6 2 3 \*

## RLA

Document Date :      6/23/2005

Document Type :      "RM" Res 1-4 Family Recorded Mortgage*

 

EMIGRANT MORTGAGE CO.   9147851087        Jun 22 2005   5        P.01

# ADJUSTABLE RATE NOTE
### (1 Year Treasury Index - Rate Caps)

4816170

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

June 23rd, 2005                    Palm Beach                          Florida
[Date]                                [City]                              [State]

13993 CALOOSA BOULEVARD, PALM BEACH GARDENS, FLORIDA  33418-8654
[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 550,000.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
Emigrant Mortgage Company, Inc

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   10.875   %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.   PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on   August 1st, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   July 1st, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   7 Westchester Plaza, Elmsford, New York   10523

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $   5,185.90 . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

FLORIDA ADJUSTABLE RATE NOTE - ARM 5-2 - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Fannie Mae 4-2/5-2/6-2 ARM                                                                          Form 3502.10 1/01

-822N(FL) (0008)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 4



EXHIBIT

EMIGRANT MORTGAGE CO.   Fax:19147851097          Jun 22 2005  19:16          P.02

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates
The interest rate I will pay may change on the first day of July 2008          , and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding  Six and one half          percentage points (     6.500       %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes
The interest rate I am required to pay at the first Change Date will not be greater than    12.875       % or less than    8.875     %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points (2.0%) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than     16.875   %.

### (E) Effective Date of Changes
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.   LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from

-822N(FL) 10000                          Page 2 of 6                          Form 3502.19

EMIGRANT MORTGAGE CO.    Fax:19147851087         Jun 22 2005  19:16      P.03

me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    fifteen    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.00    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

-6129(FL) (0006)                          Page 3 of 4                        Form 3802.19



EMIGRANT MORTGAGE    Fax:19147851067          Jun 22 2005    P.04

**NOTE FRAUD**

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**22. DOCUMENTARY TAX**

The Note documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

_____ (Seal)          _____ (Seal)
Joseph G. Worrell            -Borrower          Marcella M. Worrell*           -Borrower

_____ (Seal)          _____ (Seal)
                             -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                             -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                             -Borrower                                        -Borrower

[Sign Original Only]

*This Note is signed by Marcella M. Worrell solely for the purpose of securing portions of a mortgage lien held by the Note holder on the property currently owned by Joseph L. Worrell and Marcella M. Worrell to secure the loan evidenced by this Note and is not intended to create any personal obligation of Marcella M. Worrell for the amounts due under this Note.

-4229PLI 4946                        Page 4 of 4                          Form 3052.10  1/01

ENIGRANT MORTGAGE CO.   1:19147851087          Jun 22 200   3:16        P. 04

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 12. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____  06-29-05  (Seal)            _____  (Seal)
Joseph L. Worrell            -Borrower        Marcella M. Worrell*       -Borrower

_____  (Seal)                      _____  (Seal)
                 -Borrower                                       -Borrower

_____  (Seal)                      _____  (Seal)
                 -Borrower                                       -Borrower

_____  (Seal)                      _____  (Seal)
                 -Borrower                                       -Borrower

[Sign Original Only]

*This Note is signed by Marcella M. Worrell solely for the purpose of assuring perfection of a mortgage lien held by the Note holder on the property currently owned by Joseph L. Worrell and Marcella M. Worrell to secure the loan evidenced by this Note and is not intended to create any personal obligation of Marcella M. Worrell for the amounts due under this Note.

32236FLT.xxxxx                     Page 4 of 4                     Form 3502.10   10/01

EA0011

Return To:
Emigrant Mortgage Company, Inc

7 Westchester Plaza
Elmsford, New York   10523
914-785-1100

This document was prepared by:
Anissa Brown
7 Westchester Plaza
Elmsford, New York   10523
914-785-1100

------------------------------[Space Above This Line For Recording Data]------------------------------

# MORTGAGE                          4816170

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   June 23rd, 2005
together with all Riders to this document.
(B) "Borrower" is  Joseph L. Worrell and Marcella M. Worrell

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is   Emigrant Mortgage Company, Inc

Lender is a  Corporation
organized and existing under the laws of   The State of New York

FLORIDA-Single Family-Fannie Mae/Freddie Mae UNIFORM INSTRUMENT                Form 3010  1/01

-6(FL) (0005).01
Page 1 of 16                      Initials
VMP MORTGAGE FORMS - (800)521-7291

Lender's address is 7 Westchester Plaza, Elmsford, New York   10523

Lender is the mortgagee under this Security Instrument.

(D) "Note" means the promissory note signed by Borrower and dated      June 23rd, 2005      .
The Note states that Borrower owes Lender   Five Hundred Fifty Thousand and   no/100.
                                                                                        Dollars
(U.S. $    550,000.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than      July 1st, 2035                .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [X] Other(s) [specify] |
| Rider to Mortgage | Prepymt. Penalty | |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

-6(FL) (0005).01                    Page 2 of 16                         Form 3010   1/01

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in the _____ County _____ [Type of Recording Jurisdiction] of          PALM BEACH                               [Name of Recording Jurisdiction]:
See Schedule "A" attached hereto and made a part hereof.

Parcel ID Number:                                      which currently has the address of
13993 CALOOSA BOULEVARD                                                    [Street]
PALM BEACH GARDENS                          [City], Florida   33418-8654  [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

-6(FL) (0608) 01                    Page 3 of 18            Initials:            Form 3010  1/01

# APPENDIX - II

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB



TRANSMISSION VERIFICATION REPORT

TIME : 03/27/2009 08:40

| | |
|---|---|
| DATE,TIME | 03/27 08:39 |
| FAX NO./NAME | 913056422232 |
| DURATION | 00:01:10 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Worrell v. Emigrant Mortgage Co., Inc.

R. 26

## CERTIFICATION

I  HEREBY CERTIFY that a true and accurate copy of
foregoing has been served to Attorneys for Plaintiff:

Becker & Poliakoff, P.A, 121 Alhambra Plaza Suite 1000
Coral Gables, Florida 33134

Joseph L.  Worrell, Defendant(s)
13993 Caloosa Boulevard,
Palm Beach Gardens, Fl. 33418
**Phone: (561) 762-6567**
**Email: joworr@yahoo.com and Joseph.worrell@navy.mil**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Served via facsimile transmittal to (305) 442-2232

**ATTENTION, Attorney Steven M. Davis, FBN 894249**
Comments:
☒ **Please Reply by phone and email to the following
concerns of Defendant-**

1. Is Plaintiff specifically aware of provisions
   under 50 USC §§ 516 (versus "active duty"
   Servicemembers)?
2. Is Plaintiff aware of HERA 2008 temporary
   (until 2010 Dec 31) revisions to SCRA?
3. Are there any specific issues or questions
   from Plaintiff regarding Defendant's military
   orders filed in 2008 and 2009?
4. Will Plaintiff try to confirm March 30 sale,
   notwithstanding P.L. 110-289, 122 Statute 2654
   and SCRA §§ 531 and 533 prohibitions?
5. Is Plaintiff at this time willing to hear
   Defendant's main concerns?
6. ,,,
7. ,,,

                          Respectfully submitted.

**Number of pages faxed (cover sheet included)**

**Ficklin, Lawanda YN1 NOSC West Palm Beach, Administrative Officer**

| | |
|---|---|
| From: | NOSC West Palm Beach Messages |
| Sent: | Thursday, March 12, 2009 10:13 PM |
| To: | Lewis, James G LCDR NOSC West Palm Beach, 00; Ficklin, Lawanda YN1 NOSC West Palm Beach, Administrative Officer |
| Subject: | FW: BUPERS MOBILIZATION ORDER: 0719 XXX-XX-1975 |
| Signed By: | smtpproxy@lant.nrems.navy.mil |

```
*************** UNCLASSIFIED// ***************
Subject: BUPERS MOBILIZATION ORDER: 0719 XXX-XX-1975
Originator: COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE(UC)
DTG: 120046Z Mar 09
Precedence: PRIORITY
FAC: General
To: NAVOPSPTCEN WEST PALM BEACH FL(UC), PERSUPP DET JACKSONVILLE FL(UC), COMNAVREG MIDLANT
NORFOLK VA(UC), PERSUPP DET NAVSTA NORFOLK VA(UC), COMNAVELSG WILLIAMSBURG VA(UC), PERSUPP
DET LITTLE CREEK VA(UC)
Cc: CNO WASHINGTON DC(UC), COMUSFLTFORCOM NORFOLK VA, COMPACFLT PEARL HARBOR HI,
COMUSNAVCENT, COMNAVPERSCOM MILLINGTON TN(UC), COMNAVRESFOR NEW ORLEANS LA(UC),
COMNAVAIRFORES SAN DIEGO CA(UC), COMNAVRESFORCOM NEW ORLEANS LA(UC), ECRC LITTLE CREEK
VA(UC), NAVRESREDCOM SE JACKSONVILLE FL(UC), NAVRESREDCOM NORTHWEST EVERETT WA(UC),
COMNAVSPECWARGRU ELEVEN(MC), NAVIOCOM FT GEORGE G MEADE MD
-----------------------------------------------------------------

UNCLASSIFIED//
MSGID/GENADMIN/COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE//
PASS TO OFFICE CODES:
FM COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE//PERS4G//
PASS TO OFFICE CODES:
FM COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE//PERS4G//
TO NAVOPSPTCEN WEST PALM BEACH FL(UC)//N1/OSO//
PERSUPP DET JACKSONVILLE FL(UC)//JJJ//
COMNAVREG MIDLANT NORFOLK VA(UC)//N1/OSO//
PERSUPP DET NAVSTA NORFOLK VA(UC)//JJJ//
COMNAVELSG WILLIAMSBURG VA(UC)//N1/OSO//
PERSUPP DET LITTLE CREEK VA(UC)//JJJ//
INFO CNO WASHINGTON DC(UC)//N122F/N123/N312/N951/MOBCELL//
COMUSFLTFORCOM NORFOLK VA//N02R/N1/N14/N3/N34/34//
COMPACFLT PEARL HARBOR HI//N01RL1//
COMUSNAVCENT//N1/OSO//
COMNAVPERSCOM MILLINGTON TN(UC)//PERS00/PERS45/PERS4G1//
COMNAVRESFOR NEW ORLEANS LA(UC)//N02R/N1/N12/N14/N3/N34/N7/MOBCT
   R//
COMNAVAIRFORES SAN DIEGO CA(UC)//N00/N1/N2/N3/N5/N9//
COMNAVRESFORCOM NEW ORLEANS LA(UC)//N00/N1/N3/N5//
ECRC LITTLE CREEK VA(UC)//N3//
NAVRESREDCOM SE JACKSONVILLE FL(UC)//N00/N1/N3/N5//
NAVRESREDCOM NORTHWEST EVERETT WA(UC)//N00/N1/N3/N5//
COMNAVSPECWARGRU ELEVEN(MC)//JJJ//
NAVIOCOM FT GEORGE G MEADE MD//OSO//
SUBJ/BUPERS MOBILIZATION ORDER: 0719 XXX-XX-1975
RMKS/OSO1 ██████████ ACTIVE DUTY ORDERS FOR172 WORRELL JOSEPH
LLEWELLYN, USNR, XXX-XX-1975.3993 CALOOSA BLVD PALM BEACH GARDENS
FL 334180000
REF: //A// SEC 12302, TITLE 10 USC/B/ COMNAVRESFORCOM NEW ORLEANS LA
21150CZ AUG 08/C/ MOBILIZATION EVENT NBR: 2079/D/ OPNAVINST 3060.7B
/E/ CURRENT CNO N1 POLICY AND GUIDANCE FOR RECALL OFRESERVISTS UNDER
PARTIAL MOBILIZATION AUTHORITY,CNO N1 MSG DTG 272246Z MAR 01./F/
ASSISTANT SECRETARY OF DEFENSE (RESERVE AFFAIRS)MEMORANDUM DATED 16
JUNE 2004 (SUBJ: ENHANCEDHEALTHCARE BENEFITS FOR RESERVE COMPONENT
MEMBERS ANDTHEIRDEPENDENTS/G/ ASSISTANT SECRETARY OF DEFENSE
(RESERVE AFFAIRS)MEMORANDUM DATED 15 MARCH 2007 (SUBJ:
REVISEDMOBILIZATION/DEMOBILIZATION PERSONNEL AND PAYPOLICIESFOR
```

RESERVE COMPONENT MEMBERS/B/ JOINT FEDERAL TRAVEL REGULATIONS (JFTR)
/I/ SECRETARY OF THE NAVY MEMORANDUM DATED 17 JUNE 2002/G/ SECRETARY
OF THE NAVY MEMORANDUM DATED 30 JULY 2003
ITINERARY------ACTIVATION ACTIVITY------
UNDER PARTIAL MOBILIZATION AUTHORITY OF REFERENCE /A/, YOU ARE
HEREBY INVOLUNTARILY ORDERED TO REPORT FOR ACTIVE DUTY IAW
REFERENCES /B/ THROUGH /J/ FOR A PERIOD OF 400 DAYS, UNLESS
RELEASED SOONER BY THE ORDER ISSUING AUTHORITY. THE BOOTS ON GROUND
REQUIREMENT FOR THIS EVENT IS 300 DAYS IN THEATER. THE ULTIMATE
COMMAND SHALL TRACK BOG DATES AND PROVIDE PERS-4G1 WITH THE PROPER
DETACH DATE. THESE ORDERS MAY BE EXTENDED FOR A TOTAL OF UP TO 24
MONTHS BY THE ORDER ISSUING AUTHORITY, IAW REF /1/. REPORT AS
DIRECTED BELOW FOR ACTIVATION PROCESSING.
RPT NOT LATER THAN 0800 ON 22MAY09                      EDA: 22MAY09
TO: NAVO███████████ PALM BEACH ███████████          UIC: 61931NAVY
OPERATIONAL SUPPORT CENTER1227 MARINE DRIVEWEST PALM BEACH FL 33409
-6298
FOR TEMPORARY DUTY                                      ACC: 330
PERSONNEL ACCOUNTING SUPPORT: PSD JAX                   UIC: 43043---
---INTERMEDIATE NMPS ACTIVITY------
RPT NOT LATER THAN 0730 ON 26MAY09                      EDA: 26MAY09
TO: NMPS NORFOLK VA                                     UIC:
3054ANAVAL STATION NORFOLK1683 GILBERT ST. BLDG J-50NORFOLK, VA
23511
FOR TEMPORARY DUTY                                      ACC: 330
PERSONNEL ACCOUNTING SUPPORT: PSD NORVA                 UIC: 42574---
---INTERMEDIATE ACTIVITY------
REPORT ON OR ABOUT 05JUN09                              EDA: 05JUN09
TO: COMNAVELSG WILLIAMSBURG                             UIC:
81464CHEATAM ANNEX593 MAYFIELD STWILLIAMSBURG VA 23185-0000
FOR TEMPORARY DUTY                                      ACC: 330
PERSONNEL ACCOUNTING SUPPORT: PSD LCREEK                UIC: 42575---
---ULTIMATE ACTIVITY------
WHEN DIRECTED REPORT TO ULTIMATE DUTY STATION FOR DUTY.
FOR PAY AND PERSONNEL ACCOUNTING REPORT TO PERSONNEL
SUPPORT ACTIVITY DETACHMENT AS INDICATED BELOW:
REPORT ON OR ABOUT 04JUL09                              EDA: 04JUL09
TO: COMNAVELSF FORWARD                                  UIC:
84373NAVELSG FWDFPO AE 09366-0000
SPONSOR/POC: SK2 LIZA MONTGOMERY, NAVELSG, 757-256-1331ACC: 107
FOR ACTIVE DUTY                                         SPI: J
PERSONNEL ACCOUNTING SUPPORT: PSD LCREEK                UIC: 42575
BILLET INFORMATION
ORDERS ISSUED IN SUPPORT OF OPERATION ENDURING FREEDOM
CJCS PROJECT CODE: OEF
NAMED CONTINGENCY CODE: 9GF
RTN: NE-3791-0066
REF: 958
URF: 16910051127
BJMRFS:------PAY ACCOUNTING DATA------
A. FROM HOME TO ULTIMATE DUTY STATION. ACCESSION FUNDING IS TO BE
USED FOR ALL TRAVEL AND TRANSPORTATION COSTS PRIOR TO REPORTING
ABOARD ULTIMATE DUTY STATION.
LAND ACCESSION LINE OF ACCOUNTING DATA: USE IF MOVEMENT TO ULT
DUTY STATION IS WITHIN CONUS OR OVERSEAS WHEN NO TRANSOCEANIC
TRAVEL IS INVOLVED.NKE9 1791453.2250 F 068566 AV B59/1/8/5
BE9593881975
TO OR FROM OVERSEAS ACCESSION LINE OF ACCOUNTING DATA: USE IF
MOVEMENT TO ULT DUTY STATION INVOLVES TRANSOCEANIC TRAVEL. FOR
PURPOSES OF THIS CLASSIFICATION, ALASKA AND HAWAII ARE TREATED AS
OCONUS.NKE9 1791453.2250 F 068566 AV KE9/1/8/5 KE9593881975
B. PAY AND ALLOWANCES: ALL COST OF PAY AND ALLOWANCES ARE
CHARGEABLE TO MPN.1791453.2202 011 11800 068566 2D 000000091130
C. PER DIEM: OPERATIONS AND MAINTENANCE NAVY (O&MN) ACCOUNTING
DATA IS TO BE USED FOR PER DIEM CHARGES WHILE ONBOARD THE ULTIMATE
DUTY STATION IF SO ENTITLED. DO NOT USE THIS FUNDING FOR TAD AWAY
FROM ULTIMATE DUTY STATION, WHICH MUST BE FUNDED SEPARATELY VIA

2



**DEPARTMENT OF THE NAVY**
NAVY EXPEDITIONARY LOGISTICS SUPPORT
GROUP FORWARD
APO AE 09386

IN REPLY REFER TO
5822
Ser S1/737
18 Jul 09

Fifteenth Judicial Circuit Court
295 North Dixie Highway
West Palm Beach, FL 33401

Dear Honorable Judge:

My name is Jim Sills, Captain, U.S. Navy and I am the Commanding
Officer of Navy Expeditionary Support Group, Forward Julief. I
am writing on behalf of one of my sailors, Joseph L. Worrell,
Information Technician Second Class (IT2), United States Navy.

