IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOSEPH L. WORRELL,
And Military Dependents,
Jointly and severally,

   Plaintiffs,

V

                                         CIVIL ACTION
                                         CASE NO. 16-cv-80870 ZLOCH/HUNT

EMIGRANT MORTGAGE COMPANY, INC.,
BECKER & POLIAKOFF, P.A., ROBIN R.
WEINER, ESQ., ALAN J. FISHER, P.A.,

   Defendants,

**DEFENDANTS EMIGRANT MORTGAGE COMPANY, INC.'S
AND BECKER & POLIAKOFF, P.A.'S MOTION TO DISMISS,
AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Joseph L. Worrell (WORRELL) has filed a duplicitous lawsuit against Emigrant Mortgage Company Inc. (EMIGRANT) and others, seeking to re-litigate claims that have been decided numerous times in state court, state appellate court, bankruptcy court, and this court. The current lawsuit seeks only to re-litigate claims that have been previously decided and affirmed against WORRELL. The claims are barred by res judicata and collateral estoppel, the litigation privilege, and the Rooker-Feldman doctrine. The allegations have no basis in law or fact.

Nowhere in his twenty six pages of complaint and one hundred and forty four numbered paragraphs does WORRELL mention the numerous decisions in the state circuit and appellate courts, United States Bankruptcy Court, and United States District Court.[1] The crux of his

---

[1] A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999). Public records are among the permissible facts that a district court may consider. *See Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th

complaint is that EMIGRANT purportedly wrongfully foreclosed on his property in violation of the Servicemembers Civil Relief Act (SCRA) and federal bankruptcy law.

This case emanates from a foreclosure action pending since October 29, 2007 in the Palm Beach Circuit Court for the Fifteenth Judicial Circuit, CASE NO. 50-2007-CA-019114-XXXX-MB-AW, docket attached as Exhibit "A"[2]. On October 31, 2007, Plaintiff WORRELL was personally served with the Complaint (Exhibit "B"). On November 19, 2007, WORRELL filed his Motion for Extension of Time (Exhibit "C"), and on June 30, 2008, filed his Pro Se Answer and Affirmative Defenses (Exhibit "D"). On July 25, 2008 EMIGRANT filed its Motion for Summary Final Judgment and set same for hearing (Exhibit "E"). On August 8, 2008, WORRELL filed his Motion to Dismiss/Deny Plaintiff's Request for Summary Judgment (Exhibit "F"). On October 20, 2008, the Court entered its Final Judgment in favor of EMIGRANT and scheduled a foreclosure sale for the subject property (Exhibit "G").

After a series of bankruptcy filings, WORRELL'S Chapter 13 case, Bankruptcy Petition # 09-15332-EP was dismissed on July 1, 2009 due to WORRELL'S failure to appear at the meeting of creditors and failure to make pre-confirmation plan payments (Exhibit "H"). On July 29, 2009, the Circuit Court reset the sale on WORRELL'S property for August 31, 2009 (Exhibit "I").

On July 3, 2009, WORRELL filed a Motion to Stay Proceedings and Motion to Vacate Dismissal in bankruptcy court (Exhibit "J"). Same was set for hearing on August 27, 2009 at 10:30a.m. (Exhibit "K"). As per the Certificate of Service on the Motion and the Certificate of

---

Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *cf. Bryant,* 187 F.3d at 1278 (11th Cir.1999) (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice ... of relevant public documents required to be filed with the SEC").

*Universal Express, Inc. v. U.S. S.E.C.,* 177 Fed. Appx. 52, 53 (11th Cir. 2006).

[2] All Exhibits are being filed as an Appendix to this motion.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Mailing of the Notice of Hearing, WORRELL'S counsel failed to serve EMIGRANT with the Motion and Notice of Hearing and thus did not attend the hearing. The foreclosure sale was held on August 31, 2009 and the Certificate of Sale was issued by the Clerk (Exhibit "L"). EMIGRANT was the successful bidder. No objections to the sale were filed. (See Docket attached as Exhibit "A").

