UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH LLEWELLYN WORRELL,

                                   CASE NO. 9:16-cv-80870-WJZ

    Plaintiff

    v.                                    HONORABLE WILLIAM J. ZLOCH

BECKER & POLIAKOFF, P.A.;
ROBIN R. WEINER, ESQ.; EMIGRANT
MORTGAGE COMPANY, INC.; and
ALAN J. FISHER, P.A.,

    Defendants
_____/

**DEFENDANT ALAN J. FISHER, P.A.'S AMENDED MOTION TO VACATE DEFAULT**

Defendant, Alan J. Fisher, P.A. ("AJFPA"), pursuant to Local Rule 7.1and Fed. R. Civ. P. 60(b)(1) moves for an order vacating the default entered against it by the Court on October 14, 2016. In support of its motion, AJFPA states:

1. On or about June 22, 2016, Plaintiff served its Complaint upon AJFPA.

2. AJFPA filed a Motion for Extension of Time to Respond to the complaint in this case, which, after conferring with the Plaintiff, was unopposed by the Plaintiff.

3. Plaintiff, who is *pro se*, informed AJFPA that he was reporting for active duty very shortly and that he would be on active duty for most of the summer.

4. Ultimately, the Court granted AJFPA an extension of time to respond to the Plaintiff's Complaint up to and including October 11, 2016 (Court Paper 16 ).

5. Due to mistake, inadvertence or excusable neglect, AJFPA made a transpositional error when calendaring the date for it to respond. Accordingly, rather than calendaring the last day to respond to Plaintiff's Complaint as October 11, 2016 (10/11/2016), the last day

1

to respond to Plaintiff's Complaint was mistakenly or inadvertently calendared for November 10, 2016 (11/10/16).

6. AJFPA requested information from the Plaintiff and the Plaintiff agreed to provide information and documentation Plaintiff believes is relevant to this case. To date, Plaintiff has provided none of the documentation he previously agreed to provide, making it nearly impossible for AJFPA to file a pleading fully responsive to Plaintiff's Complaint.

7. Despite Plaintiff's failure to provide documentation to AJFPA as agreed, AJFPA has filed a responsive pleading concurrently with the filing of this Motion.

8. AJFPA filed a Motion to Vacate Default (D.E. 60) but the WHEREFORE clause contained a scrivener's error

9. AJFPA makes this motion in good faith and not for the purpose of delay, but rather in the interest of judicial economy.

10. Finally, AJFPA has conferred telephonically with the Plaintiff and Plaintiff does not oppose this motion.

WHEREFORE Defendant, Alan J. Fisher, P.A., respectfully requests that this Honorable Court enter an Order enlarging the time to respond to Plaintiff's Complaint, up to and including November 11, 2016.

### CERTIFICATE OF GOOD FAITH CONFERENCE

On November 4, 2016, and November 8, 2016, Defendant Alan J. Fisher, P.A., conferred telephonically with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in this Motion and has been authorized by the Plaintiff to state that the Plaintiff is unopposed to this motion.

Respectfully submitted,

Alan J. Fisher, P.A.
433 Plaza Real
Suite 275
Boca Raton, FL 33432
Telephone: 561.300.3375
Facsimile:  561.300.3381

By: /s/  Alan J. Fisher
Alan J. Fisher (FBN 43291)
alan@alanfisherpa.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing was sent via U.S. Mail to the following parties of record below on November 8, 2016.

Joseph Llewellyn Worrell, *pro se*
P.O. Box 30071
West Palm Beach, FL 33420

/s/  Alan J. Fisher
Alan J. Fisher (FBN 43291)