UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 16-80870-CIV-ZLOCH

JOSEPH L. WORRELL,

       Plaintiff,

v.

BECKER & POLIAKOFF, P.A.,
EMIGRANT MORTGAGE COMPANY, INC.,
ROBIN R. WEINER, and
ALAN J. FISHER,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before this Court on all four Defendants' Motion to Dismiss.  ECF No. 22, 38, 61.  The Honorable William J. Zloch referred the motions to the undersigned United States Magistrate Judge for a report and recommendation.  ECF No. 6.  Having carefully reviewed the motions, the responses, the replies, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that each motion be GRANTED.

    **I.**    **Background**

      Pro se Plaintiff, Joeseph L. Worrell, "a reservist . . . in the United States Naval Forces," brought this lawsuit against Emigrant Mortgage Company, Inc. ("Emigrant"); Becker & Poliakoff, P.A.; Robin Weiner, Esq.; and Alan J. Fisher, P.A., concerning their involvement in his prior foreclosure and bankruptcy actions.  Compl. 1.  For purposes of the motions to dismiss, the undersigned assumes that the allegations in the instant

Complaint are true.  The undersigned also takes judicial notice of the public records included as exhibits to Defendants' motions.  *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.  Public records are among the permissible facts that a district court may consider." (citation omitted)); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).  When taken together, they reveal the following timeline of events.

On October 29, 2007, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Becker & Poliakoff, on behalf of Emigrant, filed a mortgage foreclosure complaint against Plaintiff.  Plaintiff was properly served with the complaint and appeared in the case.  On October 20, 2008, the state court granted summary final judgment in favor of Emigrant.  ECF No. 25-1.

On March 26, 2009, prior to the sale of the home, Plaintiff filed for Chapter 13 bankruptcy.  The trustee assigned to the case was Robin Weiner, the standing Chapter 13 Trustee for the Southern District of Florida, Fort Lauderdale and West Palm Beach divisions.  On July 1, 2009, the bankruptcy court dismissed the case for failure to make pre-confirmation plan payments and for failure to appear at a meeting of creditors.  ECF No. 38-8.

On July 29, 2009, the state court reset the sale of the home for August 31, 2009.

On August 9, 2009, Plaintiff, through counsel, filed in the bankruptcy case a Motion to Reinstate Chapter 13 Case and Motion for Stay of Proceedings pursuant to the Servicemembers Civil Relief Act (SCRA).  ECF No. 38-9.  The purpose of the SCRA is, in part, "to provide for the temporary suspension of judicial and administrative

proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service."  50 U.S.C. App. § 502(2).  The motion indicated that "[t]he debtor is currently deployed on active duty and was so deployed on 07/01/2009 when this case was dismissed pursuant to Court Order."  *Id.* at 3.  The motion further stated that Plaintiff was expected to be released from military duty near the end of April 2010.  *Id.* at 4.

On August 31, 2009, the foreclosure sale was held, at which Emigrant purchased the home.

On September 1, 2009, the bankruptcy court granted Plaintiff's motion, reinstated the bankruptcy case, and stayed the case until April 30, 2010.  The bankruptcy court set a confirmation hearing for August 13, 2010.

On October 30, 2009, Emigrant filed in the bankruptcy case its Proof of Claim concerning the foreclosed home, to which Trustee Weiner did not object.

On August 13, 2010, Plaintiff's attorney in the bankruptcy case was permitted leave to withdraw.  The confirmation hearing was continued to September 10, 2010.

On September 10, 2010, Plaintiff informed the bankruptcy court that he was in touch with new counsel, Alan Fisher.   However, Fisher was not present.   The confirmation hearing was continued to October 8, 2010.

On October 8, 2010, Fisher appeared on Plaintiff's behalf and requested a continuance.  The confirmation hearing was reset for November 12, 2010.

