UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80870 ZLOCH/HUNT

JOSEPH L. WORRELL,
And Military Dependents,
Jointly and Severally,

    Plaintiffs,

v.

EMIGRANT MORTGAGE COMPANY, INC.,
BECKER & POLIAKOFF, P.A., ROBIN R.
WEINER, ESQ., ALAN J. FISHER, PA.

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

COMES NOW, Defendant, Robin R. Weiner, Esq. (hereinafter "Trustee"), by and through the undersigned counsel, and hereby files this Response in Opposition of Plaintiff's Motion for Leave to File First Amended Complaint, and, in support thereof, states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2016, Plaintiff filed the above-captioned case against Robin R. Weiner, Esq. Emigrant Mortgage Company, Inc. ("Emigrant"), Becker & Poliakoff, P.A., and Alan Fisher, P.A. for alleged violation of the Servicemembers' Civil Relief Act ("SCRA") and other federal statutes (Count I of the Complaint), negligent infliction of emotional distress (Count II of the Complaint), intentional infliction of emotional distress (Count III of the Complaint), fraud (Count IV of the Complaint), willful violation and disregard of U.S. Bankruptcy laws (Count V of the Complaint), breaking and entering/illegal seizure/invasion of privacy/willful violation of constitutional rights (Count VI of the Complaint), willful violation and disregard of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") (Count VII

of the Complaint), and conversion (Count VIII of the Complaint), arising out of Plaintiff's prior bankruptcy case and Emigrant's mortgage foreclosure and related sale of his home. All Defendants filed Motions to Dismiss Plaintiff's Complaint for several reasons.

With regard to the Trustee specifically, she asserted that the counts against her, namely, Counts I, II, and III, should be dismissed for the following eight reasons: (1) this Court lacks jurisdiction over the claims against the Trustee, (2) Plaintiff's claims are barred by the qualified judicial immunity privilege, (3) Plaintiff lacks standing to maintain the subject action against the Trustee, (4) Plaintiff's claims are barred by the statute of limitations, (5) Count I of Plaintiff's Complaint for violation of the SCRA and other statutes fails to state a cause of action for which relief may be granted, (6) Count II of Plaintiff's Complaint for negligent infliction of emotional distress is barred by the impact rule, (7) Count III of Plaintiff's Complaint for intentional infliction of emotional distress fails to state a cause of action for which relief may be granted, and (8) the portions of Counts I, II, and III of Plaintiff's Complaint regarding dismissal of his bankruptcy case are facially deficient.

On February 6, 2017, Magistrate Judge Patrick Hunt issued a Report and Recommendation, recommending that all Defendants' Motions to Dismiss be granted. [D.E. 75]. Specifically, the Magistrate Judge found that (1) the Court lacks jurisdiction over the claims against the Trustee under the *Barton* doctrine, (2) Plaintiff's claims are barred by the qualified judicial immunity privilege, (3) Count V fails to state a claim upon which relief can be granted, (4) Counts I and VII fail because Plaintiff is merely "seeking what in substance would be appellate review of the state judgment in a United States district court, based on [his] claim that the state judgment itself violates the loser's federal rights", the counts fail to state claims upon which relief may be granted and would likely be barred by the statute of limitations regardless,

and Count VII is barred by the *Rooker–Feldman* doctrine, and (5) because Count I of the Complaint for violation of the SCRA must be dismissed for the above reasons, the Court lacks supplemental jurisdiction over the remainder of the counts (II, III, IV, VI, and VIII), which asserted state law claims, requiring that they also be dismissed.

On February 21, 2017, in a last ditch effort to escape the inevitable and imminent dismissal of his lawsuit, Plaintiff filed a baseless and procedurally improper Motion for Leave to File First Amended Complaint. Such Motion should be denied for the reasons stated in this Motion.

## SUMMARY OF THE ARGUMENT

Plaintiff's Motion should be denied because Plaintiff's proposed amendment would be futile, Plaintiff unduly delayed making his request for leave to amend his Complaint, and Plaintiff's Motion is procedurally improper.

## MEMORANDUM OF LAW

The right to amend is not absolute. *Carl Curtis Hodges v. Sch. Bd.*, 2011 U.S. Dist. LEXIS 160404 *2 (M.D. Fla. 2011). In deciding motions to amend, courts should exercise discretion, and may properly deny the motions on the grounds of futility of amendment and undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270 (M.D. Fla. 2002); *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992); *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262-63 (11th Cir. 2004); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Carter v. Broward County Sheriff's Dep't Med. Dep't*, 558 Fed. Appx. 919 (11th Cir. 2014). "Futility of amendment is shown when the claim is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus, a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion

Case No. 9:16-cv-80870 ZLOCH/HUNT

to dismiss. *NuMed Home Health Care, Inc. v. Taneja*, 326 B.R. 859 (Bankr. M.D. Fla. 2005). Restated, denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. *Jacob v. Korean Air Lines Co.*, 2014 U.S. Dist. LEXIS 9813 (S.D. Fla. 2014); *Burger King Corp. v. C.R. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Carter v. Broward County Sheriff's Dep't Med. Dep't,* 558 Fed. Appx. 919 (11th Cir. 2014). Additionally, newly discovered facts that merely bolster the allegations contained in a plaintiff's complaint do not justify a plaintiff's undue delay in filing his motion for leave to amend his complaint. *Wells v. Xpedx*, 2007 U.S. Dist. LEXIS 33288 (M.D. Fla. 2007).

