```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 16-80870-CIV-ZLOCH
```

JOSEPH LLEWELLYN WORRELL,

    Plaintiff,

vs.                            **ORDER STAYING ACTION**

BECKER & POLIAKOFF, P.A., et al.,

    Defendants.

_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1), asserting claims against Defendants Becker & Poliakoff, P.A., Bankruptcy Trustee Robin Weiner, Emigrant Mortgage Company, Inc., and Alan J. Fisher, P.A. All Defendants were duly served with process. <u>See</u> DE Nos. 12, 13 & 21; <u>see also</u> DE 15. Defendant Alan J. Fisher, P.A., moved for an extension of time to file a responsive pleading, which the Court granted. DE Nos. 17 & 19. But Defendant Alan J. Fisher, P.A., failed to file a responsive pleading within the time prescribed by Order (DE 19), so the Court entered default against Defendant Alan J. Fisher, P.A. DE 48. Defendant Alan J. Fisher, P.A. then moved to set aside the default and indicated that its Motion (DE 63) was unopposed. The Court granted said Motion (DE 63) and vacated its previously entered default. <u>See</u> DE 64. Plaintiff then filed a Motion For

Reconsideration (DE 65) of the Court's Order (DE 64) vacating default, explaining that while he did not oppose a hearing on the Defendant Alan J. Fisher, P.A.'s Motion To Vacate Default (DE 63), Plaintiff did oppose the relief sought.  In light of the policy favoring resolving claims on the merits and the good cause set forth in Defendant Alan J. Fisher, P.A.'s Motion To Vacate Default (DE 63), the Court denied Plaintiff's Motion For Reconsideration (DE 65).  Plaintiff then appealed the Court's Order (DE 64) vacating default.  See DE 68.  That appeal is currently pending before the Eleventh Circuit.

All Defendants have moved to dismiss Plaintiff's Complaint (DE 1).  See DE Nos. 22, 38 & 61.  Magistrate Judge Hunt, to whom the above-styled cause had been referred for report and recommendation on dispositive motions, issued a Report (DE 75) recommending that Defendants' Motions To Dismiss (DE Nos. 22, 38 & 61) be granted and Plaintiff's Complaint (DE 1) be dismissed in its entirety.  But because of Plaintiff's interlocutory appeal, the Court cannot resolve Defendant Alan J. Fisher, P.A.'s Motion To Dismiss (DE 61).  See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  In order to avoid piecemeal consideration of Magistrate Judge Hunt's Report (DE 75), the Court

finds that a brief stay of the proceedings in the above-styled cause pending resolution of Plaintiff's appeal will materially advanced this case's ultimate resolution. See <u>Ortega Trujillo v. Conover & Co. Comm., Inc.</u>, 221 F.3d 1262, 1264 (11th Cir. 2000).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **STAYED;**

2. After the Eleventh Circuit resolves Plaintiff's appeal, the Court shall lift the stay upon Motion by any party, or upon the Court's own Motion; and

3. This Order shall not prejudice the rights of any party to this litigation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of March, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record