```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 16-80870-CIV-ZLOCH
```

JOSEPH LLEWELLYN WORRELL,

    Plaintiff,

vs.                                    **FINAL ORDER OF DISMISSAL**

BECKER & POLIAKOFF, P.A., et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Report and Recommendation (DE 75) filed herein by United States Magistrate Judge Patrick M. Hunt, as well as Defendants Emigrant Mortgage Company, Inc. And Becker & Poliakoff, P.A.'s Motion To Dismiss (DE 22), Defendant Robin Weiner, Esq.'s Motion To Dismiss Counts I, II, And III Of Plaintiff's Complaint And Motion To Strike Plaintiff's Claim For Punitive Damages (DE 38), Defendant Alan J. Fisher, P.A.'s Motion To Dismiss Counts I, II, And III And Motion To Strike Plaintiff's Claim For Punitive Damages (DE 61), and Plaintiff's Objections To Report And Recommendation Of Magistrate Judge (DE 82). The Court has conducted a de novo review of the entire record herein and is otherwise fully advised in the premises.

    By prior Order (DE 86), the Court stayed proceedings in the above-styled cause pending the Eleventh Circuit's resolution of Plaintiff's interlocutory appeal. The Eleventh Circuit has now issued its mandate, see DE 87, dismissing Plaintiff's appeal, and the Court will now lift that stay.

    In the instant Report (DE 75), Magistrate Judge Hunt recommends that the above-styled cause be dismissed in its entirety for several of reasons. Magistrate Judge Hunt recommends that the

federal claims in Counts I and VII be dismissed for reasons germane to each Defendant against whom Plaintiff asserted those claims. As to Defendant Robin Weiner, Esq., the standing Chapter 13 bankruptcy trustee, Magistrate Judge Hunt recommends that all claims be dismissed pursuant to the Barton doctrine. That doctrine requires that "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). Having failed to obtain that leave, Plaintiff's claims against Defendant Robin Weiner, Esq., must be dismissed.

As to Defendants Becker & Poliakoff, Esq., and Emigrant Mortgage Company, Inc., Magistrate Judge Hunt recommends that Plaintiff's claims be dismissed pursuant to the Rooker-Feldman doctrine or alternatively for failure to state a claim upon which relief can be granted. Like Magistrate Judge Hunt, other courts have concluded that the Rooker-Feldman doctrine bars claims under the Servicemember Civil Relief Act if they are inextricably intertwined with final state court judgments. See Brown v. Lewis, No. 08-CV-150, 2009 WL 1457139, *3-5 (M.D. Ga. May 22, 2009). The Court adopts Magistrate Judge Hunt's reasoning and conclusions in their entirety.

As to the state law claims raised in Counts II, III, IV, VI, and VIII of the Complaint (DE 1), Magistrate Judge Hunt first concludes that the Court lacks diversity jurisdiction over those claims pursuant to 28 U.S.C. § 1332. The Court notes that Plaintiff asserts each of those Counts against all Defendants. Having reviewed the entire record herein, the Court concludes, as

did Magistrate Judge Hunt, that there is not complete diversity among the parties as required by the Strawbridge rule.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff"); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

Magistrate Judge Hunt also recommends that, although the Complaint (DE 1) contains claims arising under federal law, the Court decline to exercise supplemental jurisdiction over those claims.  The Court notes that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367(a).  Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331.  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In his Complaint (DE 1), Plaintiff asserts claims pursuant to the Servicemember Civil Relief Act, 50 U.S.C. § 3901, et seq., the

Real Estate Settlement Procedures Act, 12 U.S.C § 2601, et seq., the Truth In Lending Act, 15 U.S.C. § 1601, et seq., and Florida state law.  Thus, the basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal claims in Counts I and VII.  As to the state law claims in Counts II, III, IV, VI, and VIII of the Complaint (DE 1) the basis for this Court's jurisdiction over said Complaint is ostensibly 28 U.S.C. § 1367.  Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  It is clear that this Court has original jurisdiction over the federal claims asserted in Counts I and VII pursuant to 28 U.S.C. § 1331.  After reviewing Plaintiff's Complaint (DE 1) herein, the Court finds that the state law claims as asserted in Counts II, III, IV, VI, and VIII are so related to the federal claims in the instant action that each of these state law claims form part of the same case or controversy.  28 U.S.C. § 1367(a).  Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here.  In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966).  The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction [or]
> (3) the district court has dismissed all claims over which it has original jurisdiction. . . .

28 U.S.C. § 1367(c).  Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts II, III, IV, VI, and VIII of the Complaint (DE 1).  The Court has already concluded that the federal claims raised in Counts I and VII must be dismissed.  On that basis, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Moreover, because these claims present questions of state law which would otherwise predominate over the federal claims present here.  The Court finds that such state law claims would tend to dominate the federal claims and obscure their significance.  See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), and consistent with Magistrate Judge Hunt's recommendation, will exercise its discretion and dismiss the state law claims set forth in Counts II, III, IV, VI, and VIII as the Court will be dismissing the federal claims, and the state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claims presented here.[1]

---

[1] The Court directs Plaintiff to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that

Lastly, the Court notes that Plaintiff filed a Motion For Leave To File First Amended Complaint (DE 81), which the Court has not yet ruled upon. Plaintiff separately filed a document titled "First Amended Complaint." See DE 89. The Court, mindful that Plaintiff is proceeding pro se, will treat that document as a proposed Amended Complaint submitted in support of his Motion (DE 81), as required by Local Rule 15.1. Having considered Plaintiff's proposed Amended Complaint (DE 89), the Court concludes that amendment would be futile. Although the proposed Amended Complaint (DE 89) omits the claim from Count VII of the initial Complaint (DE 1) and now claims entitlement to disgorgement, it does not cure the deficiencies identified by Magistrate Judge Hunt.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court's prior Order Staying Action (DE 86) dated March 15, 2017, be and the same is hereby **VACATED**, set aside, and of no further force or effect;

2. The Report and Recommendation (DE 75) filed herein by United States Magistrate Judge Patrick M. Hunt be and the same is hereby approved, adopted, and ratified by the Court;

2. Plaintiff's Objections To Report And Recommendation Of Magistrate Judge (DE 82) be and the same are hereby **OVERRULED**;

3. Plaintiff's claims raised in Counts II, III, IV, VI, and VIII of the Complaint (DE VIII) be and the same are hereby **DISMISSED** without prejudice;

4. Defendants Emigrant Mortgage Company, Inc.'s And Becker & Poliakoff, P.A.'s Motion To Dismiss (DE 22) be and the same is

---

the same may be refiled in state court.

hereby **GRANTED**;

5. Defendant Robin Weiner, Esq.'s Motion To Dismiss Counts I, II, And III Of Plaintiff's Complaint And Motion To Strike Plaintiff's Claim For Punitive Damages (DE 38) be and the same is hereby **GRANTED**;

6. Plaintiff's claims in Counts I and VII of the Complaint (DE 1) be and the same are hereby **DISMISSED**; and

7. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___29th___ day of March, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

The Honorable Patrick M. Hunt
United States Magistrate Judge

All Counsel of Record

Joseph Llewellyn Worrell, PRO SE
P.O. Box 30071
West Palm Beach, FL 33420