UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

District Court Case No. 9:16-cv-80870 ZLOCH/HUNT
Circuit Court of Appeals Case No. 17-10154-U-FL

FILED BY _____ D.C.

JUL 2 1 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOSEPH L. WORRELL,
And Military Dependents,
Jointly and Severally,
                Plaintiffs,

v.                                    **NOTICE OF FILING**

EMIGRANT MORTGAGE COMPANY, INC.,
BECKER & POLIAKOFF, P.A.,
ROBIN R. WEINER, ESQ.,
ALAN J. FISHER, PA.
                Defendants.

---

### APPELLANT - PLAINTIFFS' MOTION TO SET ASIDE THE CLERK'S DISMISSAL

---

Attached hereto is a true copy of Appellant's request that the Appeals Court set aside the clerk's dismissal in this case on June 22, 2007, and intent to seek review and writ of certiorari with the Supreme Court of the United States. All parties affected should govern themselves accordingly.


Respectfully submitted,


Joseph Worrell, Pro Se.
P.O. Box 30071
West Palm Beach, FL 33420


Electronic service to all parties, via ECF.

CASE No. 17-11541-FF

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

JOSEPH LLEWELLYN WORRELL, et al.,

Plaintiff-Appellant

v.

BECKER & POLIAKOFF, P.A, et al.,

Defendants-Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA**

**TIMELY MOTION PURSUANT TO 50 USC 3901 ET.SEQ. (THE SCRA)
TO SET-ASIDE, VACATE, OR AMEND THE CLERK'S DISMISSAL**

Respectfully submitted by:

Joseph L. Worrell, pro se.
C/O Post Office Box 30071
Palm Beach Gardens, FL 33420
Telephone: (561) 315-1750

Email: joseph.worrell@navy.mil; joworr@yahoo.com

### STATUTORY GROUNDS AND BASIS

PURSUANT to Fed. R. App. P. 27, and the Servicemember Civil Relief Act (SCRA) codified at 50 U.S.C. App. §§ 3901-4044, Appellant hereby request, as federal law provides, that this Court reconsider and set aside its June 22, 2017 order dismissing this case during a legally protected period of military service, and states as follows in support thereof:

This appeal was timely filed and docketed in this Court on April 6, 2017, and assigned case # 17-11541. Thereafter, an order was interred setting May 30, 2017 as the last day for filling of Appellant's initial brief. However, before that time had expired, on Friday May 19, 2017, Appellant, a pro se litigant who also is a military servicemember in the United States naval reserves, received orders to report for a period of active duty. Although Appellant tried to promptly notify the Court, and filed evidence justifying a slight extension, still the Clerk elected to disregard the relevant statutory provisions and instead on Thursday June 22, 2017, wrongfully dismissed the appeal for "want of prosecution".

### LEGAL PROTECTION FOR RESERVE FORCE PERSONNEL

Federal law provides that a member of the military or reserves who receive title 10 orders for Active Duty, should

devote all their energies to meeting the defense needs of the country; 50 U.S.C. App. §§ 3901-4044, at §3902(1) ... [Intent, Congress enacted the SCRA "to provide for, strengthen, and expedite the national defense through the protection...of servicemembers so as to enable such persons to devote their entire energy to the defense needs of the Nation... ".

### ADVERSE ORDERS ENTERED DURING ACTIVE DUTY

MOREOVER, when an adverse action is ordered in any civil proceedings during a protected period of military service - as occurred here on June 22, 2017 - if the affected servicemember files, within 90-days after release from active duty, a request to set aside the adverse order, the Court or governmental agency in the United States *shall* without discretion, suitably vacate or amend the adverse order entered during the servicemember's active duty service, so long as there is a bona fide interest or a legitimate legal claim at stake. Federal statute further explicitly provides that no period of active duty service shall be included in computing any time limited by law; *Id* SCRA *§3936.* Under the federal statutory provisions enacted by the United States Congress, which presumably operate compulsory in this Court, members of the United States Reserve Forces must be granted protection starting from the date they <u>receive</u> military

orders to report for Active Duty in congress' plan for the
national defense of the United States; SCRA §3917(a).