IT2 Worrel is deployed with my battalion to the Persian Gulf to
take part in the Global War On Terrorism. I am not at liberty
to disclose his departure date or location; however, he will
remain out of country prior to your scheduled hearing and will
not be re-deployed until the spring of 2010. Due to the
sensitive nature of deployment and the job he is doing while
abroad, he is materially needed to ensure mission accomplishment
and hence, will not be authorized military leave until the term
of his deployment is met. Accordingly, pursuant to the Service
Members' Civil Relief Act, 50 U.S.C. App. §§ 501-596, I
respectfully request, on behalf of IT2 Worrel, a stay of the
proceeding until he is able to appear for these proceedings upon
his return.

I am prepared to answer any questions you may have. You may
also reach my Staff Judge Advocate, Lieutenant Commander Tri
Nhan regarding the content of this letter. He can be reached at
Tri.H.Nhan@Kuwait.swa.army.mil.

J. R. Sills

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Case No. 09-15332
Debtor / Joseph L. Worrell

Chapter: 13

**PETITIONER'S SECOND LETTER AND REQUEST FOR STAY PERSUANT TO 50
USC 501 ET. SEQ. (SCRA) DUE TO MILITARY DEPLOYMENT ORDERS, AND
ACTIVE DUTY MILITARY OBLIGATIONS**

**THE UNDERSIGN HEREBY files an additional request for this honorable court to
enter a suitable STAY of proceedings in this matter as provided within applicable
federal law and sets forth facts in support of this request as follows:**

    I.      Petitioner has filed a chapter 13 case in this court as referenced by the above
cited case number.

    II.     The automatic stay governing creditors was thereafter not observed and
wilfully violated by Emigrant Bank, the primary creditor in this matter.

    III.    An adverse judgment dismissing the petition and citing petitioner's inability to
appear while on active duty, subject to federal military orders and protections
of SCRA was entered on or about 6 July 2009.

    IV.    When issued military orders for mobilization or deployment, petitioner
Service-member is require by law, to set aside personal affairs and devote all
time and effort necessary to focus on the military mission and assignment.
Therefore, to satisfy military obligations and protect the security, safety, and
wellbeing of assignment, unit and military orders, petitioner has devoted all
necessary attention to meeting his military obligation as legally required.

    V.    In additional to copies of military orders timely filed previously by petitioner,
attached hereto is a letter from petitioner commanding officer which sets forth
material effect, a time after which my military assignment is likely to end, and
my expected demobilization date. I believe and anticipate my release from
current military orders will like be about the end of April 2010. I will make
every effort to appear for any hearings required by this honorable court in this
matter as soon as possible after my release from active duty military service,
or as required by federal law.

Wherefore, petitioner respectfully seeks all available procedural stays and
protections available from this court under applicable federal and state laws of the
United States.

*EXHIBIT A*

2 0 0 0 5

Respectfully Submitted,

Joseph L. Worrell

Petitioner / Debtor / Service-member

joworr@yahoo.com

Joseph.l.Worrell@kuwait.swa.army.mil

CERTIFCATION:

I hereby further certify that legal service and notice of this filing shall be furnished to all parties of interest to this matter.

Joseph L.  Worrell

200006

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,     Honorable Circuit Judge
a Foreign Profit Corporation,       JACK H. COOK
    Plaintiffs,                     CIVIL DIVISION
v.
                              CASE NO:
JOSEPH WORRELL, et al,               50 2007 CA 019114XXXXMB
    Defendants.                      AW

NOTICE OF VIOLATION OF 50 USC § 501 ET SEQ. (SCRA);
AND MOTION FOR REHEARING URGENT PETITION FOR STAY
OR VACATION OF JUDGMENT

I.    **THE CASE AND FACTS**

    About November 2007, Plaintiff EMIGRANT MORTGAGE
COMPANY, INC., a foreign for profit corporation, filed a
Civil complaint to foreclose a mortgage it alleges
established a superior interest in defendant's homestead
property, claiming to have lost (not sold) the Note and is
unable to produce it. Defendants requested an extension of
time to answer and retain counsel due to other litigation
stemming from a crucially related divorce judgment being
appealed. About March 2008, the clerk entered a default for
the exspouse who had abandoned the home a year prior,
covertly secreting her address during and following
divorce, and failed to respond after being eventually
located and served by Plaintiff. The other Defendants filed
their answer and affirmative defenses, credibly asserting
Plaintiff had in fact suddenly and unlawfully increase
monthly payments by over 30% within the first 4 months of
closing, and refused to apply several necessary interest
rate reductions mandated in SCRA § 527, during 2005, 2006,
and 2007. **Unanswered** interrogatory discoveries and requests
to produce the original Note and SEC statement were filed
by Defendants. Then in July 2008, the main Defendant was
ordered to report for war time training at Norfolk, VA,
and filed copies of military Orders requesting a stay in
the proceeding pursuant to SCRA § 521. However, Plaintiff
moved for entry of a summary judgment, in violation of
requirements of the Act, and **without providing any
substantive response to Defendant's discovery requests.** The
Circuit court, contrary to its duties under SCRA [and Fla.
R. Civ. P. 1.530(b), 1.550(a), and others] wrongly granted

1

1 OR06029

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

Plaintiff a summary judgment on October 20, 2008 well
before the prohibited minimum 90 day period Congress
mandated in the SCRA Act. The judgment was also untimely
served mid November **after advertisement** of a December 1
sale of Defendant Servicemember's home, and in clear
violation of revised SCRA prohibitions. On July 30, 2008
Congress as part of its Housing and Economic Recovery Act
(HERA 2008) strengthened the 90 day prohibition on civil
relief stopping a foreclosure adding a 9 month
prohibition following a Servicemember's release from
military orders under § 533. In November 2008,
following unanswered motions for rehearing, an Appeal and
Petition for writ of prohibition was made by Servicemember
to stop the pending "short notice" sale and a bankruptcy
Petition filed on November 26, 2008.

Eventually, about February 2009, the bankruptcy court
granted a dismissal of the chapter 7 Petition for re-filing
under chapter 13 and during its hearing, verbally placed
attorneys for Emigrant bank on notice to observe SCRA
requirements henceforth. However, the Plaintiff promptly
requested the circuit court reschedule a foreclosure sale,
notwithstanding the SCRA violations and new HERA 2008
revisions prohibiting foreclosure within 9 months of a
Servicemember's release from military orders (see military
orders filed in 2008). The circuit court on February 24,
2009, also unduly rescheduled a sale for March 30, 2009,
without regard to its duties under SCRA and indifference to
objecting pleas of Servicemember Defendant.

In March 2009, Defendant **RECEIVED military orders to
deploy** and thus could not consummate a job with National
Laboratory. A copy of the deployment orders was also filed
with an urgent request to stay or vacate the judgment
pursuant to SCRA provisions. However, an exparte hearing
was held on Friday March 27, 2009 without notice to
Servicemember Defendant and an adverse order entered again
without regard to mandatory legal duties under the Act. An
anticipatory bankruptcy chapter 13 petition was filed to
stay the sale. This motion seeks rehearing of the urgent
motion filed to stay or vacate the judgment under 50 USC §
522 and sets forth the following facts in support thereof:

2

Worrell v. Emigrant Mortgage Co., Inc.

100030

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

## II.   SCRA REQUIREMENTS AND VIOLATIONS

On December 19, 2003, the Servicemember Civil Relief Act (SCRA 2003) was signed into law by then President George W. Bush, clarifying and replacing a longstanding federal law from WWI formerly referred to as the Soldier and Sailor Civil Relief Act (SSCRA 1940). The new Act codified many years of judicial interpretation of SSCRA and provides explicit clarity on several rights previously deemed ambiguous. Essentially though, SCRA protects active duty members of the 5 US Armed Forces and other qualified Servicemembers subject to various civil proceedings. The updated statute is codified at 50 U.S. C. Appendix Sections 501 – 593 and is fully binding in all States and political subdivisions (see 50 USC § 526). In the instant case, as a **Reservist RECEIVING orders for active duty or deployment, Section 106 title I, II, and III protections of the Act begin for the Defendant Servicemember on the date of RECEIPT of orders**, and up to 90 days in advance of reporting for military service (see 50 USC § 516).

Congress recognizes only a very tiny percentage of all citizens volunteer to serve in the Nation's military – the world's finest warriors, and has provided special benefits for those who oblige; see Boone v. Lightner 319 US 561, 575, (1943). SCRA umbrella protections **MUST be construed** very liberally by the courts with an eye most favorable and friendly to those who are obligated to drop their affairs to answer their country's call. Moreover, Congress has directly tied SCRA protections to national defense objectives. Thus, certain mandatory judicial duties are **imposed** in civil matters related to Servicemembers and their dependents, and a **written waiver** of SCRA protections must be obtained from the Servicemember, especially in civil proceeding related to mortgage, lien, repossession, foreclosure, and leases. Under SCRA, local courts may not legally enter adverse judgments against a qualified Servicemember without first meeting certain specific requirements and legal findings; including entry of a mandatory Plaintiff factual affidavit stating the military status of the Servicemember, the court's mandatory appointment of counsel to represent their interests, and or requiring Plaintiff establish a suitable bond, **WHEN** the court decides <u>not to stay civil proceedings</u>. Exparte adverse rulings as evidenced in the instant case and possible *criminal violation of SCRA may be actionable

3

Worrell v. Emigrant Mortgage Co., Inc.

100031

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

federal offences, and the record / transcript of such
proceedings is hereby requested.

In a purely practical sense when ordered to military
service, reservists in receipt of orders are expected to
devote their entire energy, setting aside personal affairs
and transform to citizen warriors with long term worldwide
assignability in the common defense. To successfully come
up to speed and join active duty Servicemembers, reservist
are prescreened, briefed, placed under the Uniform Code of
Military Justice (UCMJ), and required to meet numerous
essential dynamic administrative, medical, physical, and
specific training requirements prior to reporting to duty
on a given date. Physical and medical military readiness,
focus on the intended mission, and long term legal
arrangements for self and all dependents, including updated
insurance, Will, and family care plans must be done and
filed well in advance of reporting for duty or pay(hence
particular provisions of 50 USC § 516). It is presumed that
protections under SCRA and other pertinent laws are being
employed so the Servicemember can meet their military
obligations, as the law provides. However, issues bearing
directly on this case and the resulting bankruptcy filings
have seriously daunted, encumbered, and prevented
Servicemember's ability to focus entire energy on military
obligations, as required.

Wherefore the court, pursuant to 50 U.S. C. App. Sec.
501 - 593, should be cognizant of legal duty, *criminal
penalty, and strong federal mandate to protect Defendant
Servicemembers from exparte adverse judgments that violate
special federal rights, including those clearly stated in
50 USC app Sections 522, 524, 531, *533, and 591. It is
again affirmed that the undersigned is entitled to civil
protections under SCRA, and has WAIVERED no rights under
the Act since RECEIPT and initial filing of military orders
to report for service according to 50 USC § 516, and other
pertinent sections of 50 U.S.C. § 501 et. Seq.
(All military orders previously filed).


*[The Act, particularly Section 303, allows for
consequential and punitive relief damages, as well as
criminal penalties under 18 US Code, and DOJ enforcement
against offenders]

4

Worrell v. Emigrant Mortgage Co., Inc.

1 0.0903 2

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

## CERTIFICATION

I  HEREBY CERTIFY that a true and accurate copy of
foregoing has been served to Attorneys for Plaintiff:

Becker & Poliakoff, P.A, 121 Alhambra Plaza Suite 1000
Coral Gables, Florida 33134

Joseph L.  Worrell, Defendant(s)
13993 Caloosa Boulevard,
Palm Beach Gardens, Fl. 33418

5

10R07033

OCC Bulletin 2008-30                                             Page 1 of 5

                                        OCC 2008-30
## OCC BULLETIN

Comptroller of the Currency
Administrator of National Banks

---

Subject: **Servicemembers Civil Relief Act**    Description: **Legal Requirements**

Date: October 24, 2008

**TO:** Chief Executive Officers and Compliance Officers of All National Banks, Department and Division Heads, and All Examining Personnel

### Background

The Servicemembers Civil Relief Act (SCRA) (codified at 50 USC App. 501 *et seq.*) seeks to strengthen the national defense by providing, among other things, for interest rate adjustments on certain debts and for temporary suspension of legal proceedings that may adversely affect the rights of servicemembers during their military service. Section 2203 of the Housing and Economic Recovery Act of 2008 (HERA), Pub. L. 110-289, 122 Stat. 2654 (2008), revised certain provisions of the SCRA. The revisions provide additional protections to servicemembers by extending the period during which a creditor may not charge interest in excess of six percent per year in connection with obligations and liabilities consisting of a mortgage, trust deed, or other security in the nature of a mortgage. The revisions also extend the periods during which a creditor is restricted from enforcing, or foreclosing upon, such credit obligations on real or personal property owned by a servicemember. The revisions became effective upon enactment on July 30, 2008.

This bulletin provides general information about the provisions of the SCRA that are most likely to affect national banks, including the recent revisions to SCRA. This guidance supersedes OCC Advisory Letter 2004-8 (Servicemembers Civil Relief Act), June 18, 2004.

### Rate of Interest

The SCRA requires creditors to forgive (not merely defer) interest in excess of six percent per year on any obligation or liability, such as debts (including credit card and other open-end debts), incurred by a servicemember *before* the servicemember entered military service. The SCRA requires that the reduced interest rate must continue throughout the period of military service. In the case of credit obligations secured by a mortgage, trust deed, or other security in the nature of a mortgage, the SCRA, as amended by HERA, provides that the reduced interest rate will apply during the period of military service and one year thereafter.

Worrell v. Emigrant Mortgage Co., Inc.                                          R. 72

**100034**

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

OCC Bulletin 2008-30                                 Page 2 of 5

Thus. a servicemember is entitled to have the interest rate on any debt outstanding as of the date of entry into military service reduced to six percent. This rate stays in effect throughout the term of service and, in the case of an obligation secured by a mortgage, trust deed, or other security in the nature of a mortgage, until one year after the end of such service.

The SCRA's interest rate limitation also applies to debts jointly incurred by the servicemember and the servicemember's spouse that were entered into prior to the servicemember's military service. The SCRA defines "interest" to include "service charges, renewal charges, fees, or any other charges (except bona fide insurance)" related to the debt. To prevent the acceleration of principal repayment, the SCRA also provides that creditors must reduce any periodic payments due under the debt to reflect the amount of forgiven interest.

The SCRA provides that the servicemember must give the creditor written notice and a copy of the servicemember's military orders to receive the interest rate reduction. The notice must be provided to the creditor no later than 180 days after the servicemember's termination or release from military service, and the creditor must then apply the interest rate reduction effective as of the date the servicemember was called to military service.

When a servicemember provides notice after commencement of service, but within the time period described above, the creditor also must account for any interest payments that have been made in excess of the six percent rate during the period in which the reduced rate applies. Any such excess payments should be provided to the servicemember as a refund, applied toward future monthly payments, or applied toward principal curtailment. If feasible, the servicemember should be given an opportunity to direct how such funds should be applied.

The reduced interest rate provision applies unless a court finds that the ability of the servicemember to pay interest on the debt at a higher rate is not materially affected by the servicemember's military service. In such cases, the court may grant a creditor relief from the interest rate limitations of the SCRA. The SCRA does not provide a mechanism outside of a petition by the creditor to an appropriate court for such relief.

 **Mortgages and Trust Deeds** 

The SCRA contains special rules regarding debts secured by a mortgage, trust deed, or other security in the nature of a mortgage on real or personal property owned by a servicemember. As revised by HERA, the SCRA prohibits, with limited exceptions, the sale, foreclosure, or seizure of property, based on a breach of such a secured obligation, during the period of the servicemember's military service, or within nine months after the end of the period of military service. A related provision applies to any legal action to enforce such an obligation. A court may, after a hearing and on its own motion, and shall, upon application by a servicemember whose ability to comply with the obligation is materially affected by military service, stay the proceedings or adjust the obligation to preserve the interests of all parties. In such cases, the SCRA, as amended by HERA, permits such action during the period of military service or within nine months after the end of service. These provisions apply only to obligations that originated prior to the servicemember's military service, and for which the servicemember is still obligated.

Worrell v. Emigrant Mortgage Co., Inc.

# APPENDIX - III

CM/ECF LIVE - U.S. Bankru⌒ Court:flsb                                    Page 1 of 1

*2007CH01974 xxxxMBauc*

**United States Bankruptcy Court**
**Southern District of Florida**

### Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 03/26/2009 at
2:00 PM and filed on 03/26/2009.

**Joseph LLewellyn Worrell**
13993 Caloosa Blvd
Palm Beach Gardens, FL 33418
SSN / ITIN: xxx-xx-1975
*aka*
**Joey Worrell**

The bankruptcy trustee is:

Robin R Weiner
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355

954-382-2001

The case was assigned case number 09-15332-EPK to Judge Erik P. Kimball.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.flsb.uscourts.gov or at the Clerk's Office, , .

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Katherine Gould Feldman
Clerk, U.S. Bankruptcy
Court

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,            CASE NO.: 502007CA019114XXXXMBAW
a Florida not-for-profit corporation,
    Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

    Defendants.
_____/

## CERTIFICATE OF SALE

    The undersigned, SHARON R. BOCK, Clerk of the Court certifies that notice of public sale of the property described in the order or final judgment was published in the DAILY BUSINESS REVIEW, a newspaper circulated in PALM BEACH COUNTY, Florida, in the Manner shown by the proof of publication ~~attached~~ and on MARCH 30, 2009 _____ the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by EMIGRANT MORTGAGE COMPANY, INC. _____, to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment.     SALE PRICE $100.00

WITNESS my hand and the seal of this court on MARCH 30 _____, 2009.