On September 1, 2009, the bankruptcy court entered its Order granting the Motion to Stay Proceedings and Motion to Vacate Dismissal pursuant to the SCRA (Servicemember's Civil Relief Act), attached as Exhibit "M". On September 3, 2009, the Order was mailed to EMIGRANT. WORRELL'S bankruptcy remained pending until November 19, 2010 when the Court denied confirmation of WORRELL'S Chapter 13 plan and dismissed his case (Exhibit "N"). On January 18, 2011, WORRELL'S Motion to Reinstate his Chapter 13 case was denied (Exhibit "O"), and on April 15, 2011 WORRELL'S Motion for Reconsideration was likewise denied (Exhibit "P").

The Circuit Court heard and denied EMIGRANT'S Motions for Entry of Certificate of Title due to significant opposition from WORRELL (Exhibit "Q"). On November 19, 2012, the Circuit Court conducted a hearing on EMIGRANT'S Renewed Motion for Entry of Certificate of Title and denied same without prejudice (Exhibit "R"). On November 28, 2012, EMIGRANT then filed a Motion for Rehearing which the Court granted and set for hearing for argument on January 7, 2013 (Exhibit "S"). WORRELL requested and was granted a continuance of that hearing to January 25, 2013 at which time, EMIGRANT'S Motion for Entry of Certificate of Title was granted (Exhibit "T") and on February 1, 2013, the Clerk of the Court issued the Certificate of Title to EMIGRANT (Exhibit "U").

On February 22, 2013, WORRELL filed a Notice of Appeal with the Circuit Court (Exhibit "V").³ The Fourth District Court of Appeal docket references the appeal as Case No: 4D13-767. Attached as Exhibit "W" is a copy of the docket. As no appellate stay was in effect, EMIGRANT filed its Motion for Writ of Possession and set same for hearing on March 27, 2013 (Exhibit "X"). WORRELL filed a Motion to Stay issuance of the Writ, and Opposition to EMIGRANT'S Motion for Writ and cross noticed his hearing for the same time (Exhibit "Y"). The Court entered its order directing the Clerk to Issue the Writ but not prior to May 1, 2013 (Exhibit "Z"). On May 1, 2013, the Clerk issued the Writ (Exhibit "AA"). WORRELL then filed another Motion to Stay Issuance of the Writ (Exhibit "BB"), which was granted and another hearing was set for May 15, 2013. On May 16, 2013, the Circuit Court entered its order directing the Clerk to issue the Writ of Possession but not prior to May 22, 2013 (Exhibit "CC"). On May 22, 2013, the Clerk issued its Writ of Possession (Exhibit "DD"). On May 23, 2013, in the then pending appeal, WORRELL filed an Emergency Motion to Stay the Issuance of the Writ (Exhibit "EE"). On May 24, 2013, that Motion was denied (Exhibit "FF"). On May 29, 2013, the Writ of Possession was served on WORRELL (Exhibit "GG"). On October 24, 2013, the Fourth DCA affirmed the Circuit Court's decision granting issuance of the Certificate of Title to EMIGRANT (Exhibit "HH"). The property is no longer owned by EMIGRANT. It has been sold to a third party.

No activity had taken place in the Circuit Court case from June 7, 2013 until May 16, 2014 when WORRELL'S new counsel filed a Notice of Appearance and Motion to Vacate (Exhibit "II"). The Motion was without merit and on June 14, 2014 was denied (Exhibit "JJ"). On July 17,

---

[3] Actually, the February 22, 2013 appeal was the third appeal WORRELL filed in the foreclosure case. He filed one on November 2, 2008 and another November 24, 2008. He filed fourteen other unrelated appeals with the Fourth District Court of Appeal. He also filed a variety of complaints with the FDIC and HUD against EMIGRANT, none of which were found to have any merit.