On November 12, 2010, at the confirmation hearing, Trustee Weiner informed the bankruptcy court that Plaintiff's deficiencies were not resolved and recommended dismissal without prejudice for the immediate filing of a new Chapter 13 case.  The

bankruptcy court accepted Trustee Weiner's recommendation.  However, Plaintiff did not file a new case.  Trustee Weiner was subsequently discharged of responsibility.

On January 25, 2013, over Plaintiff's objections, the state court granted Emigrant's Motion for Entry of Certificate of Title.  On February 1, 2013, the state Clerk issued the Certificate of Title to Emigrant.  On May 22, 2013, over Plaintiff's objections, the Clerk issued its Writ of Possession.  On May 29, 2013, Emigrant served the Writ of Possession on Plaintiff.

Prior to and following the issuance of the writ, Plaintiff pursued numerous unsuccessful state-court appeals.  On November 26, 2015, the state-court foreclosure judgment became final when the time expired for Plaintiff to file a petition for writ of certiorari in the United States Supreme Court.

On May 27, 2016, Plaintiff filed the instant federal lawsuit "against the named Defendants for violation of the [SCRA] . . . and [other] protected rights."  Compl. 1. Each Defendant then moved to dismiss the claims against them under Rule 12(b)(1), (6).  The motions to dismiss are now ripe for review.

## II.    Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015). Additionally, "when a federal court concludes that it lacks subject-matter jurisdiction, the

court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

### III.   Analysis

#### A.  Subject-Matter Jurisdiction

As an initial matter, the undersigned will address this Court's jurisdiction over Plaintiff's claims. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). Plaintiff's shotgun Complaint alleges that this Court has federal question jurisdiction, *see* 28 U.S.C. § 1331, because his claims for damages arise under the SCRA. Compl. ¶ 20. As of 2010, the SCRA provides an express private right of action in federal court. 50 U.S.C. § 4042; *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 457 (4th Cir. 2011). Only Count 1 alleges a violation of the SCRA, however.

Under Count 1, Plaintiff alleges that he "was on full-time Active Duty and federally protected from Emigrant's collections action on August 31, 2009 when Emigrant sold its home." Compl. ¶ 74. He states that, at that time, Emigrant "wrongfully foreclosed and sold his home in Palm Beach Gardens, Florida; thereby violating federal law." *Id.* ¶ 76. Plaintiff cites to 50 U.S.C. App. § 533(c), which provides in relevant part, "A sale, foreclosure, or seizure of property for a breach of [a mortgage] obligation . . . shall not be valid if made during, or within 9 months after, the period of the servicemember's military service except—(1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court." Further, he states, Emigrant, its agents, Becker & Poliakoff, and Trustee Weiner "were on notice of

[Plaintiff's] Active Duty Military status and SCRA rights." *Id.* ¶ 78, 97.  Under the liberal pro se pleading standard, the undersigned finds that Count I is brought against Emigrant, Becker & Poliakoff, and Trustee Weiner, but not Fisher.[1]

Under Count 1, Plaintiff also tangentially mentions that Emigrant failed to uphold § 527 of the SCRA by charging unauthorized fees and interest rates.  *Id.* ¶ 96. However, he fails to provide specific examples.  Additionally, although unrelated to the SCRA, he alleges that Emigrant violated 11 U.S.C. § 362, which provides for automatic stay of certain legal proceedings against a debtor.

The only other federal claims that Plaintiff raises are found in Counts 5 and 7. Count 5 alleges a "willful violation and disregard of US bankruptcy laws," citing 11 U.S.C. § 349(b)(3).  Compl. 19–20.  That law, governing the effect of dismissal in a bankruptcy action, does not provide an independent private right of action for its violation, however.  Additionally, Count 5 fails to state a claim upon which relief can be granted.  Therefore, Count 5 must be dismissed, notwithstanding this Court's jurisdiction to hear any other claims.  This leaves Counts 1 and 7 as the only live federal claims.