The sole basis for Plaintiff's request to amend his Complaint is (1) allegedly newly discovered facts and information, namely, an alleged New York jury verdict that Emigrant engaged in racially discriminatory mortgage loan practices (against Blacks and Hispanics), and (2) potential assistance by an attorney in a "federal pro bono program" who may be able to more clearly allege TILA violations/claims and more accurately reflect name information. *See,* Pltf's Motion at ¶¶ 3, 4, 9, 10. Neither basis is sufficient to warrant leave to amend.

As an initial matter, any claims based on Emigrant's allegedly racially discriminatory mortgage loan practices and alleged TILA violations (the latter of which forms Count VII of Plaintiff's Complaint brought against Emigrant only) are/would be solely against Emigrant, as there is no allegation that the other named Defendants were involved with Plaintiff's mortgage. Any such claims would not be against or involve the Trustee. However, to the extent that an amended complaint would affect the Trustee because she is a named defendant in the action, the Trustee advances the arguments below.

4

Case No. 9:16-cv-80870 ZLOCH/HUNT

The proposed amendment would be futile because it would not withstand a motion to dismiss for various reasons, and because Plaintiff acted with undue delay in seeking to pursue it. With regard to Plaintiff's first contention, he does not allege that he is Black or Hispanic, or that he seeks to pursue a claim of mortgage loan related racial discrimination. Emigrant's allegedly racially discriminatory mortgage loan practices have nothing to do with Plaintiff's claims, namely, violation of the SCRA and other federal statutes, negligent infliction of emotional distress, intentional infliction of emotional distress, fraud, willful violation and disregard of U.S. Bankruptcy laws, breaking and entering/illegal seizure/invasion of privacy/willful violation of constitutional rights, willful violation and disregard of RESPA and TILA, and conversion. Thus, same is irrelevant and would have no impact on Plaintiff's pleading, keeping the case status quo and subject to dismissal. Specifically, as the magistrate already found, the Court lacks jurisdiction over the claims against the Trustee under the *Barton* doctrine, Plaintiff's claims are barred by the qualified judicial immunity privilege, Count V fails to state a claim upon which relief can be granted, Counts I and VII fail because Plaintiff is merely "seeking what in substance would be appellate review of the state judgment in a United States district court, based on [his] claim that the state judgment itself violates the loser's federal rights", the counts fail to state claims upon which relief may be granted and would likely be barred by the statute of limitations regardless, and Count VII is barred by the *Rooker–Feldman* doctrine, and because Count I of the Complaint for violation of the SCRA must be dismissed for the above reasons, the Court lacks supplemental jurisdiction over the remainder of the counts (II, III, IV, VI, and VIII), which asserted state law claims, requiring that they also be dismissed. Importantly, as to the Trustee specifically, Plaintiff concedes that he does not expect to obtain permission from the bankruptcy court to pursue the above-captioned action. *See,* D.E. 82 at ¶ 30. As stated in the

5

Case No. 9:16-cv-80870 ZLOCH/HUNT

Report and Recommendation, under the *Barton* doctrine, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (footnote omitted). Absent that leave, the District Court lacks subject-matter jurisdiction over the cause of action. *Id.* at 1253. It follows from such law and Plaintiff's above admission that Plaintiff concedes that this Court lacks subject matter jurisdiction over the case, thereby rendering an amended complaint futile. An amended complaint would also remain subject to dismissal for the other reasons detailed in Defendant's Motion to Dismiss, which Defendant incorporates herein, namely, Plaintiff lacks standing to maintain the subject action against the Trustee, Plaintiff's claims are barred by the statute of limitations, Count I of Plaintiff's Complaint for violation of the SCRA and other statutes fails to state a cause of action for which relief may be granted, Count II of Plaintiff's Complaint for negligent infliction of emotional distress is barred by the impact rule, Count III of Plaintiff's Complaint for intentional infliction of emotional distress fails to state a cause of action for which relief may be granted, and the portions of Counts I, II, and III of Plaintiff's Complaint regarding dismissal of his bankruptcy case are facially deficient. Plaintiff's attempted new allegations have no impact on such defenses. Thus, Plaintiff's amended complaint would remain subject to dismissal and therefore be futile.

Even if Emigrant's allegedly racially discriminatory mortgage loan practices were relevant and impacted the pleading, Plaintiff's claims regarding same would be subject to dismissal because Plaintiff fails to identify the alleged New York case or explain how it is related to or binding on the subject case, and he will be unable to establish any relationship as any such

6

case would be wholly unrelated to the case at bar. Thus, the amended pleading would still be subject to dismissal.