### THIS APPEAL RAISES QUESTIONS DIRECTLY RELATED TO THE NATIONAL DEFENSE OF THE UNITED STATES AND IS OF ESPECIAL IMPORTANT TO ALL SERVICEMEMBERS

As shown and argued more fully in Appellant's brief, the
case on appeal raises many issues of significant importance -
not just to Appellant, but to ALL United States servicemembers
and essentially everyone who volunteers to put on the uniform to
defend the country. The case and appeal involves a party serving
in the military and known to be deployed abroad prosecuting the
global war on terrorism, when the Defendants decided to engage
in adverse activity resulting in the illegal sale of appellant's
home on Monday, August 31, 2009, in willful violation of the
Servicemembers Civil Relief Act and the bankruptcy automatic
stay under 11 U.S.C. §362 which provides protection for debtors
in bankruptcy. Furthermore, the facts and evidence in this case
show the reason for this was to avoid proper scrutiny of a
defective mortgage lien improperly created on Thursday, June 23,
2005 as security for an [unsigned and unwitnessed] Promissory
Note allegedly executed a week later - on Wednesday, June 29,
2005. Rather than correcting the serious defects legally, the
parties instead chose to manufacture a false default and

wrongfully foreclose upon the military family in illegal unconstitutional state court summary proceedings. This case therefore also presents several serious questions which directly affect many fundamental rights of persons subject to provisions of the SCRA, including but not limited to, fundamental issues of contract doctrine, due process, unconstitutionally terminated real property rights, supremacy clause, federal bankruptcy authority, as well as the operation of title 11 U.S.C. §§ 101, et seq. (the bankruptcy code).

## RELIEF SOUGHT

WHEREFORE, for the foregoing reasons, and because federal law expressly requires adverse decisions entered during a protected period of active duty military service should be, without discretion, ministerially set aside upon timely request for such relief, Appellant hereby respectfully motion this honorable Court to reconsider and set aside, or appropriately amend the wrongful dismissal order entered under its rules and internal operating procedure (IOP) on June 22, 2017, while Appellant was [known to be] on active duty performing national military service, and legally protected from such adverse action. Accordingly, Appellant respectfully request the Court set aside or suitably amend, the Clerk's order of dismissal, and

instead enter an order setting an appropriate briefing schedule that is not in conflict with Appellant's military service obligations, nor federal law.

ALTERNATIVELY, Appellant moves this Court for a suitable stay of its final order, action, or mandate in this case, of up to sixty (60) days pending the filing of a petition for writ of certiorari with the Supreme Court of the United States for review of the decision, which obviously is also of significant importance to the proper working of the country's national defense, and of particular importance to every U.S. servicemember who must rely on the SCRA and vital civil protections enacted by Congress.

Respectfully submitted,

Dated: May 19, 2017

Joseph L. Worrell, pro se.

Served via ECF.

# APPENDIX TO MOTION TO SET ASIDE CLERK'S DISMISSAL

## BACKGROUND ON THE SERVICEMEMBERS CIVIL RELIEF ACT (SCRA)

Congress first enacted the Soldiers' and Sailors' Civil Relief Act (SSCRA) — the SCRA's predecessor — in 1918, soon after the United States entered World War I (WWI). See SSCRA, Pub. L. No. 65-103, 40 Stat. 440; Gordon v. Pete's Auto Serv. of Denbigh, Inc., 637 F.3d 454, 457 (4th Cir. 2011). The Act expired after the war but was reenacted with only minor changes in 1940, for WWII. Gordon, 637 F.3d at 458; see also SSCRA of 1940, Pub. L. No. 76-861, 54 Stat. 1178. In 1942, Congress modified many of the existing provisions of the Act and added new protections. See SSCRA Amendments of 1942, Pub. L. No. 77-732, 56 Stat. 769; see also H.R. Rep. No. 81, 108th Cong., 1st Sess. 33-34 (2003). Congress amended the SSCRA numerous times between 1942 and 2003. See H.R. Rep. No. 81, 108th Cong., 1st Sess. 34; Gordon, 637 F.3d at 458.