    SHARON R. BOCK, as Clerk

    By _____

    Deputy Clerk
    MASSOMEH DANESHMAYEH

MIA_DB: 1070235_1

*FORECLOSURE FRAUD* (handwritten)

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA *PALM* (handwritten)

CASE NO. 07-502007CA019114XXXXMBA W

GENERAL JURISDICTION DIVISION

EMIGRANT MORTGAGE COMPANY, a Foreign for-profit corporation,

    Plaintiff,

v.

JOSEPH L. WORRELL, ET AL.,

    Defendants.

_____/

## NOTICE OF FILING

    Plaintiff, Emigrant Mortgage Company, by and through its undersigned counsel and files this Notice of Filing original loan documents in the above styled cause.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Regular to all parties on the attached service list this 31 day of March, 2009.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
305/262-4433 (Dade)
954/463-7920 (Broward)
305/442-2232 (Facsimile)

By _____
Steven M. Davis
Florida Bar No. 894249

644587 (handwritten)

MIA-DB: E09675/116345:1091766_1
3/27/09 10:33 AM

OPERATING ACCOUNT Case 08-28176-PGH   Doc 17-3   Filed 12/19/08   Page 36 of 123 DAYS

**Becker & Poliakoff, P.A.**
3111 Stirling Road
Fort Lauderdale, FL 33312

**Bank of America**

November 19, 2008

**172650**

CLERK OF COURT

PAY
TO THE
ORDER OF:

$70.70************

Pay:   Seventy and 70/100*********************************************************************************************************

Becker & Poliakoff, P.A.

⑈172650⑈ ⑆063000047⑆ 001595278148⑈

---

**Becker & Poliakoff, P.A.**

| Payee: | CLERK OF COURT | | Check #: | 172650 |
|--------|----------------|--|----------|--------|
| Vendor ID: | C5750 | | Check Date: | Nov 19/08 |

| Invoice Num | Invoice Date | Reference | Payment Amt |
|-------------|-------------|-----------|-------------|
| 116345WORRELL | Nov 19/08 | EMIGRANT V. WORRELL - CLERK'S FORECLOSURE FEES - E09475/116345 | $70.70 |
| | | Totals: | $70.70 |

rkrgang

**Foreclosure Receipt**



**Sharon R. Bock,**
**Clerk and Comptroller**

Date
| 30-Mar-2009 |

| 07 CA 19114 AW | Received From
PLT ATTY | Amount of Bid
$100.00 |

Doc Stamps

| $70.00 | | $0.70 |

Amount Due          Amount Paid
| $70.70 | | $70.70 |

Cash Amount          Check Amount                    CHECK NUMBER
| | | $70.70 | | | 13119, 13118 |

Balance Due
| $0.70 |

**NOTES**
| ROOM 3.2300 |



**DEPARTMENT OF THE NAVY**
NAVY EXPEDITIONARY LOGISTICS SUPPORT
GROUP FORWARD
APO AE 09386

IN REPLY REFER TO
5822
Ser S1/737
18 Jul 09

Fifteenth Judicial Circuit Court
295 North Dixie Highway
West Palm Beach, FL 33401

Dear Honorable Judge:

My name is Jim Sills, Captain, U.S. Navy and I am the Commanding
Officer of Navy Expeditionary Support Group, Forward Julia. I
am writing on behalf of one of my sailors, Joseph L. Worrell,
Information Technician Second Class (IT2), United States Navy.

IT2 Worrel is deployed with my battalion to the Persian Gulf to
take part in the Global War On Terrorism. I am not at liberty
to disclose his departure date or location; however, he will
remain out of country prior to your scheduled hearing and will
not be re-deployed until the spring of 2010. Due to the
sensitive nature of deployment and the job he is doing while
abroad, he is materially needed to ensure mission accomplishment
and hence, will not be authorized military leave until the term
of his deployment is met. Accordingly, pursuant to the Service
Members' Civil Relief Act, 50 U.S.C. App. §§ 501-596, I
respectfully request, on behalf of IT2 Worrel, a stay of the
proceeding until he is able to appear for these proceedings upon
his return.

I am prepared to answer any questions you may have. You may
also reach my Staff Judge Advocate, Lieutenant Commander Tri
Nhan regarding the content of this letter. He can be reached at
Tri.H.Nhan@Kuwait.swa.army.mil.

J. R. Sills

Department of Defense Manpower Data Center

Results as of : Jun-24-2015 02:53:59 PM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>WORRELL</u>

First Name: <u>JOSEPH</u>

Middle Name: <u>L</u>

Active Duty Status As Of: <u>Aug-31-2009</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| May-22-2009 | Apr-16-2010 | Yes | Navy Reserve |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY,                          CASE NO.  (
a Foreign for-profit corporation,                   502007CA019114XXXXMBA

            Plaintiff,                  GENERAL JURISDICTION DIVISI(

v.

JOSEPH L. WORRELL, ET AL.,

            Defendants.
_____/

## MOTION TO RESCHEDULE FORECLOSURE SALE

Emigrant Mortgage Company, Inc. by and through its undersigned counsel

files this Motion to Reschedule its foreclosure sale and states as follows:

    1.      On October 20th, 2008 this Court entered a Final Judgment and

scheduled a sale date for December 1st, 2008.

    2.      Plaintiff's sale was cancelled because the Defendant filed f

Bankruptcy Protection Under Case No. 08-28176-BKC-PGH.

    3.      The Bankruptcy has since been dismissed. Attached is a copy of a

Order Dismissing the Bankruptcy as Exhibit A.

    WHEREFORE, Plaintiff, Emigrant Mortgage Company, Inc. by and throug

2 0 0 0 0 1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing h

been furnished via Regular U.S. Mail to Joseph L. Worrell, Ruth A. Rudder, a

Edwin L. Worrell, 13993 Caloosa Blvd., Palm Beach Gardens, FL 33418, Marcel

Worrell, 5470 SE 22nd Place, Ocala, FL 34480, Marie Campbell, Esq., FLORID

DEFAULT LAW GROUP, P.L., Attorneys for Navy Federal Credit Union, P.

Box 25018, Tampa, FL 33622-5018 on this 27 day of July, 2009.

Becker & Poliakoff, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433
(305) 442-2232 Fax

By: _____
Steven M. Davis
Florida Bar # 894249

ACTIVE: E09475/116345:2649615_1



**DEPARTMENT OF THE NAVY**
NAVY EXPEDITIONARY LOGISTICS SUPPORT
GROUP FORWARD
APO AE 09366

IN REPLY REFER TO
5822
Ser S1/735
18 Jul 09

US Bankruptcy Court
Flagler Waterview Bldg.
1515 North Flager Drive, 8th Floor
West Palm Beach, FL 33401

Dear Honorable Judge:

My name is Jim Sills, Captain, U.S. Navy and I am the Commanding Officer of Navy Expeditionary Support Group, Forward Juliet. I am writing on behalf of one of my sailors, Joseph E. Worrel, Information Technician Second Class (IT2), United States Navy

IT2 Worrel is deployed with my battalion to the Persian Gulf to take part in the Global War On Terrorism. I am not at liberty to disclose his departure date or location; however, he will remain out of country prior to your scheduled hearing and will not be re-deployed until the spring of 2010. Due to the sensitive nature of deployment and the job he is doing while abroad, he is materially needed to ensure mission accomplishment and hence, will not be authorized military leave until the term of his deployment is met. Accordingly, pursuant to the Service Members' Civil Relief Act, 50 U.S.C. App. §§ 501-597. I respectfully request, on behalf of IT2 Worrel, a stay of the proceeding until he is able to appear for these proceedings upon his return.

I am prepared to answer any questions you may have. You may also reach my Staff Judge Advocate, Lieutenant Commander Tri Nhan regarding the content of this letter. He can be reached at Tri.H.Nhan@Kuwait.swa.army.mil.

J. R. Sills

*EXHIBIT B*

Department of Defense Manpower Data Center

Results as of : Jun-24-2015 02:53:59 PM

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: WORRELL
First Name: JOSEPH
Middle Name: L
Active Duty Status As Of: Aug-31-2009

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| May-22-2009 | Apr-16-2010 | Yes | Navy Reserve |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

*THE SALE IS VOID*

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

EMIGRANT MORTGAGE COMPANY, INC.,
a Foreign Profit Corporation
                Plaintiff,

                                CASE NO. 502007CA019114AW

vs.

JOSEPH L. WORRELL, et al,
                Defendants.

### DEFENDANT'S MOTION TO SET ASIDE FORECLOSURE SALE AND MOTION FOR STAY OF PROCEEDINGS.

      COMES NOW the Defendant by and through the undersigned attorney and files this Motion to Set Aside the Foreclosure Sale and Motion for Stay of Proceedings, and states and allege as follows:

      (1)    A Foreclosure Judgment was entered against Defendant's primary residence on 10/20/2008.

      (2)    A chapter 13 voluntary petition was filed on 03/26/2009.

      (3)    The Bankruptcy Court entered an Order dismissing the chapter 13 case on 07/01/2009.

      (4)    The Defendant's residence was sold at public auction on 08/31/2009.

      (5)    The Bankruptcy Court entered an Order reinstating the case 09/01/2009. See order attached as Exhibit A.

      (6)    A suggestion of bankruptcy was filed with this court on 09/02/2009. See Exhibit B.

      (7)    When the certificate of title is filed the sale shall stand confirmed, and title to the property shall pass to the purchaser named in the certificate without the necessity of any further proceedings or instruments. See F.S. 45.031(6)

      (8)    The certificate of title has not been filed.

      (9)    Title therefore remains with the Defendant and is a part of the bankruptcy estate.

      (10)    This Court does not have authority to sell property of the bankruptcy estate, which renders the foreclosure sale void.



*IMPORTANT*

*A LEGAL FACT → UNDER U.S. CONST.*

(11)     The bankruptcy code provides that the automatic stay of an act against property of
the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1).

(12)     The automatic stay is therefore in effect and this Court is therefore enjoined from
taking any further action in this matter.

WHEREFORE, the Defendant moves to set aside the foreclosure sale and for a stay of
proceedings.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail
this 2nd day of September, 2009 upon:

Emigrant Mortgage Company, Inc.
c/o Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134

Marie Campbell, Esq.
Florida Default Law Group, PL
Attorneys for Navy Federal Credit Union
P.O. Box 25018
Tampa, FL 33622-5018

Nelson A. Hunter, Esq.
Florida Bar No. 0674801
P.O. Box 213368
Royal Palm Beach, FL 33421
Tel. (561) 909-7622
Fax: (561) 793-1492
Attorney for JOSEPH L. WORRELL

Case 09-15332-EPK   Doc 33   Filed 09/01/09   Page 1 of 3



**ORDERED in the Southern District of Florida on September 01, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

                                           **CASE NO.: 09-15332-EPK**

**JOSEPH LLEWELLYN WORRELL**          **Chapter 13**
**aka JOEY WORRELL,**

       Debtor.

_____/

**ORDER GRANTING DEBTOR'S MOTION TO REINSTATE**
**CHAPTER 13 CASE AND MOTION FOR STAY OF PROCEEDINGS**

    THIS MATTER came before the Court for hearing on August 27, 2009 upon the *Motion to Reinstate Chapter 13 Case and Motion for Stay of Proceedings* (the "Motion") [DE 30] filed by Joseph Llewellyn Worrell, aka Joey Worrell (the "Debtor").

    The Debtor requests a stay of all proceedings in the above-captioned bankruptcy case pursuant to the Servicemembers Civil Relief Act (the "SCRA"). 50 U.S.C. app. §§ 522(b) and (d). The SCRA mandates a stay of any civil action in which a party is in military service or is

1

*EXHIBIT A*

Case 09-15332-EPK   Doc 33   Filed 09/01/09   Page 2 of 3

within 90 days after termination of or release from military service, so long as the servicemember provides the court with the two documents enumerated in the statute. 50 U.S.C. app. §§ 522(a). 522(b)(2). The purposes of the SCRA are "(1) to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502.

For the reasons stated on the record. and with the Court being otherwise fully advised in premises. it is ORDERED AND ADJUDGED as follows:

1)    The Motion [DE 30] is GRANTED.

2)    This Court's *Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and for Failure to Appear at the Section 341 Meeting of Creditors* [DE 28] is VACATED and this case is REINSTATED.

3)    Pursuant to 50 U.S.C. app. §§ 522(b) and (d), the above-styled bankruptcy case, and all proceedings therein. are STAYED until **April 30, 2010.**

4)    The Debtor shall inform the Court if he returns from his deployment before April 30, 2010.

5)    Objections to this Order may be filed with the Court within ten (10) days of the date of entry of this Order. at which time the Court shall set a hearing on said objection(s).



### ###

Copies Furnished To:

2

Joseph LLewellyn Worrell
13993 Caloosa Blvd
Palm Beach Gardens. FL 33418

Nelson A Hunter, Esq.
POB 213368
Royal Palm Beach, FL 33421

Robin P. Wei~~~~~
POB 550007
Fort Lauderdale. FL 33355

AUST

*Nelson A. Hunter, Esq, shall serve a conformed copy of this order on all interested parties and
file a Certificate of Service of the same.*

3

ShowOrders                                                         Page 1 of 9

ORIGINAL

PAAUZYUW RUCCBWF0001 0710046-UUUU--RHMCSUU.
ZNR UUUUU
P 120046Z MAR 09 ZYB
FM COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE
     //PERS4G//
TO NAVOPSPTCEN WEST PALM BEACH FL//N1/OSO//
PERSUPP DET JACKSONVILLE FL//JJJ//
COMNAVREG MIDLANT NORFOLK VA//N1/OSO//
PERSUPP DET NAVSTA NORFOLK VA//JJJ//
COMNAVELSG WILLIAMSBURG VA//N1/OSO//
PERSUPP DET LITTLE CREEK VA//JJJ//
INFO CNO WASHINGTON DC//N122F/N123/N312/N951/MOBCELL//
COMUSFLTFORCOM NORFOLK VA//N02R/N1/N14/N3/N34//34//
COMPACFLT PEARL HARBOR HI//N01RL1//
COMUSNAVCENT//N1/OSO//
COMNAVPERSCOM MILLINGTON TN//PERS02/PERS45/PERS4G1//
COMNAVRESFOR NEW ORLEANS LA//N02R/N1/N12/N14/N3/N34/N7/MOBCTR//
COMNAVAIRFORES SAN DIEGO CA//N00/N1/N2/N3/N5/N9//
COMNAVRESFORCOM NEW ORLEANS LA//N00/N1/N3/N5//
ECRC LITTLE CREEK VA//N3//
NAVRESREDCOM SE JACKSONVILLE FL//N00/N1/N3/N5//
NAVRESREDCOM NORTHWEST EVERETT WA//N00/N1/N3/N5//
COMNAVSPECWARGRU ELEVEN//JJJ//
NAVIOCOM FT GEORGE G MEADE MD//OSO//
BT
UNCLAS
MSGID/GENADMIN/COMNAVPERSCOM MILLINGTON TN RESERVE ORDERS ONE//
SUBJ/BUPERS MOBILIZATION ORDER: 0719 XXX-XX-1975
RMKS/

OFFICIAL RECALL TO ACTIVE DUTY ORDERS FOR
LT MCNEILL JOSEPH LLEWELLYN, USNR, XXX-XX-1975
13993 CALOOSA BLVD
PALM BEACH GARDENS FL  334180000

REF:   (A) SEC 12302, TITLE 10 USC
       (B) COMNAVRESFORCOM NEW ORLEANS LA 211500Z AUG 08
       (C) MOBILIZATION EVENT NBR: 2079
       (D) OPNAVINST 3060.7B
       (E) CURRENT CNO N1 POLICY AND GUIDANCE FOR RECALL OF
           RESERVISTS UNDER PARTIAL MOBILIZATION AUTHORITY,
           CNO N1 MSG DTG 272246Z MAR 02.
       (F) ASSISTANT SECRETARY OF DEFENSE (RESERVE AFFAIRS)
           MEMORANDUM DATED 16 JUNE 2004 (SUBJ: ENHANCED HEALTH
           CARE BENEFITS FOR RESERVE COMPONENT MEMBERS AND THEIR
           DEPENDENTS
       (G) ASSISTANT SECRETARY OF DEFENSE (RESERVE AFFAIRS)
           MEMORANDUM DATED 15 MARCH 2007 (SUBJ: REVISED
           MOBILIZATION/DEMOBILIZATION PERSONNEL AND PAY POLICIES
           FOR RESERVE COMPONENT MEMBERS
       (H) JOINT FEDERAL TRAVEL REGULATIONS (JFTR)

NOSC WEST PALM BEACH FL
REPORTED: 0000  21 May 09
DEPARTED: 1600  21 May 09
NO GOVT BERTHING/MESSING AVAILABLE
YN1(SW) FICKLIN, USNR(FTS)       401(SW)

NMPS NORFOLK VA
Reported date  26 MAY 09
Departed date _____

ORIGINAL

Department of Defense Manpower Data Center

Results as of : Jun-24-2015 02:53:59 PM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>WORRELL</u>
First Name: <u>JOSEPH</u>
Middle Name: <u>L</u>
Active Duty Status As Of: <u>Aug-31-2009</u>



| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| May-22-2009 | Apr-15-2010 | Yes | Navy Reserve |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350



The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: K2V2EA83S0EFJ50

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,
a Florida not-for-profit corporation,
     Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

     Defendants.