2014 WORRELL filed another Notice of Appeal under Case No. 4D14-2676, appealing the aforementioned denial (Exhibit "KK"). On May 21, 2015, the Fourth DCA affirmed (Exhibit "LL"). WORRELL filed a Motion for Rehearing / Rehearing En Banc (Exhibit "MM"), which was denied on July 10, 2015 (Exhibit "NN"). WORRELL then filed a Petition for a Writ with the Florida Supreme Court under Case No. SC15-1389 (Exhibit "OO"). On July 29, 2015, that petition was denied (Exhibit "PP"). On July 31, 2015, the Fourth DCA issued its mandate in Case No. 4D13-767 (Exhibit "QQ"). On October 15, 2015, WORRELL appealed to the United States Supreme Court, Case No 15A447 (docket attached as Exhibit "RR"). There, WORRELL sought an extension of time to file a petition for writ of certiorari.

WORRELL'S bankruptcy case remained closed for over four years until on November 18, 2015 he filed a Motion to Reopen (Exhibit "SS"). On January 16, 2016, he filed an Adversary Complaint (Exhibit "TT"), which has since been dismissed (Exhibit "UU"). His counsel who filed the Adversary Complaint was sanctioned pursuant to Rule 11 for the filing and pursuit of the frivolous Adversary Complaint (Exhibit "VV"). The Agreed Order settling the sanctions dispute (Case 16-1046-EPK, [Dkt #125]) indicates that the law firm agreed to pay $15,000.00 of sanctions to be paid at $1,000 per month for 15 months.

In total, WORRELL filed nine appeals regarding the foreclosure of his property. He filed one on November 24, 2008: 4D08-4747 (dismissed), another on November 26, 2008: 4D08-4898 (Writ of Prohibition denied; rehearing denied), one on March 1, 2013: 4D13-767 (PCA), and another on July 18, 2014: 4D14-2676 (PCA, rehearing denied). He also appealed to the Florida Supreme Court: SC15-1389 (dismissed) and filed a petition with the United States Supreme Court: 15A447 (extension to file petition for Writ of Certiorari granted through November 26, 2015; no petition filed as of this date).

WORRELL also appealed the granting of a deficiency judgment on behalf of Emigrant seeking to recover additional fees incurred due to his continued litigation. Case No. 4D16-932 (extension to file initial brief granted through July 9, 2016, and as of the date of this motion, no brief filed) Finally, WORRELL appealed the dismissal of his United States Bankruptcy Court adversary complaint: 16-cv-80694-KAM (dismissed due to failure to timely file Designation or Statement of Issues), 16-cv-80837-KAM (initial brief not yet due).

WORRELL filed eleven other unrelated appeals with the Fourth District Court of Appeal, and two with the Florida Supreme Court. He also filed a variety of complaints with the FDIC and HUD against EMIGRANT, none of which were found to have any merit.

This suit is nothing more than an attempt to re-litigate already decided claims and seek retribution against EMIGRANT, its attorneys, and bankruptcy trustee.

## II. MEMORANDUM OF LAW

### A. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" in order to sufficiently state a claim and withstand a motion to dismiss. *See, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A plaintiff's complaint must be dismissed if it merely recites "labels and conclusions, and a formulaic recitation of the elements of a cause of action," or if its allegations are implausible on their face (e.g., if the allegations fail to support a reasonable expectation that discovery might reveal corroborating evidence, are clearly barred by res judicata, or are otherwise frivolous and incomprehensible). *See id*. at 544–46; 556; *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir. 2012) ("The complaint must contain enough facts to make a claim for relief plausible on its face"); *Certex USA, Inc. v. Vidal*, No. 09-61818-CIV, 2010 WL 2942441, *2 (S.D. Fla. Feb.

8, 2010) ("To survive a motion to dismiss, a complaint must … state a claim for relief that is plausible on its face"); *Bearse v. Main Street Investments*, 220 F.Supp.2d 1338, 1344–45 (M.D. Fla. 2002) (explaining that in ruling upon a motion to dismiss, a court shall disregard conclusory allegations); *May v. Hatter*, No. 00-4115-CIV, 2001 WL 579782 *2–3 (S.D. Fla. May 15, 2001) (dismissing pro se complaint, explaining that "frivolous actions are subject to dismissal for failure to state a claim [since they] lack any arguable basis in law or fact.").