Count 7 alleges a violation of the Truth in Lending Act (TILA), which provides an independent basis for federal question jurisdiction.[2]  Count 7 is brought against Emigrant only.[3]  According to Plaintiff, Emigrant "acknowledged receiving [Plaintiff's] rescission notice, but [has] refused to comply with the requirements of TILA . . . ." Compl. 21.

---

[1] Fisher is not mentioned in the allegations supporting Count I.
[2] Count 7 also mentions the Real Estate Settlement Procedures Act (RESPA), but fails to allege facts that would support a violation of it.
[3] No other Defendant is mentioned under Count 7.

The remainder of Plaintiff's Complaint raises state-law causes of action: negligent infliction of emotional distress (Count 2); intentional infliction of emotional distress (Count 3); fraud (Count 4)[4]; breaking and entering, illegal seizure, invasion of privacy (Count 6)[5]; and conversion (Count 8).   Provided this Court has original jurisdiction over any other claim, such as Count 1 or Count 7, this Court has the authority to exercise supplemental jurisdiction over the state-law claims in the instant action pursuant to 28 U.S.C. § 1367(a).   However, as explained below, Counts 1 and 7 must be dismissed in their entirety.   Therefore, this Court may not exercise supplemental jurisdiction under § 1367.

To be sure, the Complaint states, "The court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) . . . ."   Compl. ¶ 20.   Section 1332 provides this Court with original jurisdiction over civil actions where there is diversity of citizenship and the amount in controversy exceeds $75,000.   However, Plaintiff did not plead that the amount in controversy exceeds $75,000 as to any of his claims.   Moreover, there is not complete diversity of citizenship, as Becker & Poliakoff, Fisher, and Trustee Weiner are not alleged to be citizens of a different state.   *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284,

---

[4] At paragraph 108, Count 4 references violations of federal laws, including TILA, RESPA, and Regulation Z.  Under the liberal pro se pleading standard, the undersigned incorporates those references into Count 7.

[5] Count 6 also alleges a violation of "constitutional rights."  However, due to the lack of federal or state action, and the lack of specificity, these allegations must be dismissed. *See Pray v. Walmart Stores Inc.*, No. 1:06-CV-00034-MP-AK, 2006 WL 1876920, at *1 (N.D. Fla. July 6, 2006) ("[C]onstitutional violations do not apply to private citizens or corporations unless they act under color of state law."); *see also United States v. Guest*, 383 U.S. 745, 771 (1966) (Harlan, J., concurring in part and dissenting in part) ("As a general proposition it seems to me very dubious that the Constitution was intended to create certain rights of private individuals as against other private individuals.").

1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).  Therefore, this Court lacks diversity jurisdiction under § 1332.

Because this Court lacks supplemental and diversity jurisdiction over Plaintiff's state-law claims, the state-law claims must be dismissed.  The undersigned will now address the remaining federal claims—Count 1 and Count 7—as applied to each Defendant.

### B.  Defendant Trustee Weiner

Trustee Weiner argues that this Court lacks jurisdiction over the claims against her under the *Barton* doctrine.  ECF No. 38 at 7.  Under the *Barton* doctrine, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity."  *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (footnote omitted).  Absent that leave, the District Court lacks subject-matter jurisdiction over the cause of action.  *Id.* at 1253.

As to all of the claims raised against her, the undersigned finds that Trustee Weiner is being sued for acts done in her official capacity in the aforementioned bankruptcy case.  Plaintiff's claims are premised upon Trustee Weiner's failure to reasonably verify or oppose Emigrant's claims in the bankruptcy action.  Compl. ¶ 54; *see also* Compl. 23; *see generally* ECF No. 49 (Plaintiff's Response).  In essence, Plaintiff is suing for the Trustee's breaches of fiduciary duties stemming from her official bankruptcy duties.  This is a paradigm case in which *Barton* applies.