Even if the alleged verdict from the New York case was identified, related to the subject case, supported Plaintiff's claims contained therein, and rendered the amended pleading not subject to dismissal, Plaintiff would still be barred from amending his complaint due to his undue delay. Specifically, Plaintiff discovered the alleged verdict on June 27, 2016[1]; however, he did not file his Motion for Leave to Amend the Complaint to add such "newly discovered facts and information" until nearly eight months later. As stated above, Plaintiff does not allege that he is Black or Hispanic, or that he seeks to pursue a claim of mortgage loan related racial discrimination. Thus, it is evident that Plaintiff seeks to use the above information to bolster his general claims of Emigrant's alleged general wrongdoing. As noted above, newly discovered facts that merely bolster the allegations contained in Plaintiff's complaint do not justify a plaintiff's undue delay in filing his motion for leave to amend his complaint. *Wells v. Xpedx*, 2007 U.S. Dist. LEXIS 33288 (M.D. Fla. 2007).

With regard to the second basis for Plaintiff's Motion, futility arguments similar to those outlined above equally apply. Specifically, as the magistrate already found, Plaintiff's TILA claim fails because Plaintiff is merely "seeking what in substance would be appellate review of the state judgment in a United States district court, based on [his] claim that the state judgment itself violates the loser's federal rights", and the claim is barred by the *Rooker–Feldman* doctrine, fails to state a claim upon which relief may be granted, and would likely be barred by the statute of limitations regardless. No assistance by an attorney would change or negate such facts. Thus, Plaintiff's proposed amended complaint would remain subject to dismissal and

---

[1] *See,* Pltf's Motion at ¶ 9.

therefore be futile.  It is unclear what Plaintiff seeks to convey in connection with his reference to "name information;" however same is irrelevant   As discussed above, the reasons that Plaintiff's Complaint is, and any amended complaint would be, subject to dismissal have nothing to do with "names."  Instead, the grounds for dismissal are strictly substantive, going to the heart of Plaintiff's causes of action, and have nothing to do with names.  Thus, any revised "name information" would have no impact on such reasons and would not negate them, rendering any amended pleading subject to dismissal and therefore futile.

Moreover, there is no evidence that any attorney will soon be representing Plaintiff in this action, and the record indicates that same will not be the case.  As an initial matter, contrary to Plaintiff's fabrication, this Court did not "enter[] an order granting Plaintiff's Motion for federal district court pro bono program assistance."   Instead, on June 3, 2016, this Court denied Plaintiff's request for appointment of counsel, and referred the matter "to the court's volunteer attorney program, where a volunteer attorney *may* accept the representation on a pro bono basis *if* so desired."  [D.E. 8] (emphasis added).  The Order further states that "if the representation is accepted, the volunteer attorney shall enter an appearance in the case." To date, over eight months later, no attorney has entered an appearance on behalf of Plaintiff in this case.  The very Motion at bar was filed by Plaintiff instead of any such volunteer attorney.  It is evident that no attorney is accepting the case, and no attorney will accept the representation of Plaintiff in pursuit of his frivolous claims, as same would be futile and potentially subject the attorney to sanctions.

Finally, Plaintiff's Motion is procedurally deficient.  Importantly, a party who moves to amend a pleading shall attach the original of the amendment to the motion in the manner

Case No. 9:16-cv-80870 ZLOCH/HUNT

prescribed by Section 3I(1) of the CM/ECF Administrative Procedures. S.D. Fla. L.R. 15.1. Plaintiff's Motion fails to attach the proposed amended complaint as required.

## CONCLUSION

In conclusion, Plaintiff's proposed amendment would be futile, Plaintiff unduly delayed making his request for leave to amend his Complaint, and Plaintiff's Motion is procedurally improper. As such, Plaintiff's Motion should be denied.

WHEREFORE, Defendant respectfully requests that this Court enter an Order denying Plaintiff's Motion for Leave to File First Amended Complaint.

>
> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant Robin R. Weiner, Esq.
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
> By: /s/ Nicole Wall
>     NICOLE WALL
>     Florida Bar No.: 017430
>     Email: Nicole.Wall@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 23rd day of February, 2017, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: /s/ Nicole Wall
>     NICOLE WALL
>     FBN: 017430
>     E-Mail: Nicole.Wall@csklegal.com

9

Case No. 9:16-cv-80870 ZLOCH/HUNT

**SERVICE LIST**

Joseph L. Worrell
P.O. Box 30071
West Palm Beach, FL  33420
joworr@yahoo.com; joseph.worrell@navy.mil
***VIA EMAIL***

Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza
10th Floor
Coral Gables, FL  33134
sdavis@becker-poliakoff.com
***VIA CM/ECF***

Alan J. Fisher, Esq.
Alan J. Fisher, P.A.
7000 W Camino Real
Suite 240
Boca Raton, FL 33433
alan@alanfisherpa.com
***VIA CM/ECF***

10