In 2003, Congress enacted **the SCRA** to "restate, clarify, and revise" the SSCRA, Pub. L. No. 108-189, 117 Stat. 2835, as well as to "strengthen many of its protections," H.R. Rep. No. 81, 108th Cong., 1st Sess. 35. The main SCRA provision at issue in this lawsuit expressly prohibits the "sale, foreclosure, or seizure of property" for a breach of a mortgage obligation that originated prior to the servicemember's military service if the sale, foreclosure, or seizure is "made during, or within one year after, the period of the servicemember's military service," unless the defendant had obtained either a _valid_ court order or legal waiver from the servicemember of his SCRA rights; 50 U.S.C. §§ 3918 & 3953(c). This provision constitutes "a serious prohibition aimed at keeping members of the armed forces free of foreclosures which would be distractions, and unfair while they serve their country." Brewster v. Sun Trust Mortg., Inc., 742 F.3d 876, 878 (9th Cir. 2014).

The protection against foreclosure on property during or shortly after one's active military service was part of the SSCRA's original enactment in 1918 and its reenactment in 1940.[1] The _SSCRA_ provided this protection to sales, foreclosures, or seizures of property "made during the period of military service or within three months thereafter." Pub. L. No. 65-103, 40 Stat. 440, 444 (1918); Pub. L. No. 76861, 54 Stat. 1178, 1183 (1940). When Congress enacted **the SCRA in 2003**, it retained the three-month scope of the foreclosure protection as it existed in the SSCRA.[2] **In June 2008, Congress expanded the scope of this**

---

[1] See SSCRA, Pub. L. No. 65-103, 40 Stat. 440, 444 (1918); SSCRA of 1940, Pub. L. No. 76-861, 54 Stat. 1178, 1183.
[3] See SSCRA, Pub. L. No. 108-189, 117 Stat. 2835, 2847.

*protection to extend nine months after the period of military service, and then expanded it again in 2012 to extend one year after the period of military service[3]; Id.* §3953.

As originally enacted, the SCRA, like the SSCRA, contained no express private right of action. As a result, SCRA cases brought by private plaintiffs frequently gave rise to the question whether the SCRA contained an implied private right of action. While district courts around the country reached different results on that question, neither the Supreme Court nor any federal appellate court had occasion to address it. *See R. Chuck Mason, Cong. Research Serv., R40456, The Servicemembers Civil Relief Act (SCRA): Does It Provide for a Private Cause of Action? (2009).*

In light of this uncertainty, in 2010 Congress, without specifying a statute of limitations for SCRA claims, added an express cause of action to the statute, 50 U.S.C. §4042, ... "to clarify that a person has a private right of action to file a civil action for violations under the SCRA." 156 Cong. Rec. 16,739; see also H.R. Rep. No. 324, 111th Cong., 1st Sess. (2009). It may be reasonably inferred that Congress intended that the SCRA, like the USERRA[4] which serves similar purposes to protect servicemembers, should have no statute of limitations. The Supreme Court has also held that, "[T]he Act [SCRA] must be read with an eye friendly to those whose affairs to answer their country's call." Le Maistre v. Leffers, 333 U.S. 1, 6 (1948) (citing Boone v. Lightner, 319 U.S. 561, 575 (1943)). Restated, the SCRA should generally be read in favor of the servicemembers it is intended to protect.

As such, the SCRA therefore is a strict liability remedial statute designed to prevent lending and enforcement abuses from occurring while military personnel are off on assignment, thus preventing strangers or creditors from asserting rights while the service member is unable to appear or adequately present arguments or facts that contradict false representations like those made by Appellee-defendants to various judges in this case. The Act also must be applied evenly, to protect *all* servicemembers, regardless of Race, National origin, or any other protected characteristics.

---

[3] See Housing and Economic Recovery Act, Pub. L. No. 110-289, 122 Stat. 2654, 2849 (2008 amendment); Honoring America's Veterans and Caring for Camp Lejeune Families Act, Pub. L. No. 112-154, 126 Stat. 1165, 1208 (2012 amendment).
[4] The federal Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. 4301 et seq.

## RELEVANT STATUTORY PROVISIONS

### U.S. Code Pertinent Revisions

Elimination of the appendix to Title 50 of the U.S. Code on Dec. 1, 2015, renumbered the Servicemembers Civil Relief Act and changed how the Act is cited, not its wording.
...

The Servicemember Civil Relief Act of 2003, as amended (the "SCRA"), §3902 (formerly App. §502)(1)...[Intent, Congress enacted the SCRA "to provide for, strengthen, and expedite the national defense through the protection...of servicemembers so as to enable such persons to devote their entire energy to the defense needs of the Nation... ".
...