CASE NO.: 502007CA019114XXXXMBAW



### CERTIFICATE OF SALE

The undersigned, SHARON R. BOCK, Clerk of the Court certifies that notice of public sale of the property described in the order or final judgment was published in the DAILY BUSINESS REVIEW, a newspaper circulated in PALM BEACH COUNTY, Florida, in the Manner shown by the proof of publication attached and on AUGUST 31 2009, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by EMIGRANT MORTGAGE COMPANY, to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment. **BID AMOUNT $100.00**

WITNESS my hand and the seal of this court on AUGUST 31 2009

SHARON R. BOCK, as Clerk

By _____
Deputy Clerk     LATOYA REESE

MIA_DB: 1070235_1

LAW OFFICES
Becker & Poliakoff, P.A. - Alhambra Towers - 121 Alhambra Plaza, 10th Floor - Coral Gables, FL 33134
TELEPHONE (305) 262-4433

Worrell v. Emigrant Mortgage Co., Inc.     R. 80

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,          CASE NO.: 502007CA019114XXXXMBAW
a Florida not-for-profit corporation,
          Plaintiff,

v.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A RUDDER, EDWIN
L. WORRELL, NAVY FEDERAL CREDIT
UNION, JOHN DOE, and JANE DOE,

          Defendants.
_____/

## CERTIFICATE OF SALE

The undersigned, SHARON R. BOCK, Clerk of the Court certifies that notice of public sale of the property described in the order or final judgment was published in the DAILY BUSINESS REVIEW, a newspaper circulated in PALM BEACH COUNTY, Florida, in the Manner shown by the proof of publication ~~attached~~ and on MARCH 30, 2009 the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property was submitted by EMIGRANT MORTGAGE COMPANY, INC., to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment.   SALE PRICE $100.00

WITNESS my hand and the seal of this court on MARCH 30 2009

SHARON R. BOCK, as Clerk

By _____

Deputy Clerk
MASSOMEH DANESHMAYEH

MIA_DB: 1070235_1

MORE FORECLOSURE FRAUD

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO. 07-502007CA019114XXXXMBAW

GENERAL JURISDICTION DIVISION

EMIGRANT MORTGAGE COMPANY, a Foreign for-profit corporation,

    Plaintiff,

v.

JOSEPH L. WORRELL, ET AL.,

    Defendants.

## NOTICE OF FILING

    Plaintiff, Emigrant Mortgage Company, by and through its undersigned counsel and files this Notice of Filing original loan documents in the above styled cause.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Regular to all parties on the attached service list this 31 day of March, 2009.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
305/262-4433 (Dade)
954/463-7920 (Broward)
305/442-2232 (Facsimile)

By _____ for
    Steven M. Davis    644587
    Florida Bar No. 894249

MIA_DB: E09475/116345:1091766_1

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION

EMIGRANT MORTGAGE COMPANY, INC.,
a Foreign Profit Corporation
                Plaintiff,
                          CASE NO. 502007CA019114AW

vs.

JOSEPH L. WORRELL, et al,
                Defendants.

SUGGESTION OF BANKRUPTCY

COMES NOW the Defendant, JOSEPH L. WORRELL, through the undersigned attorney, and
would show the Court:

1.     He has filed a petition for relief under Title 11, United States Code, in the United
        States Bankruptcy Court for the    Southern District of Florida   , which bears the
        case number 09-15332-EPK.

2.     The case was filed as a chapter 13 voluntary petition on 03/26/2009.

3.     The Bankruptcy Court entered an Order dismissing the case on 07/01/2009.

4.     The Defendant's residence that is the subject of this foreclosure action was sold at
        public auction on 08/31/2009.

5.     The Bankruptcy Court entered an Order reinstating the case 09/01/2009. See order
        attached as Exhibit A.

WHEREFORE, the defendant suggests that this action has been stayed by the operation of 11
U.S.C. § 362.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail this 2nd
day of September, 2009 upon:

Emigrant Mortgage Company, Inc.
c/o Steven M. Davis, Esq.
Becker & Poliakoff. P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134

Worrell v. Emigrant Mortgage Co., Inc.                          R. 81

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

Marie Campbell, Esq.
Florida Default Law Group, PL
Attorneys for Navy Federal Credit Union
P.O. Box 25018
Tampa, FL 33622-5018

Nelson A. Hunter, Esq.
Florida Bar No. 0674801
P.O. Box 213368
Royal Palm Beach, FL 33421
Tel. (561) 909-7622
Fax: (561) 793-1492
Attorney for JOSEPH L. WORRELL

# APPENDIX - IV

## GUIDELINES FOR REVIEWING MORTGAGE PROOFS OF CLAIM

The Bankruptcy Code requires standing trustees to examine proofs of claim and object to the allowance of any claim that is improper if a purpose would be served. This duty pertains to all judicial districts, even districts in which local rules or practices expressly provide that debtor's counsel are required to review proofs of claim as part of the representation of their client. If a specific provision of these guidelines conflicts with a local rule, administrative order, or case law, the local rule, administrative order, or case law will control.

For claims secured by a lien on the debtor's residence that are to be paid by the trustee under the plan the trustee must, at a minimum:

1. Verify that copies of documents supporting a perfected security interest are attached to the proof of claim. If the secured creditor/mortgagee fails to attach copies of documents supporting a perfected security interest and the trustee is unable to confirm that the creditor/mortgagee has perfected its security interest, the trustee must take appropriate action.

2. Verify that there is an itemization of the pre-petition fees, costs, and other charges attached to the proof of claim. If the proof of claim does not include an itemization of the fees, costs, and other charges and the trustee is unable to obtain the itemization, the trustee must take appropriate action.

3. Verify whether the proof of claim includes a flat fee for review of the chapter 13 plan prior to confirmation and for preparation of the proof of claim and, if so, whether the fee is reasonable and fairly reflects the attorney's fee incurred. If the trustee determines that the fee is not reasonable, the trustee must object to the claim or take such other action as may be appropriate.

4. Verify that the secured creditor has filed a proof of claim. If no claim has been filed, the trustee must ensure that the mortgagee's claim is not paid or take other action as may be appropriate.

5. If a trustee determines, based on the trustee's facial review of the mortgage proof of claim, that the fees, costs, or charges are material and improper, the trustee must take appropriate action.

B10 (Official Form 10) (12/07)    ~~Case 00-15332-EPK    Doc 37    Filed 10/30/00    Page 7 of 14~~

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: JOSEPH LLEWELLYN WORRELL | Case Number: 09-15332-EPK |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>EMIGRANT MORTGAGE Co.<br>Name and address where notices should be sent:<br><br>Becker and Poliakoff, P.A., Attn: Aleida Martinez Molina, Esq.<br>121 Alhambra Plaza, 10th floor<br>Coral Gables, FL 33134<br>Telephone number:<br>(305) 262-4433 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>*(If known)*<br><br><br>*Filed on:* |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $ 623,955.05<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:  RECORDED NOTE AND MORTGAGE; FORECLOSURE JUDGMENT<br>   (See instruction #2 on reverse side.) | |
| 3. Last four digits of any number by which creditor identifies debtor:<br><br>   3a. Debtor may have scheduled account as: _____<br>       (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 4. Unsecured Claim (See instruction #4 on reverse side.)<br>   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>   Nature of property or right of setoff:    X Real Estate   ☐ Motor Vehicle    ☐ Other<br>   Describe:<br><br>   Value of Property:$___ Annual Interest Rate ___<br><br>   Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>   if any: _____  Basis for perfection: Recorded Note and Mortgage; Foreclosure Judgment<br><br>   Amount of Secured Claim: $623,955.05   Amount Unsecured: $ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority: |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | $_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date:<br>10/29/09<br>1156221<br>**Attorney-In-Fact: Aleida Martinez Molina** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.




# Proof of Claim Information                    10/16/09

| | |
|---|---|
| Borrower | Worrell |
| Loan Number | 481617 |
| Date of Bk Filing | 3/26/09 |
| Chapter | 13 |
| Monthly Payment | $5,506.58 |
| Principal Balance as of Filing | $538,077.96 |

## Arrears:

| | |
|---|---|
| Total Principal owed as of Filing | $7,186.82 |
| Total Interest owed as of Filing | $89,846.30 |
| Total Late Charges as of Filing | $2,091.39 |
| Return Check Charges | $0.00 |
| Tax and Insurance Advances | $24,347.94 |
| **Other Advances** | |
| Inspections/Preservation | $280.00 |
| Appraisals | $450.00 |
| Legal Fees/ disbursements paid to date | $7,001.09 |

| | |
|---|---|
| **TOTAL ARREARGE AS OF FILING** ➡ | $131,203.54 |

```
Going forward MONTHLY amounts due
(Reduced rate of 6% in accordance
with Soldiers and Sailors Act)..................4,843.79
```



BK. FRAUD.

# Back- up

| | | | |
|---|---|---|---|
| **L/C** | **07/01/07** | **$** | **322.17** |
| REG RCV | 08/01/07 | $ | ~~5,185.90~~ |
| L/C | 08/01/07 | $ | 327.07 |
| **REG RCV** | **09/01/07** | **$** | **5,185.90** |
| L/C | 09/01/07 | $ | 327.07 |
| REG RCV | 10/01/07 | $ | 5,185.90 |
| REG RCV | 11/01/07 | $ | 5,185.90 |
| REG RCV | 12/01/07 | $ | 5,185.90 |
| REG RCV | 01/01/08 | $ | 5,185.90 |
| REG RCV | 02/01/08 | $ | 5,185.90 |
| REG RCV | 03/01/08 | $ | 5,185.90 |
| REG RCV | 04/01/08 | $ | 5,185.90 |
| REG RCV | 05/01/08 | $ | 5,185.90 |
| REG RCV | 06/01/08 | $ | 5,185.90 |
| REG RCV | 07/01/08 | $ | 5,185.90 |
| REG RCV | 08/01/08 | $ | ~~4,350.29~~ |
| REG RCV | 09/01/08 | $ | 4,350.29 |
| REG RCV | 10/01/08 | $ | 4,350.29 |
| REG RCV | 11/01/08 | $ | 4,350.29 |
| REG RCV | 12/01/08 | $ | 4,350.29 |
| L/C | 12/01/08 | $ | 282.21 |
| L/C | 01/01/09 | $ | 282.21 |
| REG RCV | 02/01/09 | $ | 4,350.29 |
| L/C | 02/01/09 | $ | 275.33 |
| REG RCV | 03/01/09 | $ | 4,350.29 |
| L/C | 03/01/09 | $ | 275.33 |



03 15



# EMIGRANT MORTGAGE

5 East 42nd Street, New York, N.Y. 10017
(212) 850-4555          (800) 836-1260

000042

JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

| | |
|---|---|
| Mortgage Number | 481617-0 |
| Billing Date | 05/18/2009 |
| Due Date | ~~06/01/2009~~ |
| Principal Balance | 538,077.96 |
| Escrow Balance | 0.00 |
| Interest Rate | ~~0.875%~~ |

Balances are before amounts due
are applied.

| Due Date | Escrow Deposit | Interest | Principal | Life Ins. | A & H Ins. | Total |
|---|---|---|---|---|---|---|
| PRIOR ARREARS | 1156.29 | 3926.38 | 423.91 | | | ~~5506.58~~ |
| PRIOR LATE CHARGE | | | | | | 275.33 |
| 05/01/09 | 1156.29 | 3923.25 | 427.04 | | | 5506.58 |
| 05/01/09 LATE CHARGE | | | | | | 275.33 |
| 06/01/09 | 1156.29 | 3920.09 | 430.20 | | | 5506.58 |

| | |
|---|---|
| A late charge will be assessed on payments received after 06/15/2009. | **TOTAL AMOUNT DUE   17,070.40** |

*This bill reflects only post-petition payment due*



**Retain this part for your records**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Please detach here and return this part with your check. Please write your mortgage number on your check.



JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

Please make check payable to:
**Emigrant Mortgage Company
Grand Central Post Office
P.O. Box 5494
New York, NY   10163-5494**

Address for overnight mail:
5 East 42nd Street
New York, NY   10017
Attn: Mortgage Cashiers

Amount Due _____
**Additional**
To Principal _____
To Escrow _____
Total _____

Mortgage No.:  481617-0  7  Due Date: 06/01/2009   Total Amount Due:  17,070.40

03 15



EMIGRANT
MORTGAGE

5 East 42nd Street, New York, N.Y. 10017
(212) 850-4555        (800) 836-1260

000045

JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

Mortgage Number        481617-0
Billing Date        06/16/2009
Due Date        07/01/2009
Principal Balance        538,077.96
Escrow Balance        6,937.34
Interest Rate        8.875%

Balances are before amounts due
are applied.

| Due Date | Escrow Deposit | Interest | Principal | Life Ins. | A & H Ins. | Total |
|---|---|---|---|---|---|---|
| PRIOR ARREARS | 2312.58 | 7849.63 | 850.95 | | | 11013.16 |
| PRIOR LATE CHARGE | | | | | | 550.6 |
| 06/01/09 | 1156.29 | 3920.09 | 430.20 | | | 5506.58 |
| 06/01/09 LATE CHARGE | | | | | | 275.3 |
| 07/01/09 | 1156.29 | 3916.91 | 433.38 | | | 5506.58 |

| A late charge will be assessed on payments received after 07/15/2009. | TOTAL AMOUNT DUE | 22,852.31 |
|---|---|---|

*This bill reflects only post-petition payment due*



**Retain this part for your records**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach here and return this part with your check. Please write your mortgage number on your check.

JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

Please make check payable to:
**Emigrant Mortgage Company**
**Grand Central Post Office**
**P.O. Box 5494**
**New York, NY   10163-5494**

Address for overnight mail:
5 East 42nd Street
New York, NY   10017
Attn: Mortgage Cashiers

Amount Due _____
Additional
To Principal _____
To Escrow _____
Total _____

Mortgage No.:   481617-0   7  Due Date: 07/01/2009   Total Amount Due: 102004.0

03 15



**EMIGRANT MORTGAGE**

5 East 42nd Street, New York, N.Y. 10017
(212) 850-4555          (800) 836-1260

000032

JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

| | |
|---|---|
| Mortgage Number | 481617-0 |
| Billing Date | 02/16/2010 |
| Due Date | 03/01/2010 |
| Principal Balance | 538,077.96 |
| Escrow Balance | 6,325.25- |
| Interest Rate | 7.000% |

Balances are before amounts due
are applied.

| Due Date | Escrow Deposit | Interest | Principal | Life Ins. | A & H Ins. | Total |
|---|---|---|---|---|---|---|
| PRIOR ARREARS | 11562.90 | 34154.85 | 5371.31 | | | 51089.06 |
| PRIOR LATE CHARGE | | | | | | 2036.94 |
| 02/01/10 | 1105.25 | 3065.53 | 621.97 | | | 4792.75 |
| 02/01/10 LATE CHARGE | | | | | | 239.60 |
| 03/01/10 | 1105.25 | 3061.90 | 625.60 | | | 4792.75 |

| | | |
|---|---|---|
| A late charge will be assessed on payments received after 03/15/2010. | TOTAL AMOUNT DUE | 62,951.14 |

\*This bill reflects only post-petition payment due\*



### Retain this part for your records
-------------------------------------------------------------------
Please detach here and return this part with your check. Please write your mortgage number on your check.



JOSEPH L WORRELL
13993 CALOOSA BLVD
WEST PALM BEACH FL 33418 8654

Please make check payable to:
**Emigrant Mortgage Company**
Grand Central Post Office
P.O. Box 5494
New York, NY  10163-5494

Address for overnight mail:
5 East 42nd Street
New York, NY  10017
Attn: Mortgage Cashiers

Amount Due _____

Additional
To Principal _____
To Escrow _____
Total _____

**Mortgage No.:** 481617-0  7 **Due Date:** 03/01/2010  **Total Amount Due:** 62,951.14

**Exhibit - C**

CONSPIRACY
BK FRAUD +
TRUSTEE
PERJURY .



Customer Copy   Not Negotiable
**Official Check**

64-79/611
0734364702

| Purchaser | Joseph Llewellyn Worrell | Date | 153561   6074410 | Initials (type) | Center |
|---|---|---|---|---|---|

Apr. 19, 2011

PAY   *****$16,900.00*****   $16,900.00**

To the
Order
of   ** Joseph Llewellyn Worrell **

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank

Authorized Signature

⑈0734364702⑈



Customer Copy   Not Negotiable
**Official Check**

64-79/611
0734364756
9563   6074410

Joseph Llewellyn Worrell

Purchaser   *****$14,000.00*****   Date   Initials (type)   $14,000.00**   Center

Apr. 21, 2011

PAY   **Joseph Llewellyn Worrell**   $

To the
Order
of   For:  hc 3

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank

Authorized Signature

⑈0734364756⑈

Customer Copy   Not Negotiable
**Official Check**

64-79/611
0735325776
9563   6074410

Fraud Protected
by Positive Pay

Purchaser   Joseph Llewellyn Worrell   Date   Initials (type)   Center

Jul. 29, 2011

PAY   *****$8,000.00*****   $**8,000.00**

To the
Order
of   **Joseph Llewellyn Worrell**

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Payable at SunTrust Bank   For:  hc 3

Authorized Signature



⑈0735325776⑈





SUNTRUST

Customer Copy Not Negotiable

**Official Check**

64-79/611

0735330654

Fraud Protected by Positive Pay

Purchaser Joseph L[redacted]

Date [redacted]

9563 Initials (type)

6074410 Center

PAY ****[redacted]000.00****

$ **10,000.00**

To the Order of **Joseph Llewellyn Morrell**

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Non-Negotiable

Authorized Signature

Payable at SunTrust Bank For: hc 3

⑈0735330654⑈

This check has a blue background on white paper and some of the security features on this document include a Watermark, MicroPrint signature line, and a holographic foil stamp; absence of these features will indicate a copy.