**B.     WORRELL'S Complaint is Barred by the Doctrine of Res Judicata and the Doctrine of Collateral Estoppel**

WORRELL'S new complaint is barred by the doctrine of res judicata, which holds that "a final judgment on the merits bars the parties to a prior action from relitigating a cause of action that was or could have been raised in that action." *Kivisto v. Soifer*, 448 Fed. Appx. 923, 924 (11th Cir. 2011).

Under the doctrine of res judicata, a

> judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (emphasis in original) (citing *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984)). "Importantly, the doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." *See id*. (citations omitted).

Similarly, collateral estoppel prohibits relitigating an issue that has been fully litigated by the same parties or their privies, where there has been a final decision rendered by a court. *Mortg. Elec. Registration Sys., Inc. v. Badra*, 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008) (citing *Rice-Lamar v. City of Ft. Lauderdale*, 853 So. 2d 1125, 1131 (Fla. 4th DCA 2003)).

Emigrant filed its foreclosure case against the WORRELL in the State Circuit Court. WORRELL appeared in the foreclosure case and asserted a variety of defenses, appealed the judgment against him, and on multiple occasions, sought to void the foreclosure judgment and avoid the foreclosure sale.

In this new complaint, WORRELL'S claims all relate to the foreclosure and the arguments he previously asserted in the foreclosure case or related bankruptcy case. Because the doctrines of res judicata and collateral estoppel preclude re-litigating claims and issues that were or could have been raised in the foreclosure case, WORRELL cannot now attempt to re-litigate such claims and issues in this court.

The doctrine extends to all legal theories and claims arising out of the same "operative nucleus of fact" and bars all subsequent suits raising allegedly new theories, unless a substantial change in the underlying facts or law has transpired. See *Jaffree v. Wallace*, 837 F.2d 1461, 1468–69 (11th Cir. 1988); *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984); *see also Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("[R]es judicata …protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.").

WORRELL'S new complaint includes eight counts, all based upon the same set of facts underlying the state circuit court foreclosure action that was affirmed on appeal.

**1.     Count I**

Count I seeks damages against Emigrant and Becker & Poliakoff, P.A., claiming Emigrant and Becker & Poliakoff, P.A. relied upon deception and fraud to illegally foreclose WORRELL'S

property. WORRELL fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss. Moreover, to the extent that he could raise such facts, the claim would be barred by the four year statute of limitations for an action based upon fraud (Florida Statutes §95.11(3)(j)) as the foreclosure sale was held on August 31, 2009.

2. **Count II**

Count II realleges all of the prior factual allegations and seeks damages for "negligent infliction of emotional distress". In addition to being barred by res judicata, WORRELL'S claim for "negligent infliction of emotional distress" is barred by the Florida impact rule.

> If the plaintiff suffers an impact, he or she is permitted recovery for the emotional distress flowing from the incident in which the impact occurred; if the plaintiff has not suffered an impact, the mental distress must be manifested by a discernable physical injury, the plaintiff must have been involved in the incident which involved a closely-related person, and the plaintiff must suffer the physical injury within a short time after the incident. *See Willis v. Gami Golden Glades, LLC*, 967 So.2d 846, 850 (Fla.2007) (quoting *Zell v. Meek*, 665 So.2d 1048, 1050 n.1 (Fla.1995).

*Elliott v. Elliott*, 58 So. 3d 878, 881 (Fla. 1st DCA 2011). The facts of this case do not include any "impact" or "impact" to a closely related person. The facts simply allege a variety of activities that transpired during litigation of a foreclosure case. Accordingly, this claim must fail.

3. **Count III**

Count III alleges damages against Emigrant and Becker & Poliakoff, P.A. for "Intentional Infliction of Emotional Distress".