Plaintiff did not obtain leave of the bankruptcy court before initiating the instant action and he likely never will.  The Trustee is entitled to qualified judicial immunity for

the acts alleged in the Complaint.  *See In re Solar Fin. Servs., Inc.*, 255 B.R. 801, 803 (Bankr. S.D. Fla. 2000) ("As a general rule, bankruptcy trustees are entitled to qualified judicial immunity for acts taken within their authority as an officer of the court."). Moreover, as to Count 1, the acts alleged in the Complaint do not establish a prima facie case that the Trustee violated the SCRA.  Therefore, this Court lacks jurisdiction to hear Plaintiff's claims against Trustee Weiner.  *See Carter,* 220 F.3d at 1255.  Trustee Weiner's Motion to Dismiss should be granted.

### C.  Defendants Emigrant & Becker & Poliakoff

Defendants Emigrant and Becker & Poliakoff argue that Plaintiff's claims against them are barred by the *Rooker–Feldman* doctrine.[6]  ECF No. 22 at 13.  The *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Kohler v. Garlets*, 578 F. App'x 862, 864 (11th Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The undersigned finds that Counts 1 and 7 are inextricably intertwined with the state court's foreclosure judgment.  As to Count 1, when construed liberally, Plaintiff essentially alleges that his deficient mortgage loan balance leading to the foreclosure sale was improperly calculated and that the mortgage sale was invalid due to a stay, all in violation of the SCRA.  *Id.* ¶ 80–83, 96.  Not only is there insufficient factual support for these allegations, but also, they are merely a resuscitation of Plaintiff's arguments

---

[6] There are no allegations of independent misconduct against Becker & Poliakoff.  It is sued only as Emigrant's "agent."

that multiple courts have rejected.[7]  Plaintiff is merely "seeking what in substance would be appellate review of the state judgment in a United States district court, based on [his] claim that the state judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

As to Count 7, the TILA claim, which is brought against Emigrant only, Plaintiff seeks to rescind his mortgage agreement.  Compl. 18, 21, 23.  This claim is also barred by the *Rooker–Feldman* doctrine because if Plaintiff succeeded, it would effectively nullify the state-court foreclosure judgment, which found that a valid mortgage instrument existed.  *See Parker v. Potter*, 368 F. App'x 945, 948 (11th Cir. 2010); *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 133 (11th Cir. 2005).  The issues raised in Count 7 were, or should have been, central to the state-court decision.  *See Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008).

Additionally, Count 7, like Count 1, fails to state a claim upon which relief may be granted because it leaves out important information, such as the date Plaintiff mailed his rescission notice.  If such a date were included, it is likely that Plaintiff's claim would be barred by the statute of limitations as well.  *See* 15 U.S.C. § 1640(e).  Therefore, Defendants Emigrant and Becker & Poliakoff's Motion to Dismiss should be granted.

### D.  Defendant Fisher

Plaintiff raised no federal claims against Fisher.  However, to the extent Count 1 could be liberally construed to apply to Fisher, the undersigned finds that Count 1 fails to state a claim for which relief may be granted against him.  The alleged facts of this case do not establish that Fisher violated the SCRA.  The allegations against him

---

[7] The undersigned notes that there was no stay under the SCRA or 11 U.S.C. § 362 when the home was sold.  *See* ECF No. 40-4 at 3.

pertain only to his limited involvement as a representative of Plaintiff in Plaintiff's bankruptcy action *after* the sale of Plaintiff's home.   *See* Compl. ¶ 68–69.  Therefore, Defendant Fisher's Motion to Dismiss should be granted.

## IV.    Recommendation

Based upon the foregoing, the undersigned RECOMMENDS that Defendants' Motions to Dismiss be GRANTED to the extent stated above.  ECF No. 22, 38, 61.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.   28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 6th day of February, 2017.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William J. Zloch

All Counsel of Record

Joseph Llewellyn Worrell, PRO SE
P.O. Box 30071
West Palm Beach, FL 33420