The SCRA accomplishes this goal by providing for "the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of service members during their military service." Id. at §3902(2).
...

The protections of the SCRA extend to members of the Army, Navy, Air Force, Marine Corps and Coast Guard while on active duty. The SCRA also protects members of the military reserves who are called to active duty. **SCRA Definitions Section;** *Id.* §3911 (formerly App. 511).
\*\*\*

**Extension of rights and protections to reserves ordered to report for military service, and to persons ordered to report for induction.** §3917 (formerly App. §516)
(a)    Reserves ordered to report for military service. A member of a reserve component who is ordered to report for military service is entitled to the rights and protections of this title and titles II and III during the period beginning on the date of the member's receipt of the order and ending on the date on which the member reports for military service (or, if the order is revoked before the member so reports, or the date on which the order is revoked). ...
"Active duty" for armed services is defined in 10 U.S.C. §101(d)(1) as "full-time duty in the active military service of the United States ... [including] full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned."
\*\*\*

**Waiver of rights pursuant to written agreement** §3918 (formerly App. §517)
\*\*\*

§3934 (formerly App. §524). **Stay or vacation of execution of judgments**
(a) Court action upon material affect determination. If a servicemember, in the opinion of the court, is materially affected by reason of military service in complying with a court judgment or order, the court may on its own motion and shall on application by the servicemember —
(1) stay the execution of any judgment or order entered against the servicemember; and
(2) vacate or stay an attachment or garnishment of property, money, or debts in the possession of the servicemember or a third party, whether before or after judgment.
(b) Applicability.  This section applies to an action or proceeding commenced in a court against a servicemember before or during the

3

period of the servicemember's military service or within 90 days after such service terminates.
***
**Statute of limitations** §3936 (formerly App. §526)
(a) Tolling of statutes of limitation during military service: The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.
(b) Redemption of real property: A period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment.
***
**Maximum rate of interest limitations**§3937 (formerly App. §527)
...
(e) **Penalty.** Whoever knowingly violates subsection (a) shall be fined as provided in title 18, United States Code, imprisoned for not more than one year, or both.
***
**Mortgages, trust deeds, sale, or foreclosure** §3953 (formerly App. §533).
...
(d) **Misdemeanor.** A person who knowingly makes or causes to be made a sale, foreclosure, or seizure of property that is prohibited by subsection (c), or who knowingly attempts to do so, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.
***
**SCRA Enforcement and civil liability** §4044 (formerly App. §597)
(b) Relief. In a civil action commenced under subsection (a), the court may –
(1) grant any appropriate equitable or declaratory relief with respect to the violation of this Act;
(2) award all other appropriate relief, including monetary damages, to any person aggrieved by the violation; and
(3) may, to vindicate the public interest, assess a civil penalty –
(A) in an amount not exceeding $55,000 for a first violation; and
(B) in an amount not exceeding $110,000 for any subsequent violation.
...
**Private right of action** (formally Sec. 597a.)
(a) In general. Any person aggrieved by a violation of this Act [50 U.S.C. App. §§501 et seq.] may in a civil action –
(1) obtain any appropriate equitable or declaratory relief with respect to the violation; and
(2) recover all other appropriate relief, including monetary damages.
(b) Costs and attorneys fees. The court may award to a person aggrieved by a violation of this Act who prevails in an action brought under subsection (a) the costs of the action, including a reasonable attorney fee.
**Preservation of remedies** (formally Sec. 597b.)
Nothing in Section 801 or 802 [50 U.S.C. App. §§597 or 597a] shall be construed to preclude or limit any remedy otherwise available under other law, including consequential and punitive damages.

4

# Enclosures

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 22, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  17-11541-FF
Case Style:  Joseph Worrell v. Becker & Poliakoff, P.A., et al
District Court Docket No:  9:16-cv-80870-WJZ

The enclosed copy of the Clerk's Entry of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4. Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), when an appellant fails to timely file or correct a brief or appendix, the appeal shall be treated as dismissed on the first business day following the due date. This appeal was treated as dismissed on 05/31/2017.