SUNTRUST

**Official Check**

64-79/611

0735330654

Fraud Protected by Positive Pay

9563 Initials (type)

6074410 Center

ELECTRONICALLY PRESENTED ELECTRONICALLY PRESENTED

Purchaser Joseph L[redacted]

Date [redacted]

PAY ****$[redacted]000.00****

$**10,000.00**

To the Order of **Joseph Llewellyn Morrell**

SunTrust Banks, Inc. by its Authorized Agent
SunTrust Bank

Authorized Signature

Payable at SunTrust Bank For: hc 3

⑈35 36⑈ 51 07: 1901999 6⑈

# APPENDIX - V



OFFICIAL JA G L STATEMENT RE: [ S C R A ] + BANKRUPTCY



**DEPARTMENT OF THE AIR FORCE**
AIR EDUCATION AND TRAINING COMMAND

3 March 2011

MEMORANDUM FOR ABA MILITARY PRO BONO PROJECT

FROM: 82 TRW/JA

SUBJECT: Legal Assistance Case Referral for ABA Military Pro Bono Project

1. <u>Overview</u>: I met with Mr. Joseph Worrell during a legal assistance appointment and discussed his ongoing legal problems regarding his mortgage company and bankruptcy proceeding. After our discussion, I believe that the Servicemembers Civil Relief Act (SCRA) has been violated by the mortgage company and the bankruptcy court. I respectfully request that Mr. Worrell's case be referred to the ABA Military Pro Bono Project.



2. <u>Facts</u>: Mr. Worrell is a reserve member of the United States Navy. He enlisted as a drilling reservist in October 2002 in Florida. He completed his annual training and deployed from 26 Mar 09 through 8 May 10 and deployed again from 26 Oct 10 through 17 Feb 11.

3. Sometime before 2002, Mr. Worrell obtained a mortgage for a custom built home in Florida through Emigrant Mortgage Company a████████████. The interest rate has varied through Mr. Worrell's active duty assignments from 6.5% to 10.5% without any notice of the change in interest or any payment history indicating the breakdown of the mortgage payments.

4. Mr. Worrell and his wife divorced in January 2008. ██████████████████████ ████████████████████████. Emigrant Mortgage Company attempted to collect mortgage payments from the ex-spouse but was unsuccessful. They obtained a default summary judgment against the ex-spouse in May 2008. The ex-spouse has not made any payments to date.

5. Mr. Worrell filed for bankruptcy shortly after as a result of the divorce and the interest rate change in the mortgage. The bankruptcy judge required Mr. Worrell to appoint a trustee to manage the proceedings. He attempted to obtain legal counsel for representation but was unsuccessful. Mr. Worrell received Title 10 active duty orders to report to Sheppard AFB, Texas from 9 Nov 10 to 15 Feb 11. He submitted a motion to reinstate and stay the proceedings along with a memo from his commander showing that his current military duty requirements materially affect his ability to appear in court. The bankruptcy court denied both motions stating that Mr. Worrell did not comply with a local court rule. The bankruptcy court did not give reason why the SCRA does not apply.

6. The bankruptcy court dismissed Mr. Worrell's bankruptcy suit without prejudice.

This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law. Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.

200019

7. <u>Client's Desired Outcome</u>:  Mr. Worrell would like to eventually obtain clear title to the home that he has heavily invested in financially.  He would like the mortgage company to lower the interest rate to the rate required by the SCRA during his time of active duty service.  Mr. Worrell would finally like the bankruptcy proceeding to be reinstated and his bankruptcy filing completed.

8. <u>Legal Theory</u>:  The SCRA is meant to be a shield for those service members who drop their civilian lives at a moment's notice to defend the nation.  Mr. Worrell has faithfully executed his service to the country and deserves the legal protections of the SCRA.

9.  Emigrant Mortgage Company ▬▬▬▬▬▬▬ were required to lower the interest rate of the mortgage payments to 6% during the periods of active duty service in accordance with Sec 527, SCRA.  Mr. Worrell was unable to make mortgage payments as a result of his military service.  The creditor never attempted to show that Mr. Worrell's ability to pay was not materially affected by his military service ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ have refused to provide Mr. Worrell with notice of interest rate changes and have refused to answer repeated requests for a breakdown of the mortgage payments.  Emigrant Mortgage Company has at one point stated that the interest rate was 7% but has been unable to provide evidence that the stated interest rate is in fact the interest rate that Mr. Worrell is being charged.

10.  As a result of the divorce decree, Mr. Worrell is required to make mortgage payments on the home.  Mr. Worrell was unable to and therefore filed for bankruptcy.

11.  The trustee failed to properly handle the payments for the bankruptcy case.  Mr. Worrell filed a motion to stay the proceedings in accordance with SCRA, Sec 522.  Mr. Worrell's commander issued a memo stating that Mr. Worrell will not be released from his required training to attend the matter at hand.  Mr. Worrell's personal appearance was necessary for the bankruptcy proceeding because he was unable to obtain a representative or legal counsel or a competent trustee.  Mr. Worrell has showed good faith and diligence in resolving the matter by trying to make the requisite payments to bring the plan current and obtain title to his home.  There is harm to Mr. Worrell in that the mortgage company will be able to obtain a default judgment and foreclose on his home.  The mortgage companies and the bankruptcy court are using the SCRA as a sword against Mr. Worrell by denying any remedy in the matters.  The judge ordered and directed the Clerk of the Court to "refuse to accept for filing any future voluntary petitions submitted by [Mr. Worrell]" unless Mr. Worrell pays his debts.  The judge dismissed the bankruptcy proceeding without prejudice.

12.  <u>Client's Attempt to Resolve the Issue</u>:  Mr. Worrell has sought legal representation from numerous Florida attorneys and the assistance from the Florida State Bar.  One of the attorneys established an attorney-client relationship by telling Mr. Worrell that he would take his bankruptcy case and even accepted payment in the form of personal checks from Mr. Worrell.  Mr. Worrell later found out by the court that the attorney did not file a notice of representation with the court and did not cash the checks received as payment.  Mr. Worrell has since attempted to represent himself pro se.  He has researched complex bankruptcy case law and the SCRA, filed hand-written motions, and sought assistance from the legal office at Sheppard AFB, Texas.

13.  <u>Certification</u>:  I affirm, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the client I am referring to the Military Pro Bono Project has a bona-fide legal dispute, that the client's position is legally meritorious, with a good-faith basis for proceeding with the client's claim or defense, and that other available avenues for

This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law. Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.

resolution of the issue have been exhausted, thereby meeting the cause requirement determined from the elements of the good cause checklist.

14.  If you have any questions, please contact me at 940-676-2442.

DIMPLE N. CHHEDA, Capt, USAF
Assistant Staff Judge Advocate

This communication is privileged as attorney work product and/or attorney-client communication or is protected by another privilege recognized under the law.  Do not distribute, forward, or release without the prior approval of the sender or of 82 TRW/JA.

200021



Department of Defense Manpower Data Center                    Feb-04-2011 07:03:01

Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| WORRELL | JOSEPH | Nov-02-2010 | Yes | NA | Navy |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). **HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.**

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-

Department of Defense Manpower Data Center

Results as of : Mar-22-2013 12:41:07

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: WORRELL

First Name:

Middle Name:

Active Duty Status As Of: Nov-01-2010

| Active Duty Start Date | Active Duty End Date | Status | Service Component |
|---|---|---|---|
| NA | NA | No | NA |

This response reflects the individuals' active status based on the Active Duty Status Date

| Active Duty Start Date | Active Duty End Date | Status | Service Component |
|---|---|---|---|
| Mar-22-2009 | Apr-18-2010 | Yes | Navy Reserve |

This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date

| Order Notification Start Date | Order Notification End Date | Status | Service Component |
|---|---|---|---|
| NA | NA | No | NA |

This response reflects whether the individual or his/her unit has received early notification to report for active duty

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

# APPENDIX - VI

UNLAWFUL
ACTS LEGALLY
VOID AB INITIO

RECEIVED

JAN 28 2013

ADAM I. SKOLNIK, P.A.

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502007CA019114 AW

EMIGRANT MORTGAGE COMPANY, INC.
a Foreign Profit Corporation,
        Plaintiff,

v.

JOSEPH L. WORRELL, et al.,
        Defendants.

_____/



## ORDER GRANTING MOTION FOR ENTRY OF CERTIFICATE OF TITLE

**THIS MATTER** came on to be heard before the Court on January 18, 2013 upon Plaintiff's Motion for Rehearing and the Court being fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.  That the Order entered by this Court on November 19, 2012 denying Plaintiff's Motion to order the Clerk of this Court to issue a Certificate of Title to the Plaintiff for the property located at 13993 Caloosa Boulevard, Palm Beach Gardens, FL 33418-8654 be, and the same is vacated and set aside.

2.  That this said motion of the Plaintiff is granted.

3.  That the Clerk of this Court is hereby ordered to issue a Certificate of Title for the property located at 13993 Caloosa Boulevard, Palm Beach Gardens, FL 33418-8654 to the Plaintiff, Emigrant Mortgage Company, Inc.

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida this 24th day of January, 2013.

ELI BREGER
Senior Judge

Conformed copies to:

200025

Case No. 2007CA019114

Becker & Poliakoff, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134

Adam I. Skolnik, Esq.
1761 West Hillsboro Blvd., Suite 201
Deerfield Beach, Florida 33442

Ruth A. Worrell
13993 Caloosa Blvd.
Palm Beach Gardens, Florida 33418

Edwin L. Worrell
13993 Caloosa Blvd.
Palm Beach Gardens, Florida 33418

Marcela Worrell
5470 SW 22nd Place
Ocala, Florida 34480

Marie Campbell, Esq.,
Florida Default Law Group, PL
P.O. Box 25018
Tampa, Florida 33622

200026

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

ORIGINAL

1572
NROWS/3475944/0
SDN: N8513613RT34858
30 APR 2013

FROM: COMMANDING OFFICER NOSC WEST PALM BEACH,FL
TO:   CR2 JOSEPH L WORRELL, USN, _____/CE2
      PO BOX 10071
      WEST PALM BEACH, FL 334200000

SUBJ: ORDERED TO ANNUAL TRAINING: CASE OF CE2 JOSEPH L WORRELL, USN,
      _____/CE2

1. REPORT FOR ANNUAL TRAINING TO THE COMMANDING OFFICER, THIRD NCR ATLANTA,
1210 NAVAL FORCES CT  BLDG 440, MARIETTA, GA 30069 NO LATER THAN 0730 ON 06
MAY 2013 FOR DUTY WITH 3RD NCR, UIC: 81383.
 PERIOD OF DUTY: 05 MAY 2013 TO 18 MAY 2013 FOR 13 DAYS. YOU ARE A MEMBER OF
RESERVE UIC: 85136. IF FOR ANY REASON YOU ARE UNABLE TO EXECUTE THESE ORDERS,
RETURN THEM TO YOUR ADMINISTRATIVE PARENT COMMAND NOTING THE REASON FOR
RETURN. WHILE PERFORMING DUTY UNDER THESE ORDERS, YOU ARE SUBJECT TO THE
UNIFORM CODE OF MILITARY JUSTICE (UCMJ). FOR ALL IDTT ORDERS IN FOREIGN
COUNTRIES, INACTIVE DUTY TRAINING PERIODS SHALL RUN CONTINUOUSLY FROM TIME OF
ARRIVAL IN COUNTRY UNTIL TIME OF DEPARTURE. AS THEY ARE ON ORDERS IN A DUTY
STATUS, MEMBERS WILL BE SUBJECT TO APPLICABLE STATUS OF FORCES AGREEMENTS
(SOFA) AS WELL AS SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ).

2. UPON COMPLETION OF SUBJECT DUTY, WITH THE EXCEPTION OF BACK TO BACK
ORDERS, YOU WILL RETURN TO THE ADDRESS INDICATED AFTER YOUR NAME AND UPON
ARRIVAL YOU WILL STAND RELEASED FROM SUBJECT DUTY (JFTR U7150.A1).   FOR BACK
TO BACK ORDERS, UPON COMPLETION OF THE FINAL SET OF ORDERS, YOU WILL RETURN TO
THE ADDRESS INDICATED AFTER YOUR NAME AND UPON ARRIVAL, YOU WILL STAND
RELEASED FROM DUTY (JFTR U5120.A AND U4105.F).

3. IF THESE ORDERS START IMMEDIATELY AFTER AN INACTIVE DUTY ORDER (IDTT), YOU
ARE ADVISED THAT THESE ORDERS MUST START FROM YOUR HOME ADDRESS (PMA).
FAILURE TO START FROM HOME MAY RESULT IN PAY AND/OR ENTITLEMENT ISSUES WHEN
LIQUIDATING YOUR ORDERS.

4. APPROPRIATION FOR THE PERIOD OF 05 MAY 2013  17 MAY 2013 (13 DAYS) IS:
PAY and ALLOWANCE:
AA 1731405.7210 011 00072 0 068566 2D T34858 85136371600A 0000183758
SDN:   N8513613RT34858     ORDER NUMBER: 334858    APC: V71600
PER DIEM, TRAVEL, AND MISC:
Reimbursement for Per Diem, Travel and Misc. cost will be paid through DTS.
FICA :
AD 1731405.7210 012 00072 0 068566 2D T34858 85136371601A 0000010096
SDN:   N8513613RT34858     ORDER NUMBER: 334858    APC: V71601
FSC FOR THIS PERIOD OF DUTY IS: 201300072ESSE
Funding Source: NOSC WEST PALM BEACH,FL

5. PERSONNEL ACCOUNTING SUPPORT: PERSUPPDET KINGS BAY GA



8. THE TRAVEL AND TRANSPORTATION REFORM ACT (TTRA) OF 1998 STIPULATES THAT
THE GOVERNMENT SPONSORED, CONTRACTOR ISSUED TRAVEL CARD SHALL BE USED BY ALL
U.S. GOVERNMENT PERSONNEL (CIVILIAN AND MILITARY) TO PAY FOR COSTS INCIDENT TO
OFFICIAL BUSINESS TRAVEL UNLESS SPECIFICALLY EXEMPTED BY AUTHORITY OF THE
ADMINISTRATOR OF GENERAL SERVICES OR THE HEAD OF THE AGENCY.  YOU ARE A GTCC
CARDHOLDER.  YOU ARE NOT EXEMPT FROM MANDATORY USE PROVISIONS OF THE TTRA.

FOR OFFICIAL USE ONLY


EXHIBIT "C"

Worrell v. Emigrant Mortgage Co., Inc.

200027
R. 108

CASE NO: 4D13-0767

L.T. No.: 502007CA019114XXXXMB



**DEPARTMENT OF THE NAVY**
THIRD NAVAL CONSTRUCTION REGIMENT
NAVAL AND MARINE CORPS RESERVE CENTER
1210 NAVAL FORCES COURT
BUILDING 440
MARIETTA, GEORGIA 30069

1000
Ser R00/036
6 May 13

From:   Commander, THIRD Naval Construction Regiment
To:     Law Office of Adam I. Skolnik, P.A.

1.  This is to certify that, by virtue of his position, CE2
Joseph L. Worrell is required to report to THIRD Naval
Construction Regiment (3NCR) for Annual Training (AT) scheduled
on 5-17 May 2013 for 13 days.

2.  If you have any questions, please contact YNC(SCW/SW/AW)
Dobbs, Administrative Leading Chief Petty Officer at (678) 655-
5982 or antwan.dobbs@navy.mil.

A. J. DOBBS
By direction

Copy to:
File

**EXHIBIT "D"**

Worrell v. Emigrant Mortgage Co., Inc.

200028
R. 112

CASE NO: 4D13-0767
L.T. No.: 502007CA019114XXXXMB

IN THE CIRCUIT COURT, FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,   CASE NO.: 502007CA019114XXXXMB(AW)
a Florida profit corporation,

          Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,                    **WRIT OF POSSESSION**

          Defendants.

_____/

**THE STATE OF FLORIDA:**

To the Sheriff of Palm Beach County, Florida

          YOU ARE COMMANDED to remove all persons from the following described property in Palm Beach County, Florida

          Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in the Office of the Clerk of Circuit Court in and for Palm Beach County, Florida, in Plat Book 34, Pages 56 to 62.

          Property Address: 13993 Caloosa Blvd., Palm Beach Gardens, Florida 33418.

and to put EMIGRANT MORTGAGE COMPANY, INC., in possession of it after 24 hours Notice is conspicuously posted on said property.

Dated on    MAY 0 1 2013            , 2013.

                              Sharon R. Bock, as Clerk of Circuit Court

                              BY _____
                                 Deputy Clerk   EDWARD WILHELMS

Filed by: Steven M. Davis, Esq.
          Becker & Poliakoff, P.A
          121 Alhambra Plaza, 10th floor
          Coral Gables, FL 33134
          (305) 262-4433 – Telephone;  (305) 442-2232 – Facsimile

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433
ACTIVE: E09475/343362:4521672_1

**COMPOSITE EXHIBIT "B"**

Worrell v. Emigrant Mortgage Co., Inc.

200029

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,   CASE NO.: 502007CA019114XXXXMBAW
a Florida profit corporation,

      Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

      Defendants.

_____/

## ORDER DIRECTING CLERK TO ISSUE WRIT OF POSSESSION

THIS CAUSE having come before the Court on Plaintiff, EMIGRANT MORTGAGE

COMPANY, INC. Motion Directing Clerk to issue Writ of Possession and the Court having

reviewed the file and otherwise being advised in the premises

IT IS ORDERED AND ADJUDGED

1.    The Clerk is directed to Issue the Writ of Possession

2.    The subject property is described legally described as follows:

**Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on
file in the Office of the Clerk of Circuit Court in and for Palm Beach County,
Florida, in Plat Book 34, Pages 56 to 62.**

    **Property Address: 13993 Caloosa Blvd., Palm Beach Gardens, Florida 33418.**

*Said writ of possession shall not issue prior to
may 1 2013*

    DONE AND ORDERED in Chambers / Open Court in Palm Beach County, Florida this

27 day of _March_ 2013.

    *RBL*

                                    *Roger B Colton*
_____
                      CIRCUIT COURT JUDGE

cc:   See attached service list

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any, as required by law
THIS ___ DAY OF _May_ 20_13_
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

ACTIVE E09475 343362 4521652 1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,    CASE NO.: 502007CA019114XXXXMBAW
a Florida profit corporation,

      Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

      Defendants.