> Under Florida law, to state a cause of action for intentional infliction of emotional distress, a complaint must allege four elements: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman,* 968 So.2d 592, 594 (Fla.Dist.Ct.App.2007). Whether conduct is outrageous enough to support a claim for intentional infliction of emotional distress is a question of law, not a question of fact. *Id.* at 595; *see also Baker v. Florida Nat. Bank,* 559 So.2d

284, 287 (Fla.Dist.Ct.App.1990) ("The issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question in the first instance for the court to decide as a matter of law.").

> Behavior claimed to constitute the intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Ponton v. Scarfone,* 468 So.2d 1009, 1011 (Fla.Dist.Ct.App.1985) (quoting *Metropolitan Life Ins. v. McCarson,* 467 So.2d 277, 278 (Fla.1985)). In applying that standard, the subjective response of the person who is the target of the actor's conduct does not control the question of whether the tort of intentional infliction of emotional distress occurred. *Id.* Rather, the court must evaluate the conduct as objectively as is possible to determine whether it is "atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Metropolitan,* 467 So.2d at 278).

*Liberty Mut.,* 968 So.2d at 594–95.

*Roberts v. Amtrust Bank*, 14-81266-CIV, 2014 WL 7273982, at *2 (S.D. Fla. 2014). Here, along with being barred due to res judicata, all allegations arise from court proceedings and do not rise to the level of outrageousness required to state a cause of action for intentional infliction of emotional distress. The conclusory allegations simply describe legal proceedings.

**4.     Count IV**

Count IV seeks damages for fraud and is duplicative of Count I. The claim fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss based upon res judicata. Moreover, WORRELL'S allegations in Count IV are nothing more than a recasting, as "fraud," of his disagreements with the prior state court and bankruptcy court orders.  As noted above, Count IV is barred by res judicata. Further, Count IV merely alleges legal proceedings, labels and legal conclusions without any supporting facts. To withstand dismissal, the circumstances allegedly constituting fraud must be stated with detailed particularity, and may not be pled in general terms.  See, Fed. R. Civ. P. 9(b).  *See, e.g.*, *Zarrella v. Pacific Life Ins. Co.,* 755 F.Supp.2d 1218, 1224 (S.D. Fla. 2010) ("[T]he Court finds

that the complaint does not specify the fraud allegations with the particularity required under Rule 9(b), and thus, the fraud-based counts will be dismissed."); *Hill v. Morehouse Medical Assocs., Inc.*, No. 02-11429, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003) ("[S]ome indicia of reliability must be given in the complaint to support the allegation of fraud. To that end, the plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). Here, WORRELL is unable to plead and prove reliance as all acts undertaken by Defendants were litigation activities resulting in valid court orders.

5. **Count V**

Count V seeks damages for willful violation and disregard of United States Bankruptcy Laws. The claim fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss based upon res judicata. WORRELL'S claim was ruled upon by the Bankruptcy Court. Significantly, WORRELL was represented by counsel during a portion of the proceedings where all of the issues he is now raising were raised and ruled upon.

6. **Count VI**

Count VI seeks damages based upon "Breaking and entering, illegal seizure, invasion of privacy, and willful violation of constitutional rights." The claim seems to allege actions that took place during the service and execution of a Writ of Possession authorized by the State Circuit Court. The claim fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss based upon res judicata.

7.  **Count VII**

Count VII seeks damages based upon purported violations of The Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA). First, the claim fails to raise any change in the underlying facts or change in the law which would now permit these claims to withstand a Motion to Dismiss based upon res judicata.

Second, as to RESPA, WORRELL fails to allege any specific violation of the statute that would provide him with a private right of action. Moreover, RESPA §6, which does provide a private right of action for undisclosed assignments, sales, and transfers of mortgages, does not apply as the subject mortgage was always held by Emigrant Mortgage Company as evidenced by the mortgage, and underlying foreclosure pleadings. *See, Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357 (11th Cir. 2006).

Third, as to TILA, WORRELL fails to state a cause of action as he failed to detail his efforts to rescind his mortgage, when those efforts took place, and how those efforts complied with TILA. Moreover, even if WORRELL could specify those efforts, the claim fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss based upon res judicata.