Counsel and pro se parties are advised that pursuant to Fed.R.App.P. 25(a)(2)(A), a motion to set aside the dismissal and remedy the default "is not timely unless the clerk receives the papers within the time fixed for filing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Janet K. Mohler, FF/lt
Phone #: (404) 335-6178

Enclosure(s)

DIS-2CIV Letter and Entry of Dismissal

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 17-11541-FF

---

JOSEPH LLEWELLYN WORRELL,

Plaintiff - Appellant,

versus

BECKER & POLIAKOFF, P.A.,
ESQ. ROBIN R. WEINER,
EMIGRANT MORTGAGE COMPANY, INC.,
ALAN J. FISHER, P.A.,
EMIGRANT BANK,

Defendants - Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

---

ENTRY OF DISMISSAL: Pursuant to the 11th Cir.R. 42-2(c), this appeal is hereby
DISMISSED for want of prosecution because the appellant Joseph Llewellyn Worrell has failed
to file an appellant's brief and appendix within the time fixed by the rules, effective June 22,
2017.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

by:  Janet K. Mohler, FF, Deputy Clerk

FOR THE COURT - BY DIRECTION

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 23, 2017

Joseph Llewellyn Worrell
PO BOX 30071
PALM BEACH GARDENS, FL 33420

Appeal Number:  17-11541-FF
Case Style:  Joseph Worrell v. Becker & Poliakoff, P.A., et al
District Court Docket No:  9:16-cv-80870-WJZ

The enclosed notice is returned to you unfiled.  This appeal was dismissed on June 22nd.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Joe Caruso
Phone #: (404) 335-6177

LetterHead Only



CASE No. 17-11541

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JOSEPH LLEWELLYN WORRELL, et al.,

Plaintiff-Appellant

v.

BECKER & POLIAKOFF, P.A, et al.,

Defendants-Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

## <u>NOTICE PURSUANT TO 50 USC 3901 ET.SEQ.(SCRA)</u>

Joseph L. Worrell, pro se.
C/O Post Office Box 30071
West Palm Beach, FL 33420
Telephone: (561) 315-1750
Email: <u>joseph.worrell@navy.mil</u>; joworr@yahoo.com

i

Appellant(s) hereby serve notice pursuant to the Servicemember Civil Relief Act (SCRA); 50 U.S.C. App. §§ 3901-4044. The law provides that no period of active duty service shall be included in computing any time limited by law; *Id* § *3936*. According to the SCRA, members of the Reserve Forces are by law protected from the date they <u>receive</u> military orders to report for Active Duty; SCRA §3917. Section 3934 of the Act further provides for ministerial vacatur of adverse actions taken during protected periods of military service. The SCRA umbrella protections should also be construed liberally with an eye most friendly to those who are obligated to drop their affairs to answer their country's call; <u>Boone v. Lightner</u>, 319 U.S. 561, 575 (1943).

As evidenced by attached Appendix Appellant has received orders to report for active duty, as defined within U.S.C. title 10. It is suggested therefore that federal law operates to impose a suitable stay, such that any time permitted by law is tolled and extended in accordance with the SCRA, and to allow for performance of military obligations. Note that active duty service may be adjusted by order modifications, and or Back to Back orders - based on the needs of the Military.

Normally, the SCRA provides at least for a 90-day postponement in civil proceedings after release from active duty. But in this instance, Appellant hopes to meet initial filing deadlines in this case by July 15, 2017, after release from active duty. Your support for the Military, and your cooperation in this matter is appreciated.

Respectfully submitted,

Dated: May 19, 2017

Joseph L. Worrell

Served via ECF.

ii

**Case No. 17-11541**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

JOSEPH LLEWELLYN WORRELL, et al.,

Plaintiff-Appellant

v.