**COPY**

_____/

### ORDER DIRECTING CLERK TO ISSUE WRIT OF POSSESSION

THIS CAUSE having come before the Court on Defendant's Emergency Motion to Stay
Issuance of Writ of Possession, *for* on *May 15, 2013* and the Court having reviewed the file and otherwise being
advised in the premises

IT IS ORDERED AND ADJUDGED

1.    The Clerk is directed to Issue the Writ of Possession

2.    The subject property is described legally described as follows:

**Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on
file in the Office of the Clerk of Circuit Court in and for Palm Beach County,
Florida, in Plat Book 34, Pages 56 to 62.**

**Property Address: 13993 Caloosa Blvd., Palm Beach Gardens, Florida 33418.**

3. *Said writ of possession shall not issue prior to May 2[?], 201[?]*

DONE AND ORDERED in Chambers / Open Court in Palm Beach County, Florida this
*16* day of ____*MAY*____, 2013.

*Roger B. Colton*

~~CIRCUIT COURT JUDGE~~

RECEIVED
P.B.S.O.
2013 MAY 16 AM 10:18

cc:    See attached service list

4. *This is a 2007 case.*
5. *The Court is aware of D's appeal to the
4th DCA re Judge Breger's order dated
Jan 24, 2013 granting entry of cert. of title*
6. *△ will be "at home" prior to May 22, 2013*
7. *The issuance of this writ of possession is purely
ministerial in nature, and under the circum-
stances of this matter the D's ability to defend is not materially
affected by his military service.*

ACTIVE: E09475/343362/4521653_1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,   CASE NO.: 502007CA019114XXXXMB(AW)
a Florida profit corporation,

      Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,   **WRIT OF POSSESSION**

      Defendants.

_____/

**THE STATE OF FLORIDA:**

To the Sheriff of Palm Beach County, Florida

      YOU ARE COMMANDED to remove all persons from the following described property in Palm Beach County, Florida

      Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in the Office of the Clerk of Circuit Court in and for Palm Beach County, Florida, in Plat Book 34, Pages 56 to 62.

      Property Address: 13993 Caloosa Blvd., Palm Beach Gardens, Florida 33418.

and to put EMIGRANT MORTGAGE COMPANY, INC., in possession of it after 24 hours Notice is conspicuously posted on said property.

Dated on MAY 0 1 2013_____, 2013.

      Sharon R. Bock, as Clerk of Circuit Court

BY_____
      Deputy Clerk  EDWAIN W. HELMS

Filed by: Steven M. Davis, Esq.
      Becker & Poliakoff, P.A
      121 Alhambra Plaza, 10th floor
      Coral Gables, FL  33134
      (305) 262-4433 – Telephone;  (305) 442-2232 – Facsimile

<u>**SERVICE LIST**</u>

Case No. 502007CA019114XXXXMBAW

Adam I. Skolnik, Esq.
Attorney for Defendant, Joseph Worrell
1761 West Hillsboro Blvd., Suite 201
Deerfield Beach, Florida 33442
E-mail: askolnik@skolniklawpa.com

Ruth A. Worrell
13993 Caloosa Blvd.
Palm Beach, Florida 33418

Edwin L. Worrell
13993 Caloosa Blvd.
Palm Beach Gardens, Florida 33418

Marcela Worrell
5470 SW 22nd Place
Ocala, Florida 34480

Marie Campbell, Esq.
Florida Default Law Group, PL
P.O. Box 25018
Tampa, Florida 33622

Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Primary E-mail: sdavis@becker-poliakoff.com
Secondary E-mail: cgarcia@becker-poliakoff.com
Secondary E-mail: jmartinez@becker-poliakoff.com

ACTIVE: E09475 343362 4521653.1

# SHERIFF'S FINAL NOTICE OF EVICTION

R THE PROVISIONS OF FLORIDA STATUTES, A COURT ORDER HAS BEEN ISSUED REQUIRING THE
ERSONS BE REMOVED FROM THESE PREMISES AFTER THE EXPIRATION OF 24 HOURS. THE
TIME PERIOD WILL EXPIRE AT 12:01 A.M. ON (DATE): 5/8/__
OMPLIANCE WITH THE COURT ORDER WILL REQUIRE THE PALM BEACH COUNTY SHERIFF
F TO REMOVE ALL PERSONS FOUND ON THE PREMISES AND PLACE THE PLAINTIFF IN POSSESS
CORDANCE WITH FLORIDA STATUTES §83.62. ANY ANIMALS LEFT ON THE PREMISES WILL
VED BY PALM BEACH COUNTY ANIMAL CONTROL.

#:____ 50 2007 CA 019114 MB     DATE: 5/6/13     TIME: 2 25

URTHER INFORMATION CALL THE SHERIFF'S OFFICE COURT SERVICES BUREAU
)55-2763.

## RIC L. BRADSHAW, SHERIFF
## PALM BEACH COUNTY, FLORIDA

Y SHERIFF _____                    I.D.# 2726

T MOLEST OR REMOVE THIS NOTICE UNDER PENALTY OF LAW

Worrell v. Emigrant Mortgage Co., Inc.                    2 0 0 0 3 0

305 4422232    T-739  P.001/001  F-471

JOYCE
(343362)

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 1525 PALM BEACH LAKES BLVD., WEST PALM BEACH, FL 33401

May 24, 2013

**CASE NO.: 4D13-0767**
L.T. No.:   502007CA019114XXXXMB

JOSEPH L. WORRELL       v.   EMIGRANT MORTGAGE COMPANY, INC., et al.

---

Appellant / Petitioner(s)          Appellee / Respondent(s)

## BY ORDER OF THE COURT:

ORDERED that appellant's emergency motion filed May 23, 2013, to stay issuance of writ of possession is hereby denied.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

cc:  Steven M. Davis        Adam I. Skolnik        Clerk Palm Beach
     Hon. Eli Breger

kb

*Marilyn Beuttenmuller*
**MARILYN BEUTTENMULLER, Clerk**
**Fourth District Court of Appeal**

2013 MAY 24 AM 10: 10
RECEIVED
P.B.S.O.

*Story by Al Pefley / CBS12 News*

PALM BEACH GARDENS, Fla. — Memorial Day is a day when Americans pause to remember and honor those who have served their country.

However, a Navy reservist from Palm Beach Gardens says he doesn't feel like he's being honored because he's being evicted.

Petty Officer Second Class Joseph Worrell, 49, spent Memorial Day with his wife carrying boxes, loading a U-Haul truck and moving out of their home near Palm Beach Gardens.

Worrell, a Navy reservist, feels he has no choice.

Upon returning home from Navy reservist training this month, he says he found an eviction notice stuck to his front door and says the bank is taking the home in foreclosure.

He feels this is no way to treat someone who has served their country.

"It's sad, it's very sad. I was hoping that this day would never begin. I feel like my rights are being stepped on," Worrell explained.

Worrell says there are certain laws in place that are supposed to protect military members from foreclosure while they are on active duty.

He sent Florida Senator Bill Nelson a letter last week asking for help, hoping Nelson can resolve this with his bank, Emigrant Bank.

We called Emigrant Bank in New York City Friday afternoon for comment, but they closed at 1pm that day for the Memorial Day weekend and we were told no one was available.

*Story by Al Pefley / CBS12 News*

PALM BEACH GARDENS, Fla. — Memorial Day is a day when Americans pause to remember and honor those who have served their country.

# PALM BEACH COUNTY SHERIFF'S OFFICE ORIGINAL RETURN

| | |
|---|---|
| **S**<br>**e**<br>**r**<br>**v**<br>**e** | JOSEPH L WORRELL |

Court:   Circuit
Case No.: 502007CA019114XXXXMB
County:   PALM BEACH

**A**
**d**
**d**
**r**
**e**
**s**
**s**

13993 CALOOSA BOULEVARD PALM BEACH GARDENS, FL 33418

| | |
|---|---|
| **A**<br>**t**<br>**t**<br>**o**<br>**r**<br>**n**<br>**e**<br>**y** | BECKER & POLIAKOFF PA<br>121 ALHAMBRA PLAZA 10TH FLOOR<br>CORAL GABLES, FL 33134 |

**P**
**l**
**a**
**i**
**n**
**t**
**i**
**f**
**f**

EMIGRANT MORTGAGE COMPANY, INC

**Levy Fee ($50.00)**
**Service Fee ($40.00)**
**Total: $90.00**

**T**
**y**
**p**
**e**
**O**
**f**
**W**
**r**
**i**
**t**

ALIAS WRIT OF POSSESSION, ORDER DIRECTING CLERK TO ISSUE WRIT OF POSSESSION, CERTIFICATE OF TITLE, ORDER FROM DISTRICT COURT OF APPEAL DENYING STAY

**D**
**e**
**f**
**e**
**n**
**d**
**a**
**n**
**t**

JOSEPH L WORRELL, ET AL

Received this Writ on May 23, 2013 and served on the within named defendant (s) at 12:00 on 5/24/2013 in Palm Beach County, Florida.

The following service was performed by: Thomas Prentiss 2726 and Mel Weinberg 4649

AND SERVED THE SAME ON THE WITHIN NAMED DEFENDANT(S) IN PALM BEACH COUNTY, FLORIDA AT THE TIME AND DATE STATED ABOVE.  SERVICE WAS MADE BY POSTING A TRUE COPY OF THIS WRIT AND LISTED ATTACHMENTS WITH THE DATE AND HOUR OF SERVICE ENDORSED THEREON.  A FINAL NOTICE OF EVICTION STICKER WAS POSTED ON THE PREMISES.

AND FURTHER EXECUTED THE SAME ON MAY 30, 2013, BY PLACING THE PLAINTIFF'S AGENT, CHRIS DRAPER, IN POSSESSION OF SAID PREMISES.  DEFENDANT WAS ON THE SCENE AND WAS PHYSICALLY REMOVED FROM THE PREMISES.  PERSONAL PROPERTY WAS LEFT WITHIN THE DWELLING AND REMOVED BY THE PLAINTIFF'S AGENT TO THE PROPERTY LINE IN ACCORDANCE WITH APPROPRIATE FLORIDA STATE STATUTES.

By: _____
Thomas Prentiss  2726

Date Return Completed: 6/6/2013





**PALM BEACH COUNTY**
# SHERIFF'S OFFICE

3228 Gun Club Road • West Palm Beach, FL 33406-3001 • (561) 688-3000 • http://www.pbso.org

# CONFIRMATION OF EXECUTION
# WRIT OF POSSESSION

A Writ of Possession has been executed at the below location. The unauthorized return of any party, formerly in possession or formerly occupying the property, may result in criminal charges.

Court Case Number: _502007 CA019114 MB_

Named Defendant(s):  1. _JOSEPH WORRELL_

2) _____

3) _____

Location: _13993_ _CALOOSA BLVD._
     number                 street name                        apt. / suite

_PALM BEACH GARDENS_ _FL_ _33418_
                city                           state                  zip code

Date: _5/29/13_

Time: _11:30 a.m._

Deputy: _D/S PRENTISS_        I.D.#: _2726_
                       (print name)

Deputy's Signature: _D/S_____      Date: _5/29/13_

**WHITE** - COURT SERVICES BUREAU     **YELLOW** - LANDLORD     **PINK** - PREMISES

PBSO # 0174A REV. 06/11

## Palm Beach County
### Buckslip - WRIT OF POSSESSION

Debbie Holland

| | |
|---|---|
| **Zone:** | N1A |
| **Deputy/Detective:** | Thomas Prentiss |
| **TOT field:** | _____ |
| **Action Type:** | WRIT OF POSSESSION |

**Supervisor approval:** _____

**Sheriff #:** 13017512
**Case #:** 502007CA019114XXXXMB

**Servee:**

JOSEPH L WORRELL
13993 CALOOSA BOULEVARD
PALM BEACH GARDENS FL 33418

| | |
|---|---|
| **County:** | Palm Beach |
| **Court:** | Circuit |
| **Received:** | 05/23/2013 |
| **Expiration:** | |
| **Serve By:** | |
| **Court Date:** | |

Instructions:
CONTACT JAMIE MARTINEZ WITH ATTORNEY'S OFFICE 305-262-4433 X11059

**Plaintiff**
EMIGRANT MORTGAGE COMPANY, INC

**Defendant**
JOSEPH L WORRELL, ET AL

**Paper Types:**
ALIAS WRIT OF POSSESSION, ORDER DIRECTING CLERK TO ISSUE
WRIT OF POSSESSION, CERTIFICATE OF TITLE, ORDER FROM
DISTRICT COURT OF APPEAL DENYING STAY

Deposit: 90.00

Fees Charged:

| | |
|---|---:|
| Levy Fee | 50.00 |
| Service Fee | 40.00 |
| Total | 90.00 |

**Attorney:**
BECKER & POLIAKOFF PA
121 ALHAMBRA PLAZA 10TH FLOOR
CORAL GABLES FL 33134
Work:      954-985-4102
PHONE:   305-262-4433 CORAL GABLES OFFICE

© QuiiCode, Inc.      FL_PalmBeach_Buckslip

**APPENDIX – A**

LEGAL BRIEF
RE: VOID
JUDGMENTS
+
ACTIONS

Filing # 13785415 Electronically Filed 05/16/2014 05:23:22 PM

IN THE COUNTY COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502007CA019114XXXXMB (AW)

EMIGRANT MORTGAGE COMPANY, INC.,
A Foreign Profit Corporation

      Plaintiff,

vs.

JOSEPH L. WORRELL, MARCELLA M.
WORRELL, RUTH A. RUDDER,
EDWIN L. WORRELL, NAVY FEDERAL
CREDIT UNION, JOHN DOE AND
JANE DOE,

      Defendants.

 

_____

## DEFENDANT'S VERIFIED MOTION TO VACATE SUMMARY FINAL JUDGMENT OF FORECLOSURE , SET ASIDE AUGUST 31, 2009 FORECLOSURE SALE AND SET ASIDE THE ORDER DIRECTING THE CLERK TO ISSUE THE WRIT OF POSSESSION DATED MAY 16, 2014

**COMES NOW** the Defendant, **JOSEPH L. WORRELL**, by and through

his undersigned counsel, pursuant to Fla. R. Civ. P. Rule 1.540,

and hereby moves to vacate the Summary Final Judgment of

Foreclosure entered herein on October 20, 2008, set aside the

August 31, 2009 foreclosure sale and set aside the Order

Directing the Clerk to Issue the Writ of Possession Dated May 16,

2014 and as grounds therefore Defendant asserts: (a) That the

final judgment is void as a matter of law because Plaintiff

failed to file the original Note and Mortgage and did not re-

establish the lost Note. In fact the Plaintiff filed the

original Note and Mortgage more than five months later on March

30, 2009. In addition the Defendant's rights, under the

Servicemember's Civil Relief Act (50 USC Section 501, et.seq. ("SCRA") and its subsequent revisions and extensions, were violated.

## STATEMENT OF FACTS

1.  Plaintiff's Complaint for Foreclosure filed October 29, 2007 contains an action to re-establish the lost Note.

2. Plaintiff filed its Motion for Summary Judgment of Foreclosure on July 25, 2008.

3.  On July 27, 2008 Defendant, Joseph L. Worell, was called for Active Duty through August 3, 2008.  Pursuant to SCRA, Joseph L. Worrell was afforded a ninety (90) day stay of proceedings following separation from his unit.  Accordingly, 90 days following separation from his unit was November 1, 2008.

4.  On October 16, 2008 Defendant, Joseph L. Worrell, filed a Motion to Stay pursuant to SCRA.

5.  The Summary Final Judgment of Foreclosure was entered on October 20, 2008 without the Plaintiff's filing of the original Note and Mortgage and without re-establishment of the Note. The Court did not rule on the Defendant's Motion to Stay.

6.  On March 30, 2009, Plaintiff filed the original Note and Mortgage.

7.  On May 21, 2009, Defendant, Joseph L. Worrell, was called for active duty through April 16, 2010.

8.  On July 27, 2009, Plaintiff filed its Motion to Reschedule the Sale which was set for August 31,2009 and the Certificate of Sale was issued by the Clerk August 31, 2009.

9. On February 1, 2013The Clerk issued the Certificate of Title to Plaintiff.

10. On April 30, 2013, Defendant, Joseph L. Worrell received Military Orders to report for active duty from May 5, 2013 through May 17, 2013.

11. On May 16, 2013 this Court issued an Order directing the Clerk to issue a Writ of Possession for the property which was the subject of this action.

12. On May 22, 2013 the Writ of Possession was issued.

13. On May 23, 2013 the Palm Beach County Sheriff's Office served the Writ of Possession on Defendant, Joseph L. Worrell, and executed same on May 29, 2013.

14. As of this date, Plaintiff still owns the property which is the subject of this foreclosure action almost one year after Defendant, Joseph L. Worrell, and his family were removed from his residence by the Court and the Sheriff's Office of Palm Beach County.

<div align="center">**ARGUMENT**</div>



**I.** **The final judgment is void as a matter of law because Plaintiff failed to file the original Note and Mortgage before the Summary Judgment of Foreclosure and/or Plaintiff misrepresented to the Court that the original Note and Mortgage were in its possession and Plaintiff failed to re-establish the Lost Note.**

Rule 1.540(b)(4) Fla. R. Civ. P. provides, in pertinent part, that:

> "On motion and upon such terms are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the

following reasons: ... (4) that the judgment or decree
is void."

Relief from a void judgment may be granted at any time.[1]

If the Plaintiff is not in possession of the original Note and
did not re-establish it, Plaintiff cannot foreclose on the Note
and Mortgage. Section 673.3091(1), Florida Statutes; Dasma
Investments LLC v. Realty Associates Fund III, L.P. 459 F. Supp
2d 1294, 1302 (S.D. Fla. 2006). If it is determined that the
judgment entered is void, the trial court has no discretion, but
is obligated to vacate the judgment.

### II. Plaintiff perpetrated a fraud upon this Court and therefore, the final judgment must be vacated and the sale set aside.