8.  **Count VIII**

Finally, Count VIII seeks declaratory relief and damages, purportedly based on conversion. However, those allegations are merely duplicative of Count VI emanating from the Court's issuance of the Writ of Possession. The claim fails to raise any change in the underlying facts or change in the law which would now permit this claim to withstand a Motion to Dismiss based upon res judicata. Further, the claim fails to state a cause of action for Declaratory Relief. The Declaratory Judgment Act requires the existence of a justiciable controversy.

> The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction...any court...may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Supreme Court has characterized the Declaratory Judgment Act as an "enabling Act, which confers discretion on the courts rather than an absolute right on the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Indeed, in cases arising under the Declaratory Judgment Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.
>
> The Act thus requires courts to employ a two part analysis. First, a court hearing a request for declaratory relief must address the threshold question of whether a justiciable controversy exists. *Atlanta Gas Light Co. v. Aetna & Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Second, even where jurisdiction is proper, the Court must decide whether, in its discretion, it will hear the case. *Triple R. Paving, Inc. v. Liberty Mut. Ins. Co.*, 510 F. Supp. 2d 1090, 1093 (S.D. Fla. 2007).

*Everest Reinsurance Co. v. Am. Guard Services, Inc.*, 1:15-CV-22404-KMM, 2015 WL 9258098, at *2 (S.D. Fla. 2015). Here, there is no justiciable controversy. WORRELL'S claims fail as they are all barred by res judicata and the Rooker Feldman doctrine as indicated below.

Based upon the foregoing, WORRELL'S Complaint should be dismissed with prejudice.

**C.    WORRELL'S Claims are Barred by the Rooker Feldman Doctrine and The Full Faith and Credit Act (28 U.S.C. §1738).**

A federal district court generally does not have authority to review decisions made by a state court of competent jurisdiction. *Seminole Tribe of Florida v. Florida, Dept. of Revenue*, 917 F.Supp.2d 1255, 1257 (S.D. Fla. 2013). Here, a state court of competent jurisdiction entered orders denying WORRELL'S numerous attempts to vacate the foreclosure judgment and set aside the foreclosure sale. Now, in this Court, WORRELL seeks to relitigate the claims that the state court already decided. The Rooker–Feldman doctrine bars such relitigation.

According to the Rooker–Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Powell v. Powell*, 80 F.3d 464,

466 (11th Cir.1996). The doctrine articulates the principle that federal courts are courts of original jurisdiction that do not sit in an appellate capacity with respect to state courts. *In re Glass*, 240 B.R. 782, 785 (Bkrtcy. M.D.Fla. 1999) (citing 28 U.S.C. § 1331 (providing that federal district courts are courts of original jurisdiction); 28 U.S.C. § 1257 (1999) (limiting federal review of state court proceedings to United States Supreme Court)).

The Rooker–Feldman doctrine is grounded on federalism, comity and the premise that state courts are not inferior to federal courts. *Glass*, 240 B.R. at 785. "In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located." *Id*. (quoting *Powell*, 80 F.3d at 467). Accordingly, Rooker–Feldman precludes a federal action, if the relief requested would effectively reverse the state court decision or void its ruling. *Glass*, 240 B.R. at 785. The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Powell*, 80 F.3d at 466.

Four criteria must be met for the Rooker–Feldman doctrine to apply: (i) the party in federal court is the same as the party in state court; (ii) the prior state court ruling was a final or conclusive judgment on the merits; (iii) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (iv) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *In re Hartnett*, 2004 WL 3170445, at *1 (S.D. Fla. 2004).

There can be no dispute that the parties in this proceeding – WORRELL and Emigrant – were the same as in the foreclosure case. There can also be no dispute that the Circuit Court's prior rulings in the foreclosure case were final and conclusive judgments on the merits.