BECKER & POLIAKOFF, P.A,

# **APPENDIX**

- 05/19/2017 TITLE 10 ACTIVE DUTY MILITARY ORDERS

# ORIGINAL

1572
NROWS/4219499/0
SDN: N8510517RT31046
19 MAY 2017

FROM: COMMANDING OFFICER NOSC MIAMI, FL
TO:   CE2 JOSEPH L WORRELL, USN,



SUBJ: ORDERED TO A      RAINING; CASE OF CE2 JOSEPH L WORRELL, USN,

1.  REPORT FOR ANNUAL TRAINING TO THE COMMANDING OFFICER, NMCB FOURTEEN
JACKSONVILLE, 5301 BAINBRIDGE ST, GULFPORT, MS 39501 NO LATER THAN 0000 ON 19
JUN 2017 FOR DUTY WITH NMCB 14, UIC: 08913.
  PERIOD OF DUTY: 18 JUN 2017 TO 30 JUN 2017 FOR 13 DAYS. YOU ARE A MEMBER OF
RESERVE UIC: 85105. WHILE PERFORMING DUTY UNDER THESE ORDERS, YOU ARE SUBJECT
TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ). FOR ALL IDTT ORDERS IN FOREIGN
COUNTRIES, INACTIVE DUTY TRAINING PERIODS SHALL RUN CONTINUOUSLY FROM TIME OF
ARRIVAL IN COUNTRY UNTIL TIME OF DEPARTURE. AS THEY ARE ON ORDERS IN A DUTY
STATUS, MEMBERS WILL BE SUBJECT TO APPLICABLE STATUS OF FORCES AGREEMENTS
(SOFA) AS WELL AS SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ).

2.  UPON COMPLETION OF SUBJECT DUTY, WITH THE EXCEPTION OF BACK TO BACK
ORDERS, YOU WILL RETURN TO THE ENDING LOCATION BELOW YOUR NAME AND UPON
ARRIVAL YOU WILL STAND RELEASED FROM SUBJECT DUTY (JFTR U7150.A1).   FOR BACK
TO BACK ORDERS, UPON COMPLETION OF THE FINAL SET OF ORDERS, YOU WILL RETURN TO
THE ENDING LOCATION BELOW YOUR NAME AND UPON ARRIVAL, YOU WILL STAND RELEASED
FROM DUTY (JFTR U5120.A AND U4105.F).

3.  APPROPRIATION FOR THE PERIOD OF 18 JUN 2017  30 JUN 2017 (13 DAYS) IS:
PAY and ALLOWANCE:

4.  PE

5.  REN
GULFPOR

6.  QUA                                              NOT AVAILABLE
GULFPOR

, MISS  SIPPI

FOR OFFICIAL USE ONLY

# IN THE ELEVENTH CIRCUIT COURT OF APPEALS
## OF THE UNITED STATES

| | |
|---|---|
| JOSEPH L. WORRELL. et al.,<br>*Appellant,* | District Court Case No.:<br>9:16-cv-80870-WJZ |
| VS. | [ Related Case # 9:16-cv-80837-KAM] |
| Becker & Poliakoff, P.A., et al.,<br>*Appellees.* | **APPELLATE CASE:**<br>**17-11541-FF** |

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### DISCLOSURE STATEMENT AND CIP

Pursuant to Federal Rule of Civil Procedure 7.1 and Rule 26.1-1 of this Court, Appellant, to the best of information and belief, states that:

I.  The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action – including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case is as follows -

1)  Joseph Llewellyn Worrell, And Military Dependents, Appellants.

2)  Steven M. Davis, Esq., Shareholder, and Counsel for Appellee.

3)  Lisa M. Castellano, Shareholder, and Co-counsel for Appellee.

4)     Becker & Poliakoff, P.A., Appellee, is a global legal services law firm.

5)     Alan J. Fisher, PA, Appellee, is a legal services law firm.

6)     Robin R. Weiner, Esq., Appellee, is the standing Chapter 13 Bankruptcy Trustee for Region 13 in the Southern District of Florida.

7)     Steven R. Turner, is the Assistant U.S. Trustee for the Southern District of Florida.

8)     Retained Realty, Inc. Appellee, is a wholly owned subsidiary of Emigrant Mortgage Company, Inc. ("EMC").

9)     EMC, Appellee, is a wholly owned subsidiary of Emigrant Credit Corporation ("ECC").

10)    ECC is a wholly owned subsidiary of Emigrant Bank ("EB").

11)    EB is a wholly owned subsidiary of Emigrant Bancorp, Inc.

12)    Emigrant Bancorp, Inc. is a wholly owned subsidiary of the New York Private Bank & Trust Corporation.

II.     The name of each victim (individual or corporate of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution):

- Joseph Llewellyn Worrell, And Military Dependents, Appellants.

III.    These representations are made to enable judges of the Court to evaluate possible disqualification or recusal.

IV.    I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

Submitted Respectfully by:

Joseph L. Worrell
P O Box 30071
West Palm Beach, FL 33420
Civilian Email (unsecured):
joworr@yahoo.com

Dated: May 18, 2017.

## Certificate of Service:

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via ECF to all parties requiring service.