Fla. R. Civ. P. Rule 1.540 does not limit the power of a
court to set aside a judgment or decree for fraud upon the court.
There is no time limit on the exercise of this power. Fraud upon
the court occurs where "it can be demonstrated, clearly and
convincingly, that a party has sentiently set in motion some
unconscionable scheme calculated to interfere with the judicial
system's ability impartially to adjudicate a matter by improperly
influencing the trier of fact."[2] Plaintiff perpetrated a fraud
upon the Court by failing to file the original Note and Mortgage
or re-establish the lost Note before the Summary Judgment of
Foreclosure.

---

[1] Fla. R. Civ. P. 1.540(b)

[2] Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)(quoting
Aoude v. Mobil Oil Corp., 892 F. 2d 1114, 1118 (1st Cir. 1989)

### III. SCRA requires the lender to reduce the interest rate on the Note to 6% while Defendant was on active duty with the military

Section 527 of SCRA provides that interest rates for the debts of service members are capped at 6% during period of active duty.  The Act also provides that any interest over the rate of 6% charged during active military service is forgiven. Plaintiff failed to cap the interest rate in this action at 6% and filed an Affidavit of Amount Owing in this action that failed to comply with SCRA.

### IV SCRA requires the Court to stay or vacate execution of judgments, attachments and garnishments

Section 524 of SCRA provides that if a Court determines that service member's active duty has materially affected his ability to observe a court judgment/order, the Court shall upon application by the service member, stay the execution of any judgment or order entered against the service member and vacate or stay the attachment or garnishment of property.   The period of active duty is extended by SCRA for 90 days following separation from active duty.  The facts set forth above show that the Court did not comply with the requirements of SCRA and disregarded the intent and purpose of SCRA.  Defendant, Joseph L. Worrell, faithfully executed his service to this country and deserved the legal protections of the SCRA.

**WHEREFORE** Defendant respectfully requests that this Court

## VERIFICATION

    I, **JAMES A. CIOFFI, ESQ.**, declare under penalty of perjury that the facts stated in this motion are true and correct, that I have personal knowledge of those facts, and that I am competent to testify as to the truth of those facts.

<u>**JAMES A. CIOFFI, ESQ.**</u>

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant's Motion to Vacate Summary Final Judgment of Foreclosure and to Set Aside Foreclosure Sale has been furnished by U.S. Mail, postage prepaid, this <u>16</u> day of May, 2014 to:

Steven M. Davis, Esq.
Attorney for Plaintiff
Becker & Poliakoff
121 Alhambra Plaza, 10th Floor
Coral Gables, Fl 33134
<u>sdavis@becker-poliakoff.com</u>
<u>cgarcia@becker-poliakoff.com</u>
<u>jmartinez@becker-poliakoff.com</u>

Marie Campbell, Esq.
Florida Default Law Group, PL
PO Box 25018
Tampa, Fl 33622

Adam I Skolnik, Esq.
1761 West Hillsboro Blvd., Suite 201
Deerfield Beach, Fl 33442
<u>askolnik@skolniklawpa.com</u>


                                RESPECTFULLY SUBMITTED,

                                Jeffer & Cioffi P.A.
                                250 Tequesta Dr., #203
                                Tequesta, FL 33469
                                Phone 561-747-6000
                                **Fax 561-575-9167**

                                By: <u>/s/ Julie L. Hogan</u>
                                Julie L. Hogan, Esq.
                                Florida Bar No. 65370
                                <u>julie@jcclaw.com</u>
                                <u>james@jcclaw.com</u>

Filing # 14366476 Electronically Filed 06/03/2014 01:48:02 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,          CASE NO. 502007CA019114XXXXMBAW
a Foreign Profit Corporation,

      Plaintiff

v.

JOSEPH L. WORRELL, et. al.,

      Defendant(s)



_____/

**NOTICE OF HEARING**

    **YOU WILL PLEASE TAKE NOTICE** that the undersigned will call up for hearing before the **Honorable Judge Richard Oftedal**, in the **Palm Beach County Courthouse**, 205 North Dixie Highway, **Courtroom 10B**, West Palm Beach, FL 33401 on **July 18, 2014 at 9:00 am.**, or as soon thereafter as may be heard:

DEFENDANT'S VERIFIED MOTION TO VACATE SUMMARY FINAL JUDGMENT OF
FORECLOSURE

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Krista Garber, ADA Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401, (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Adam I. Skolnik, Esq., via E-mail at askolnik@skolniklawpa.com, Julie L. Hogan, Jeffer & Cioffi, P.A. via email at Julie@jcclw.com, on this 3 day of June, 2014.

> BECKER & POLIAKOFF, P.A.
> Counsel for Plaintiff
> 121 Alhambra Plaza, Suite 1000
> Coral Gables, Florida 33134
> 305/262-4433 (Telephone)
>
> By _____
>     Steven M. Davis
>     Florida Bar No.894249

ACTIVE: E09476/116345-5820500_1

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

**FW: Emigrant**

jo worr [joworr@yahoo.com]

**Sent:** Wednesday, July 16, 2014 6:56 AM
**To:** Worrell, Joseph L IT2
**Attachments:** doc07656020140715192440.pdf (227 KB)

----Forwarded message----
From: James@jcclaw.com
To: joworr@yahoo.com
Sent: Tue, Jul 15, 2014 8:15 PM EDT
Subject: Emigrant

Hi Joseph;
Attached is the Order Denying my Motion to Vacate the Judgment signed June 18th.  You will
see that I am not on the attached Service List so I was not provided a copy by the Court.
I saw it today when I was viewing the Court file at the Courthouse. I believe the remedy for
SCRA violations will have to be addressed in Federal Court.
Regards, Jim

James A. Cioffi, Esq.
250 Tequesta Drive #203
Tequesta, Fl 33469
561-747-6000 xt 113
561-575-9167 FAX
james@jcclaw.com

EVIDENCE
OF
CONSPIRACY
AND WILLFULL
DISREGARD OF
THE LAW.

## SERVICE LIST

### Case No. 502007CA019114XXXXMBAW

Adam L. Skolnik, Esq.
Attorney for Defendant, Joseph Worrell
1761 West Hillsboro Blvd., Suite 201
Deerfield Beach, Florida 33442
E-mail: askolnik@skolniklawpa.com

Ruth A. Worrell
13993 Caloosa Blvd.
Palm Beach, Florida 33418

Edwin L. Worrell
13993 Caloosa Blvd.
Palm Beach Gardens, Florida 33418

Marcela Worrell
5470 SW 22nd Place
Ocala, Florida 34480

Marie Campbell, Esq.
Florida Default Law Group, PL
P.O. Box 25018
Tampa, Florida 33622

Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Primary E-mail: sdavis@becker-poliakoff.com
Secondary E-mail: cgarcia@becker-poliakoff.com
Secondary E-mail: jmartinez@becker-poliakoff.com







THE
EMC Bill, 2010

112TH CONGRESS
1ST SESSION

# H. R. 3128 ✳

To amend the Dodd-Frank Wall Street Reform and Consumer Protection
Act to adjust the date on which consolidated assets are determined
for purposes of exempting certain instruments of smaller institutions
from capital deductions.

---

## IN THE HOUSE OF REPRESENTATIVES

OCTOBER 6, 2011

Mr. GRIMM (for himself, Mrs. MALONEY, Mr. KING of New York, Mr. MEEKS,
Ms. HAYWORTH, and Mrs. MCCARTHY of New York) introduced the fol-
lowing bill; which was referred to the Committee on Financial Services

---

# A BILL

To amend the Dodd-Frank Wall Street Reform and Con-
sumer Protection Act to adjust the date on which consoli-
dated assets are determined for purposes of exempting
certain instruments of smaller institutions from capital
deductions.



$300 M

1    Be it enacted by the Senate and House of Representa-

2 tives of the United States of America in Congress assembled,

3 **SECTION 1. DATE FOR DETERMINING CONSOLIDATED AS-**

4            **SETS.**

5    Section 171(b)(4)(C) of the Dodd-Frank Wall Street

6 Reform and Consumer Protection Act is amended by in-



EVIDENCE OF EMC
POLITICAL
INFLUENCE

2

1  serting after "December 31, 2009," the following: "or

2  March 31, 2010,".



THIS CASE CLEARLY
VIOLATES THIS
$300MBill, PASSED
SOLEY FOR THIS
BANK.

•HR 3123 IH

# APPENDIX - VII

EVIDENCE OF
MORE FRAUDS+
CONSPIRACY
TO UNLAWFULLY
TAKE REAL PROPERTY
AGAINST U.S. CONST.

# Enclosures

*[Handwritten annotations across page: "LAND TITLE", "FRAUD", "8-31-2009", and other illegible markings]*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,                    CASE NO.: 502007CA019114XXXXMBAW
a Florida not-for-profit corporation,
                          Plaintiff,

vs.

JOSEPH E. WORRELL, et. al.,

                          Defendants.

CFN 20130055687
OR BK 25771 PG 0217
RECORDED 02/05/2013 16:11:50
Palm Beach County, Florida
AMT 100.00
Doc Stamp 0.70
Sharon R. Bock, CLERK & COMPTROLLER
Pg 0217; (1pg)

## CERTIFICATE OF TITLE

The undersigned SHARON R. BOCK, Clerk of the Court, certifies that she executed and
filed a certificate of sale in this action on AUGUST 31, 2009  , 2013, for the property described
herein and that no objections to the sale have been filed within the time allowed for filing
objections, or have been heard by the court.

The following property in PALM BEACH COUNTY, Florida:

     **Lot 62, Section Three Caloosa 1st Additional, according to the Plat thereof on file in
     the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida,
     in Plat Book 34, Pages 56 to 62.**

was sold to EMIGRANT MORTGAGE COMPANY, INC. C/O BECKER & POLIAKOFF, P.A.,
121 ALHAMBRA PLAZA, 10TH FLOOR, CORAL GABLES, FL 33134
WITNESS my hand and the seal of this court on _____ FEB 0 1 2013 _____.

                                        SHARON R. BOCK, as Clerk

                                        BY _____
                                             Deputy Clerk   KENNETH BIANCO

ACTIVE-B09475/116345;1845:53

2013 FEB -1 AM 9:09
SHARON R BOCK, C.E. K
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 1
FILED

LAW OFFICES
Becker & Poliakoff, P.A.  ·  Alhambra Towers  ·  121 Alhambra Plaza, 10th Floor  ·  Coral Gables, FL 33134
TELEPHONE (305) 262-4433

Book25771/Page217                                     Page 1 of 1

EXHIBIT
'A'

CFN 20150338076
OR BK 27797 PG 0284
RECORDED 09/11/2015 15:33:19
Palm Beach County, Florida
AMT 10.00
Doc Stamp 0.70
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 0284 - 285; (2pgs)

THIS INSTRUMENT PREPARED BY:
Scott A. Marcus, Esq.
Becker & Poliakoff, P. A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, Florida 33301

## QUIT CLAIM DEED

THIS QUIT CLAIM DEED, executed this ___ day of September, 2015, by EMIGRANT MORTGAGE COMPANY, INC., a New York corporation, whose address is 5 East 42ᵈ Street, New York, NY 10017, grantor, to RETAINED REALTY, INC., a New York corporation, whose address is 5 East 42ᵈ Street, New York, NY 10017, grantee:

(Whenever used herein the terms "grantor" and "grantee" shall include singular and plural heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

WITNESSETH, That said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situate, lying and being in Palm Beach County, Florida, to-wit:

Lot 62, SECTION THREE CALOOSA 1ˢᵀ ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

Folio No. 00-41-41-20-01-003-0620

DOCUMENTARY STAMP TAXES ARE NOT DUE ON THIS TRANSFER, AS THE TRANSFER IS FROM A PARENT TRANSFEROR TO ITS WHOLLY OWNED TRANSFEREE WITHOUT ANY EXCHANGE OF VALUE; Crescent Miami Center, LLC v. Florida Department of Revenue.

THE PREPARER OF THIS INSTRUMENT WAS NEITHER FURNISHED WITH NOR ASKED TO REVIEW TITLE TO THIS PROPERTY AND THEREFORE PROVIDES NO OPINION AS TO THE STATUS OF TITLE.

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anyway appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity for the use, benefit and profit of the said grantee forever.



EXHIBIT
C

ACTIVE: E09475/320011/7439003_1

Book27797/Page284                                    Page 1 of 2

IN WITNESS WHEREOF, the said first party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

Witness: Sharon Floriano

Printed Name: Sharon Floriano

Witness:

Levi Chow

Printed Name:

**EMIGRANT MORTGAGE COMPANY, INC.,**
**a New York corporation**

By: _____
Tara Cardoza, First Vice President

FALSE SWORN

State of New York
County of New York

The foregoing instrument was acknowledged before me this 8th day of September 2015 by Tara Cardoza, as First Vice President of EMIGRANT MORTGAGE COMPANY, INC., a New York corporation, on behalf of the company. He is personally known to me or provided _____ _____ for identification.

_____
Notary Public

Print Name of Notary

JAMES CONNOR
NOTARY PUBLIC, State of New York
No. 01CO6067957
Qualified in Richmond County
Commission Expires Feb. 11, 2018

My Commission Expires:

CFN 20150338077
OR BK 27797 PG 0286
RECORDED 09/11/2015 15:33:19
Palm Beach County, Florida
AMT 419,000.00
Doc Stamp 2,933.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0286 - 287; (2pgs)

Prepared by and return to:
Scott A. Marcus, Esq.
Attorney at Law
Becker & Poliakoff, P.A.
1 East Broward Boulevard Suite 1800
Fort Lauderdale, FL 33301
954-987-5550
File Number:370013
Will Call No.:

[Space Above This Line For Recording Data]

## Special Warranty Deed

This Special Warranty Deed made this ___ day of September, 2015 between Retained Realty, Inc., A New York corporation whose post office address is 5 East 42nd Street, New York, NY 10017, grantor, and Chad Ingram and Saana Ingram, husband and wife and Ilkka Juhani Syrimetsa, a single man whose post office address is 1600 Flagler Blvd., Lake Park, FL 33403, grantee.

(Whenever used herein the terms grantor and grantee include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

Witnesseth, that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Palm Beach County, Florida, to-wit:

Lot 62, SECTION THREE CALOOSA 1ST ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

Parcel Identification Number: 00-41-41-20-04-003-0620

Subject to taxes for 2015 and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any which shall not serve to reimpose the same, together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

To Have and to Hold, the same in fee simple forever.

And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under grantors.



EXHIBIT

D

DoubleTime



Book27797/Page286                                        Page 1 of 2

In Witness Whereof, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: Sharon Farland

Witness Name: Levi Chow

Retained Realty, Inc., A New York corporation

By: _____
    Tara Cardoza, President

(Corporate Seal)

**FALSE SWORN**

State of New York
County of New York

The foregoing instrument was acknowledged before me this 8th day of September, 2015 by Tara Cardoza, President of Retained Realty, Inc., A New York corporation, on behalf of the corporation. He/she [ ] is personally known to me or [X] has produced a driver's license as identification.

_____
Notary Public

Printed Name: JAMES CONNOR
NOTARY PUBLIC, State of New York
No. 01CO6067957
Qualified in Richmond County
My Commission Expires: Commission Expires Feb. 11, 2016

Special Warranty Deed - Page 2

DoubleTimes

Book27797/Page287                    Page 2 of 2

CASE NO: 50 2007 CA 019114XXXXMBAW

EMIGRANT MORTGAGE COMPANY, INC.,

-VS-

JOSEPH L. WORRELL, et al.

Exhibit - A

SEE F.S.
95.11 (5)(h)

Filing # 30483096 E-Filed 08/05/2015 09:23:16 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.     CASE NO. 502007CA019114XXXXMBAW
a Foreign Profit Corporation,

       Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

       Defendants.

_____/

### PLAINTIFF'S MOTION FOR ATTORNEY FEES AND DEFICIENCY JUDGMENT

    Plaintiff, Emigrant Mortgage Company, Inc. ("EMIGRANT") by and through its undersigned counsel, files its Motion for Attorney Fees and Deficiency Judgment pursuant to F.S. 702.06 and states as follows:

### INTRODUCTION

    This is a foreclosure action pending since October 29, 2007. On October 20, 2008, this Court entered its Final Judgment in favor of EMIGRANT and scheduled a foreclosure sale for the subject property. After a series of bankruptcy filings, this Court heard Defendant's Petition for Stay or Vacation of Judgment pursuant to the Servicemembers Civil Relief Act and denied same on March 27, 2009. The foreclosure sale was held on August 31, 2009 and the Certificate of Sale was issued by the Clerk. EMIGRANT was the successful bidder.

    No objections to the sale were filed. On November 19, 2012, this Court conducted a hearing on Emigrant Mortgage Company, Inc.'s Renewed Motion for Entry of Certificate of Title and denied same without prejudice. Ultimately, on February, 1 2013, this court issued its Certificate of Title. Further litigation ensued due to the Defendant's continued efforts to thwart the issuance of a Writ of Possession which was ultimately issued. On May 24, 2013, the Palm Beach County Sheriff removed Defendant from the premises. Defendant then filed a Motion to Vacate Summary Final Judgment of Foreclosure on May 16, 2014. On June 19, 2014, this Court denied that motion without a hearing.

*** FILED: PALM BEACH COUNTY, FL  SHARON R BOCK, CLERK. 8/5/2015 9:23:16 AM ***

Defendant filed his Notice of Appeal on July 18, 2014. The Fourth District Court of Appeal affirmed on May 21, 2015 and granted Plaintiff's Motion for Attorney Fees for the appellate case. Defendant filed a Motion for Rehearing on June 5, 2015. That Motion was denied on June 10, 2015. Defendant then filed a Notice of Appeal to the Florida Supreme Court. That appeal was dismissed on July 29, 2015. The Fourth District Court of Appeal issued its mandate on July 31, 2015.

## ARGUMENT

1.      The Final Summary Judgment of Foreclosure reserved this Court's jurisdiction to enter deficiency decrees against the Defendant.