The third and fourth criteria are similarly easily met. In the Circuit Court, WORRELL had a reasonable opportunity, and did in fact, raise exactly the issues that he now raises in this proceeding. The Circuit Court rejected WORRELL'S arguments on numerous occasions, and those decisions were affirmed on appeal both to the Fourth DCA and Florida Supreme Court.

Accordingly, all four criteria for applicability of the Rooker-Feldman doctrine are met in this proceeding. WORRELL cannot succeed in this proceeding without this Court ruling the Circuit Court was wrong in its conclusion. Because the Circuit Court squarely adjudicated all issues regarding the foreclosure, this proceeding "is nothing more than a prohibited appeal of the state-court judgment." *In re Glass*, 240 B.R at 788 (citations omitted).

The decisions of the Circuit Court are also protected and preserved by the full faith and credit provisions of Article IV, Section I of the United States Constitution and the Full Faith and Credit Act, 28 U.S.C. §1738. The Full Faith and Credit Act requires federal courts to give state court judgments the same preclusive effect that they would be given in courts of the state from which the judgment emerged. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). All of WORRELL'S claims in this proceeding relate to the claims presented and litigated in the foreclosure case. The Circuit Court, as well as Florida Appellate Courts, have already adjudicated these issues, and this Court must give preclusive effect to those rulings.

**D.    All Claims against Becker & Poliakoff, P.A. are Barred by the Litigation Privilege**

The Florida Supreme Court has held that the litigation privilege bars all causes of action, whether for common law torts or statutory violations. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007). In the instant case, all actions alleged against Becker & Poliakoff, P.A. were undertaken during the course of pending mortgage foreclosure proceedings or bankruptcy proceedings and therefore Becker & Poliakoff, P.A. is immune from any liability

whatsoever. WORRELL cannot state a cause of action against Becker & Poliakoff, P.A. for its active participation in a successful mortgage foreclosure action. *See also, Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004). Therefore, all claims against Becker & Poliakoff, P.A. should be dismissed with prejudice.

**E.     WORRELL'S Complaint is Structurally Deficient and is Subject to Dismissal**

WORRELL'S complaint is an impermissible "shotgun pleading", where each count incorporates by reference all of the allegations of the preceding counts, and is therefore subject to dismissal for this reason alone. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The complaint fails to comply with the basic pleading requirements of rule 8(a)(2) of the Federal Rules of Civil Procedure requiring a short and plain statement of the claim showing that the pleader is entitled to relief. Should the Court find the complaint is not subject to dismissal with prejudice based upon res judicata, then it should be dismissed as a shotgun pleading. *Warren Redlich, Plaintiff, v. Craig Leen, individually & as City Attorney for the City of Coral Gables, City Of Coral Gables, et al., Defendants.*, 16-CIV-20001, 2016 WL 3670575, at *4 (S.D. Fla. 2016).

WHEREFORE, Defendants Emigrant Mortgage Company, Inc. and Becker & Poliakoff, P.A. respectfully request that this Court enter an Order granting its Motion to Dismiss and for such other and further relief as the Court deems appropriate.

Respectfully submitted this **18th** day of **July**, 2016.

Becker & Poliakoff, P.A.

By: _____
Steven M. Davis
Florida Bar # 894249

*WORRELL v. EMIGRANT*
*CASE NO. 16-cv-80870 ZLOCH/HUNT*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served but in accordance with Fed.R.Civ.P. Rule 11, not filed, on this **18th** day of **July**, 2016, via Regular U.S. Mail and Certified Mail to Joseph L. Worrell, P.O. Box 30071, West Palm Beach, Fl. 33420-0071, and via email at joworr@yahoo.com and joseph.worrell@navy.mil.

    Becker & Poliakoff, P.A.
    Attorneys for Defendants
    Emigrant Mortgage Company, Inc.
    and Becker & Poliakoff, P.A.
    121 Alhambra Plaza
    10th Floor
    Coral Gables, FL  33134
    (305) 262-4433
    (305) 442-2232 Fax

By: _/s/ Steven M. Davis_
    Steven M. Davis
    Florida Bar # 894249

ACTIVE: E09475/377885:8737798_3