2.      The Clerk of The Court has rendered the Certificate of Title in favor of Plaintiff, the successful high bidder of at the foreclosure sale.

3.      Due to the length of time between the entry of the Final Summary Judgment, issuance of Certificate of Title, and ultimate sale of the property, Plaintiff incurred a significant amount of additional expenses, costs and fees.

4.      In addition, the Fourth District Court of Appeal awarded Plaintiff its appellate fees.

5.      Plaintiff's judgment amount, additional expenses, costs, and fees, significantly exceeded the sale price of the property, resulting in a deficiency. Pursuant to Section 702.06, Florida Statutes, this Court has the discretion to enter a deficiency decree against Defendant for the deficiency suffered by Plaintiff.

6.      Plaintiff's Final Summary Judgment of Foreclosure is attached hereto as Exhibit "A".

7.      Plaintiff's Affidavit of Attorney Fees incurred since entry of the Final Judgment, Plaintiff's Itemization of Appellate Attorney Fees, Plaintiff's Affidavit of Additional Costs, Plaintiff's Affidavit of Additional Expenses, and Plaintiff's Affidavit of Sale will be filed under separate cover.

8.      Based upon the foregoing, Plaintiff is seeking a deficiency judgment for the aforementioned items less the sale proceeds.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR · · CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

CASE NO. 502007CA019114XXXXMBAW

WHEREFORE, for the aforementioned reasons, Plaintiff, Emigrant Mortgage Company, Inc., respectfully requests that this Court grants its Motion for Deficiency Judgment and award such other and further relief as appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Regular U.S. Mail to Joseph L. Worrell, P.O. Box 30071, West Palm Beach, Fl 33420-0071, and Marcela Worrell at 5470 SW 22nd Place, Ocala, Florida 34480 on this **5th** day August, 2015.

Becker & Poliakoff, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza
10th Floor
Coral Gables, FL  33134
(305) 262-4433
(305) 442-2232 Fax

By: _____
Steven M. Davis
Florida Bar # 894249

ACTIVE: E09475/116355/12927647

*[handwritten: CONTINUED REFUSAL TO OBSERVE THE LAW (CONSPIRACY)]*

3



**BECKER &**
**POLIAKOFF**

Steven M. Davis, Esq.
Attorney at Law
Phone: (305) 260-1013   Fax: (305) 442-2232
sdavis@bplegal.com

121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134

February 5, 2016

**VIA FEDERAL EXPRESS**
CIRCUIT CIVIL DIVISION "AW" -- FORECLOSURE DIVISION
Palm Beach County Courthouse
205 N. DIXIE HIGHWAY
WEST PALM BEACH, FLORIDA 33401

**Emigrant Mortgage Company, Inc. v. Joseph Worrell, et. al.**
**Case No: 502007CA019114XXXXMBAW**

Dear Judge Blanc:

Enclosed please find the documents listed below for Plaintiff's Motion for Attorney's Fees and Deficiency Judgment hearing currently scheduled for **February 18, 2016 at 8:45 A.M.**

In preparation for this hearing enclosed please find the Plaintiff's Motion for Attorney's Fees and Deficiency Judgment hearing, along with its Proposed Order with sufficient copies and self-addressed stamped envelopes for parties on service list.

1.   Plaintiff's Motion for Attorney's Fees and Deficiency Judgment

2.   Notice of Hearing regarding (1) Plaintiff's Motion for Attorney's Fees and Deficiency Judgment

3.   Proposed Orders on Motion for Attorney's Fees and Deficiency Judgment

4.   Plaintiff's Amended Notice of Filing Supporting Affidavits along with Affidavit of Attorney's Fees, Affidavit of Reasonable Attorney's Fees and Affidavit of Costs.

Respectfully Submitted,

Steven M. Davis
For the Firm
SMD/mp
Cc: Joseph Worrell
ACTIVE: E09475/116345:8122668_1

www.bplegal.com     care@bplegal.com

Florida   New Jersey   New York   Virginia   Washington, DC   Prague

(8MD)

**BECKER &**
**POLIAKOFF**

121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134

3343200717171

Joseph L. Worrell
P.O. Box 30071
West Palm Beach, Florida 33420



**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL COURT**
**IN AND FOR PALM BEACH COUNTY FLORIDA**

EMIGRANT MORTGAGE COMPANY, INC.,
a Foreign Profit Corporation,
            Plaintiff,

      v.              CASE NO: 50 2007 CA 019114XXXXMBAW

JOSEPH L. WORRELL, et al.
             Defendants.
_____/

## NOTICE PURSUANT TO 50 USC 501 ET.SEQ.(SCRA)

       Defendant(s) hereby serve notice pursuant to the Servicemember Civil Relief Act (SCRA); codified at 50 U.S.C. App. §§ 501-597b. The law provides that no period of active duty service shall be included in computing any period of time limited by law; *Id §§ 526.* As evident from Appendix, Defendant received orders to report for a period of military active duty, as defined within U.S.C. title 10. It is suggested therefore, federal law operates to impose a suitable stay, such that any time period permitted by law is tolled and extended in accordance with the SCRA to allow performance of military obligations. Note that periods of active duty can be adjusted by order modifications and back to back orders, subject to needs of the military.  Your cooperation and support is appreciated.

Respectfully submitted,

Dated: February 12, 2016

                            Joseph Worrell
                            PO Box 30071
                            West Palm Beach
                            Florida 33420



**DEPARTMENT OF THE NAVY**
NAVAL MOBILE CONSTRUCTION BATTALION FOURTEEN
READINESS SUPPORT SITE
5301 BAINBRIDGE AVE BOX 52
GULFPORT, MS 39501

IN REPLY REFER TO
3127
Ser 00/371
8 Dec 15

From: Commanding Officer, Naval Mobile Construction Battalion
FOURTEEN
To:    Civilian Faculty
Subj: NAVAL MOBILE CONSTRUCTION BATTALION FOURTEEN FISCAL YEAR
      2016 FIELD TRAINING EXERCISE

1.   I am writing to you concerning Joseph Worrell, who is a
member of Naval Mobile Construction Battalion FOURTEEN (NMCB
14), headquartered in Gulfport, MS. I would like to ask for your
cooperation and support in making it possible for him/her to
participate in essential military training and service. I have
provided below, a rough schedule of our unit's Field Training
Exercise. EXACT DATES will be provided by each individual member
as final assignments and orders are issued in the next month.
      a.   Field Training Exercise (FTX).  NMCB 14 will participate
in a FTX in Mississippi early February to early March 2016 to be
conducted and administered by Naval Construction Group TWO.  The
current execution plan is as follows:
         (1) Advance Party (AP). An Advance Party will travel to
Gulfport, MS in early February to prepare for the FTX.
Individuals designated as members of the AP will travel
independently and departure dates for these members will vary.
         (2) Main Body (MB). Members of the Main Body Group will
initiate travel in mid-February and return in late February.
         (3) Delay Party (DP). A Delay Party will travel to Camp
Shelby in Mid-February along with the members of MB but will
remain behind to support necessary tasks in support of the
training evolution.

2.   As the Commanding Officer (CO) of NMCB 14, I, Commander
David W. Wilhite, constitute this letter as sufficient notice
under the law.
3.   If you have any questions about USERRA or employer support,
you can find information on ESGR's website at www.esgr.mil. You
can also call the ESGR, toll-free, at 1-800-336-4590,  or
contact ESGR via email: USERRA@osd.mil.
      On behalf of the Department of Defense, I thank you for
your continued cooperation and support of our upcoming Field
Training Exercise.

D. W. WILHITE

With modification, as needed.



1572
NROWS/3950806/1
SDN: N8510516RT10985
01 FEB 2016

SUBJ: MODIFICATION TO ANNUAL TRAINING; CASE OF CE2 JOSEPH L WORRELL, USN,
▓▓▓▓▓▓▓/CE2

ENDORSEMENT STAMP(PRINT)

GAINING COMMAND NMCB14            DATE/TIME REPORTED: 14Feb16/1600
Printed Name Kelly Cutayog        Signature: Kelly Cutayog
MESSING: AVAILABLE / NOT AVAILABLE   BERTHING: AVAILABLE / NOT AVAILABLE
NON-AVAILABILITY NUMBER            DATE/TIME DEPARTED:
Printed Name: Kelly Cutayog        Signature: Kelly Cutayog

For Paying Office Use Only

I certify that on this _____, I processed this set of orders
for payment.          (Date)

_____          _____
Print Name                      Signature

FOR OFFICIAL USE ONLY

3

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC., a    CASE NO. 502007CA019114XXXXMBAW
Foreign profit corporation,

     Plaintiff,

v.

JOSEPH L. WORRELL, et. al.,

     Defendants.

_____/

**ORDER ON MOTION FOR ATTORNEY FEES and FINAL JUDGMENT OF DEFICIENCY**

    **THIS ACTION** was before the Court on Plaintiff s Motion for Attorney Fees and Deficiency Judgment. On the motion presented and being otherwise duly informed,

    **IT IS ORDERED AND ADJUDGED that:**

    1.    Plaintiff's Motion for Attorney Fees and Deficiency Judgment is hereby GRANTED.

    2.    **Judgment.** Based upon the testimony and/or affidavits presented, a final judgment of deficiency is hereby entered in favor of Plaintiff, EMIGRANT MORTGAGE COMPANY, INC., a Foreign profit corporation, or its successors and/or assigns, and against Defendant, JOSEPH L. WORRELL, for the following amount:

| | | |
|---|---|---|
| a. | Final Summary Judgment entered 10/20/2008 | $623,955.05 |
| b. | Post-Judgment Interest at 11% from 10/20/2008 through 09/10/2015 on said Judgment amount (per diem rate $187.97) | 473,111.78 |
| c. | **SUB-TOTAL** | $1,097,066.83 |
| d. | Sales Price of Property sold on 09/10/2015 | (419,000.00) |
| e. | **SUB-TOTAL** | $678,066.83 |
| f. | Post-Judgment Interest at 11% from 09/11/2015 through 03/03/2016 on balance of said Judgment amount (per diem $61.41) | 10,747.51 |
| g. | **SUB-TOTAL** | $688,814.34 |
| | **Post-Judgment Costs** | |
| h. | Re-Open Case Fee | 50.00 |
| i. | Copy Service | 74.22 |
| j. | Court Reporter(s) | 500.90 |
| k. | Michael J. Gelfand, Esq. (Expert Fee) | 1,260.00 |
| l. | Administrative Expenses | 51.68 |
| | | 1,936.80 |
| | **Post-Judgment Legal Fees** | |
| m. | Attorney's Fees | 58,767.50 |

n.   **TOTAL**                                                                    $749,518.64

3.   **Interest.**   Such amounts as designated in paragraph 2 shall bear interest from the date of this judgment at the rate prescribed by law initially and thereafter as provided by Section 55.03, *Florida Statutes.*

4.   **Reservation of Jurisdiction.** The Court expressly reserves jurisdiction over this matter for the purpose of the enforcement of this judgment, including awards of attorneys' fees and any other sums incurred by Plaintiff in collecting this judgment.

5.   **Judgment Creditor Address.** The name and address of the judgment creditor is Emigrant Mortgage Company, Inc., a Foreign profit corporation, 5 East 42nd Street, 10th Floor, New York, NY 10117.

6.   **Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet).** It is further ordered and adjudged that the judgment debtor shall complete under oath *Florida Rule of Civil Procedure* Form 1.977 (Fact Information Sheet), in the form attached, including all required attachments, and serve them on Plaintiff's attorney within forty-five (45) days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is further retained to enter further orders that are proper to compel the Defendants to complete Form 1.977, including all required attachments, and serve them on Plaintiff's Attorneys.

**DONE AND ORDERED** in Chambers / Open Court in Palm Beach County, Florida this _____ day of _____, 2016.

SIGNED & DATED

_____
CIRCUIT JUDGE

MAR - 3 2016

JANIS BRUSTARES KEYSER
CIRCUIT JUDGE

Copies furnished to all parties:

Joseph L. Worrell
SSN: ████1975
P.O. Box 30071
West Palm Beach, Florida 33420

Marcela Worrell
5470 SW 22nd Place
Ocala, Florida 34480

Steven M. Davis, Esq.
Attorney for Plaintiff
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Primary E-mail: sdavis@bplegal.com
Secondary E-mail: cgarcia@bplegal.com
Secondary E-mail: mperaza@bplegal.com

ACTIVE: E09475/116345:8116727_4



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

EMIGRANT MORTGAGE COMPANY, INC.,          CIVIL DIVISION

     *Plaintiff(s),*                                      CASE NO:

        v.                                          50 2007 CA 019114XXXXMB AW

JOSEPH WORRELL, et al,

     *Defendant(s)*                                  **APPEALS COURT NO.:** 4D16-___

_____/

## NOTICE OF APPEAL

     Pursuant to Florida Rules of Appellate Procedure this order is hereby
appealed to the Florida Court of Appeals of the Fourth District for review. The
order was entered by the Honorable Circuit Judge Janis Brustares Keyser on March
3, 2016, and a conformed copy is attached hereto.

                                   JOSEPH WORRELL
                                   PO Box 30071,
                                   West Palm Beach,
                                   Florida 33420

## **CERTIFICATION**

     I HEREBY CERTIFY that an accurate copy of foregoing has been served to
Plaintiff's attorney:

     Steven M. Davis, Esq. Attorney for Plaintiff, Becker & Poliakoff,
     121 Alhambra Plaza, 10th Floor, Coral Gables, Florida 33134.

2016 MAR 18 PM 5: 03
CLERK
CIRCUIT COURT OF APPEAL
FOURTH DISTRICT

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

December 9, 2015

*[handwritten: STILL UNRESOLVED FORECLOSURE DISPUTE.]*

Joseph Worrell
P.O. Box 30071
West Palm Beach, FL 33420

   RE: Worrell v. Emigrant Mortgage Co.
      No: 15A447

Dear Mr. Worrell:

    Returned are all materials except one copy of the petition in the above-entitled case postmarked on November 27, 2015 and received on December 7, 2015, which fails to comply with the Rules of this Court.

    The petition must bear a suitable cover consisting of heavy paper, front and back.  Rule 33.1(e).

    The text of the petition and appendix must be typeset in a Century family (e.g., Century Expanded, New Century Schoolbook, or Century Schoolbook) 12-point type with 2-point or more leading between lines.  The typeface of footnotes must be 10-point or larger with 2-point or more leading between lines.   Rule 33.1(b).

    The materials contained in the appendix have been photoreduced which is prohibited.  The size of the print must comply in all respects with Rule 33.1(b).

    The questions presented for review must be followed by the list of parties (if all do not appear on the cover), corporate disclosure statement (if applicable), table of contents, table of authorities, citations of the official and unofficial reports of opinions and orders entered in the case, statement of the basis for jurisdiction, constitutional provisions, treaties, etc., statement of the case, reasons for granting the writ, and the appendix. Rule 14.1.

    The pages containing the questions presented for review through table of authorities should be numbered (i), (ii), (iii), etc.  The following pages should be numbered 1, 2, 3, etc.

    The word limit of the text of a petition is 9,000 words.  Rule 33.1(g)(i).

    The order(s) of the Circuit Court for the Fifteenth Judicial Circuit must be included in the appendix.  Rule 14.1 (i).  Each order must be reproduced so that it complies with Rule 33.1.

    The lower court caption, showing the name of the issuing court or agency, the title and number of the case, and the date of entry, must be included with the opinion in the appendix to the petition.  Rule 14.1(i)(ii).

Kindly correct the petition and appendix so that it complies in all respects with the Rules of this Court and return it to this Office promptly so that it may be docketed. Unless the ~~petition is docketed within 60 days of~~ ~~received within 60 days or~~ ~~d~~. Rule 14.5.

Three copies of the corrected petition must be served on opposing counsel. Rule 29.3.

This office shall retain one copy of the petition and your the next submission shall include the filing fee in the amount of $300.00 in expectation of timely receipt of a properly prepared petition.

Enclosed are a copy of the Rules of the Court and memorandum concerning the preparation of a paid petition in booklet format.

When making the required corrections to a petition, no change to the substance of the petition may be made.

You must submit a certificate stating that the petition complies with the word limitation. The certificate must state the number of words in the document and must be separate from the petition. Rule 33.1(h). If the certificate is signed by a person other than a member of the Bar of this Court, the counsel of record, or the unrepresented party, it must contain a notarized affidavit or declaration in compliance with 28 USC 1746.

The Court strictly enforces the rules for filing a petition for a writ of certiorari. As no substantive changes to the petition may be made after the initial submission, the table of contents shall guide review of the re-submission.

                                        Sincerely,
                                        Scott S. Harris, Clerk
                                        By:

                                        Erik Fossum
                                        (202) 479-3392

Enclosures

Print

**Subject:** Re: Records and payments to the trustee

**From:** Nadine White-Boyd (Nadine@businessmindedlawfirm.com)

**To:** joworr@yahoo.com;

**Date:** Thursday, March 3, 2016 4:35 PM

I am moving forward with discovery and therefore will forward same to you.

## Nadine V. White-Boyd, Esq.

2925 PGA Blvd. | Suite 204
Palm Beach Gardens, FL 33410
**Phone**: (561) 626-4700 | **Fax**: (561) 627-9479
**E-mail**: Nadine@businessmindedlawfirm.com | **Web**:www.businessmindedlawfirm.com

This e-mail and any attachments are intended only for the named addressee(s). It is private and confidential, and may contain information that is proprietary, attorney work-product and/or attorney-client privileged. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited and actionable under applicable federal and state laws. If you have received this e-mail and any attachments in error, please immediately inform the sender via reply e-mail and then delete it and all attachments. We will not be responsible for Internet-based communication. Given the sometimes unreliable nature of email and other Internet-based communication, you cannot assume we receive such transmissions, or that we do so in a timely manner. Because assuring quality representation is important to us, we ask that all communications that relate to our legal representation of you be conducted in person or by telephone.

